UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YIHSING TIEN, AKA ANGELA TIEN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC., et al.,<br><br>Defendants. | Case No. 23-cv-02622-JSW<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 16, 14 |

Now before the Court for consideration is the motion to remand filed by Plaintiff Yihsing "Angela" Tien ("Ms. Tien").[1] The Court has considered the parties' papers, relevant legal authority, and the record in this case, and concludes the motion can be resolved without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing and DENIES Ms. Tien's motion.

**BACKGROUND**

Ms. Tien worked for United as a flight attendant from approximately 2013 to January 2022. (Dkt. No. 1-2, Declaration of Delzyra Rosa ("Rosa Decl."), ¶ 2; Dkt. No. 1-3, Declaration of Sean Shabbar ("Shabbar Decl."), Ex. A (Compl., ¶¶ 17-18, Ex. A (DFEH Compl. at 2-3).) Ms. Tien alleges that, on or around October 30, 2018, she severely injured her knees, left elbow, left shoulder, and left wrist when she fell in a hotel on work trip. (Compl. ¶ 20a.) Ms. Tien was

---

[1] Defendants, United Airlines, Inc. ("United") and Talia Espinoza ("Espinoza"), filed motions to dismiss, which are noticed for hearings on the same date. In light of the Court's ruling on the motion to remand, the Court DENIES Ms. Espinoza's motion to dismiss as moot and vacates that hearing as well.

Pending further order of the Court, United's motion to dismiss and the case management conference remain on calendar on September 1, 2023.

placed on medical leave and underwent surgery.

On or about January 25, 2019, Ms. Tien received a letter from United placing her on approved medical leave through January 25, 2023. She alleges that despite that letter, United terminated her without notice on January 25, 2022. (*Id.* ¶¶ 20b, 20c.) Ms. Tien alleges this was done to harass her. (*Id.* ¶ 20d.)

Ms. Tien alleges that Ms. Espinoza called her January 27, 2022 to provide a courtesy notice of her termination. According to Ms. Tien, Ms. Espinoza used a "sarcastic tone" during the call. (*Id.* ¶ 20e.) When Ms. Tien referenced the letter she received regarding the length of her medical leave and asked why she had not been given notice that United was terminating her, Ms. Espinoza advised Ms. Tien that she had not come back and "should have known what her leave entitlement was because [Ms. Tien] could do the math." (*Id.* ¶ 20g.) Ms. Tien also said she "did not have to do the extra work" to correct the letter Ms. Tien received about her leave and "rudely rushed [her] off the phone."

Ms. Tien emailed United's Director of Inflight Base Operations to complain that she had been terminated because of United's mistake and was told United could not do anything about the termination. Ms. Tien's counsel then contacted United and demanded that she be reinstated but United failed to take any remedial actions and did not re-hire Ms. Tien. (*Id.* ¶¶ 20j-m.) Ms. Tien alleges that United and Ms. Espinoza acted on a "severe and/or pervasive basis" to harass her. (*See generally id.* ¶ 20; *see also* DFEH Compl. at 2-3.)

On April 20, 2023, Ms. Tien filed her Complaint in San Mateo Superior Court and asserts two claims against Ms. Espinoza: harassment in violation of California's Fair Housing and Employment Act ("FEHA") and intentional infliction of emotional distress ("IIED"). On May 26, 2023, United filed a Notice of Removal, in which it asserts the Court has diversity jurisdiction and that Ms. Espinoza has been fraudulently joined.

The Court will address additional facts as necessary in the analysis.

//

//

//

**ANALYSIS**

**A.   Applicable Legal Standards.**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 462 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441(a). However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

A defendant may remove any civil action brought in state court to a federal district court of which has original jurisdiction. 28 U.S.C § 1441(a). Removal based on diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and all defendants, and the amount in controversy must exceed $75,000. *Id.* § 1332(a)(1). The "one exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). A fraudulently joined non-diverse defendant will not defeat jurisdiction. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

**B.   United Has Met Its Burden to Show Ms. Espinoza is Fraudulently Joined.**

United argues that Ms. Espinoza is fraudulently joined. "Fraudulent joinder is a term of art." *Id.* A defendant asserting that a non-diverse defendant was fraudulently joined must either show: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). United relies on the latter and must show by clear and convincing

3

evidence that Ms. Espinoza cannot be liable under any theory. *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018). If there is any possibility that state law might impose liability under the alleged cause of action, a court cannot find joinder of the non-diverse defendant is fraudulent. *Hunter*, 582 F.3d at 1044; *see also Ritchey v. Upjohn Drug. Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (plaintiff's failure to state a cause of action must be "obvious according to the settled rules of the state").

Ms. Tien's FEHA harassment claim and her IIED claim are based on the same underlying facts. In order to state a claim for harassment, Ms. Tien must allege that "(1) she is a member of a protected group; (2) she was subjected to harassment because she belonged to this group; and (3) the alleged harassment was so severe that it created a hostile work environment." *Lawler v. Montblanc N.Am., LLC*, 704 F.3d 1235, 1245 (9th Cir. 2013) (citing *Aguilar v. Avis Rent-a-Car Sys., Inc.*, 21 Cal. 4th 121, 130-31 (1999).

In 2019, the Legislature amended FEHA to provide that:

> harassment creates a hostile, offensive, oppressive, or intimidating work environment and deprives victims of their statutory right to work in a place free of discrimination when the harassing conduct sufficiently offends, humiliates, distresses, or intrudes upon its victim, so as to disrupt the victim's emotional tranquility in the workplace, affect the victim's ability to perform the job as usual, or otherwise interfere with and undermine the victim's personal sense of well-being.

Cal. Gov't Code § 12923(a) (effective January 1, 2019). The Legislature also clarified that "[a] single incident of harassing conduct is sufficient to create a triable issue regarding the existence of a hostile work environment *if* the harassing conduct has *unreasonably* interfered with the plaintiff's work performance or created an intimidating, hostile, or offensive working environment." *Id.* § 12923(b) (emphasis added).[2]

In order to state a claim for IIED, Ms. Tien must allege "(1) extreme and outrageous

---

[2] These amendments did not alter the requirement that the harassment be "severe" or "pervasive." *See* Cal. Gov. Code § 12923(b) (stating that *Brooks v. City of San Mateo*, 200 F.3d 917 (9th Cir. 2000) "shall not be used in determining what kind of conduct is sufficiently *severe or pervasive* to constitute a violation of the California Fair Employment and Housing Act)' (emphasis added); Judicial Council of California Civil Jury Instructions, No. 2524 (Severe and Pervasive Explained).

conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050-51 (2009). Courts have emphasized that extreme and outrageous conduct is conduct that "go[es] beyond all possible [bounds] of decency, and [is] regarded as atrocious, and utterly intolerable in a civilized community." *Mintz v. Blue Cross of Cal.*, 172 Cal. App. 4th 1594, 1608 (2009) (quotation omitted).

The Court recognizes that United bears a "heavy burden" to show Ms. Espinoza is fraudulently joined and concludes United has met that burden. Harassment generally encompasses "conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." *Janken v. GM Hughes Elec.*, 46 Cal. App. 4th 55, 80 (1996). In contrast, personnel management decisions generally will not support claims for harassment *or* for intentional infliction of emotional distress or harassment. *Id.* Moreover, even when the Court considers the amendments to FEHA, Ms. Tien fails to allege facts to support her allegation that Ms. Espinoza's conduct was "severe and pervasive." Instead, her allegations are legal conclusions couched as facts.

Ms. Tien alleges a single communication from Ms. Espinoza to her and that conduct is not analogous to the allegations of harassment in *Roby v. McKesson Corp.*, on which she relies. 47 Cal. 4th 686, 709-711 (2009); *see also Croft v. GTT Commc'ns*, No. 21-cv-01083-EMC, 2021 WL 1847816, at *6-*7 (N.D. Cal. May 5, 2021) (finding defendant fraudulently joined and denying motion to remand where plaintiff alleged supervisor called him weak on one occasion and later terminated plaintiff's employment); *Quigley v. United Airlines*, No. 21-cv-00538-WHO, 2021 WL 1176687, at *5-6 (N.D. Cal. Mar. 29, 2021) (finding defendant fraudulently joined when only allegation to support claims for harassment and intentional infliction of emotional distress was that defendant sent plaintiff's termination letter).

The Court concludes Ms. Espinoza is fraudulently joined and dismisses the claims against her, with prejudice. As a result, there is complete diversity between the parties.

**C.   United Has Met Its Burden to Show the Amount in Controversy Exceeds $75,000.**

Ms. Tien also argues that United fails to meet its burden to show the amount in controversy exceeds $75,000. Where, as here, it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, a defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold. The amount in controversy may include damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes. Conclusory allegations as to the amount in controversy are insufficient. In assessing the amount in controversy, [the Court] may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (cleaned up).

Ms. Tien seeks, *inter alia,* general and special damages "within the jurisdictional limits of this Court," medical expenses, loss of earnings, and attorneys' fees. (Compl. at 38-39.) In 2018, Ms. Tien earned about $72,000 in reportable wages, and in 2017, she earned about $80,000 in reportable wages. (Rosa Decl., ¶ 6.) Using an average of her reportable wages for those two years, United calculates that a claim for past earnings would exceed the jurisdictional minimum. (Notice of Removal, ¶ 53; *see also id.* ¶¶ 54-57 (setting forth estimates for other components of the amount in controversy).) In addition, Ms. Tien asked the Court to award over $8,000 in attorneys' fees in connection with the motion to remand, and her counsel attests that his hourly rate is $450.00. In light of counsel's hourly rate, "fees for prosecuting this case to conclusion could easily push the total amount in controversy to $75,000." *Croft*, 2021 WL 1847816, at *9. The Court concludes United has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Accordingly, the Court DENIES the motion to remand.

**IT IS SO ORDERED**.

Dated: August 23, 2023

_____
JEFFREY S. WHITE
United States District Judge