ADAM REISNER, ESQ., (State Bar No. 204351)
TESSA KING, ESQ., (State Bar No. 251408)
IAN G. STERLING, ESQ., (State Bar No. 302941)
**REISNER & KING LLP**
15303Ventura Blvd., Suite 1260
Sherman Oaks, California 91403
Phone:       (818) 981-0901
Fax:   (818) 981-0902

Attorneys for PLAINTIFF **YIHSING TIEN aka ANGELA TIEN**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YIHSING TIEN aka ANGELA TIEN, )<br><br>    Plaintiff,  )<br><br>   vs.  )<br><br>UNITED AIRLINES, INC., a California)<br>Corporation; TALIA ESPINOZA, an  )<br>individual; and DOES 1-100, inclusive, )<br><br>    Defendants.  ) | Case No.: 4:23-CV-02622-JSW<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES:**<br><br>**(1) ACTUAL/PERCEIVED DISABILITY HARASSMENT IN VIOLATION OF CAL. <u>GOV. CODE</u> §§ 12940 ET SEQ. (THE "FEHA");**<br><br>**(2) ACTUAL/PERCEIVED DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA;**<br><br>**(3) ACTUAL/PERCEIVED DISABILITY RETALIATION IN VIOLATION OF THE FEHA;**<br><br>**(4) FAILURE TO ENGAGE IN THE GOOD FAITH INTERACTIVE PROCESS,** |

1

**FIRST AMENDED COMPLAINT FOR DAMAGES**

)   CAL. GOV. CODE § 12940(n);
)
)   (5) FAILURE TO PROVIDE
)       REASONABLE
)       ACCOMMODATIONS, CAL.
)       GOV. CODE § 12940(m);
)
)   (6) VIOLATION OF THE
)       CALIFORNIA FAMILY
)       RIGHTS ACT, CAL. GOV.
)       CODE § 12945.2;
)
)   (7) RETALIATION AND
)       WRONGFUL TERMINATION
)       IN  VIOLATION OF PUBLIC
)       POLICY;
)
)   (8) INTENTIONAL INFLICTION
)       OF EMOTIONAL DISTRESS;
)
)   (9) INJUNCTIVE RELIEF, CAL
)       GOV. §§ 12940 ET. SEQ.
)
)   **JURY TRIAL DEMANDED**
)
)

COMES NOW PLAINTIFF YIHSING TIEN aka ANGELA TIEN (hereinafter referred to as "Plaintiff") and complains against the above-named Defendants and for causes of action against the Defendants, and each of them, as follows:

/ / /

/ / /

2

**FIRST AMENDED COMPLAINT FOR DAMAGES**

## I.

## FIRST CAUSE OF ACTION

### For Actual/Perceived Disability Harassment in Employment

### [California Government Code §§ 12940 et seq.]

### Against All Defendants & DOES 1 Through 100, Inclusive

1.     At all times mentioned herein, Plaintiff was, and now is, an individual residing and/or domiciled in the County of San Mateo, State of California.

2.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Defendant UNITED AIRLINES, INC. (hereinafter referred to as "Defendant United" and collectively with all other Defendants as "Defendants") was, and now is, a valid corporation duly organized and existing under the laws of the State of California, having its principal place of business in the County of San Mateo, State of California.

3.     At all times mentioned herein, Defendant TALIA ESPINOZA (hereinafter referred to as "Defendant Espinoza" and collectively with all other Defendants as "Defendants"), was, and now is, an individual domiciled in the County of San Mateo, State of California, and was a Manager, Supervisor, Managing Agent, and/or Employee of Defendant UNITED AIRLINES, INC.

4.     Plaintiff is ignorant of the true names and capacities, whether corporate, associate, individual, or otherwise, of Defendants sued herein as DOES 1 through 100, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff will seek leave of Court to amend this Complaint to assert the true names and capacities of the fictitiously named Defendants when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each Defendant designated as "DOES" herein is legally responsible for the events, happenings, acts, occurrences, indebtedness, damages and liabilities hereinafter alleged and caused injuries and damages proximately thereby to that Plaintiff, as

**FIRST AMENDED COMPLAINT FOR DAMAGES**

hereinafter alleged.

5.    Plaintiff is informed, believes, and herein alleges that at all times relevant herein, a unity of interest and ownership existed between Defendants UNITED AIRLINES, INC. and DOES 1 through 100, such that individuality and separateness between them had ceased and that they were actually the alter ego of one another, and/or joint employers of Plaintiff.

6.    Plaintiff is informed, believes, and herein also alleges that at all times relevant herein, Defendants UNITED AIRLINES, INC. and DOES 1 through 100, were used merely as shells, instrumentalities, and/or conduits of one another and by which the others were doing business.

7.    Plaintiff is further informed and herein alleges that despite the formation of purported corporate existence, UNITED AIRLINES, INC. and DOES 1 through 100, are in reality, one and the same thing.

8.    Plaintiff is informed and believes, and herein further alleges, that the business affairs of Defendants UNITED AIRLINES, INC. and DOES 1 through 100, are, and at all times relevant hereto, were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion.

9.    Accordingly, Defendants UNITED AIRLINES, INC. and DOES 1 through 100, constitute the alter egos for each other and the fiction of their separate existence must be disregarded.

10.    At all times relevant herein, Plaintiff performed services for each and all of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

11.    Plaintiff is informed and believes and thereon alleges that each of the Defendants named herein has, at all times relevant to this action, been the owner, officer, agent, employee and/or representative of the remaining Defendants and has

4

**FIRST AMENDED COMPLAINT FOR DAMAGES**

acted within the course and scope of such agency and employment, and with the permission and consent of the co-defendants.

12.    Plaintiff is informed and believes and thereon alleges that at all times mentioned herein each and every Defendant and DOES 1 through 100 were/are interrelated and/or are successors in interest.

13.    Plaintiff is informed and believe, and thereon alleges, that Defendants UNITED AIRLINES, INC. and DOES 1-100 use substantially the same facilities and substantially the same workforce to offer substantially the same services.

14.    Plaintiff is informed and believe, and thereon alleges, that Defendants UNITED AIRLINES, INC. and DOES 1-100 have substantially the same owners and/or people managers.

15.    Plaintiffs are informed and believe, and thereon alleges, that Defendants UNITED AIRLINES, INC. and DOES 1-100 employ as a managing agent a person who directly controlled the wages, hours, and working conditions of Plaintiff while they were employed by all other Defendants and DOES 1-100.

16.    Plaintiff is informed, believes, and herein alleges that Defendants UNITED AIRLINES, INC. and DOES 1-100, and each of them, was an "employer" pursuant the FEHA, and CFRA, and therefore a covered entity, as each Defendant employed 5 or more employees at all relevant times.

17.    Plaintiff was hired by Defendants on or about June 6, 2013 as a Flight Attendant. Plaintiff worked as a Flight Attendant for Defendants up until her wrongful termination.

18.    Plaintiff's job site was primarily San Francisco International Airport, located in San Mateo County, CA.

19.    At all times relevant herein, Plaintiff was an actual, perceived, and/or potentially disabled person within the meaning of California Government Code §§ 12926.1(b) et seq., because she was a person with an actual, perceived, potentially

**FIRST AMENDED COMPLAINT FOR DAMAGES**

disabling, and/or potentially disabling in the future physical/mental disability(s) including, but not limited to: right wrist ganglion cyst, left lateral epicondylitis, chronic pain of left knee, left foot, and left elbow, and depression, and affected her neurological and musculoskeletal body systems. Plaintiff's disabilities affected her ability to perform major life activities, such as working, lifting, carrying, pushing, pulling, and manipulating items.

20.    At all times relevant herein, Plaintiff was able to perform the essential functions of her job either with and/or without reasonable accommodations, including but not limited to modified duty, light duty, reassignment to another position, modified work schedule and/or by taking protected medical leave, and/or with other reasonable accommodations. Finite medical leave is a reasonable accommodation. Hanson v. Lucky Stores, Inc., (1999) 74 Cal.App.4th 215. Even an indefinite temporary leave of absence can be required as an accommodation. Criado v. IBM Corp. (1st Cir. 1998) 145 F3d 437.

21.    While employed, and even after the date of Plaintiff's alleged termination, Plaintiff was well qualified for her position of Flight Attendant. This includes but is not limited to Plaintiff actively working as Flight Attendant for over 6 years and competently performing all of the functions of that positions during that time, including ensuring the safety and comfort of passengers, worked independently and as a team member to properly and fully complete all inflight tasks, provided customer service to passengers on flights in English and Mandarin Chinese, handled a wide variety of situation while in continuous contact with the public, responded to a variety of emergency and non-emergency situations, all while having positive performance and receiving formal compliments from passengers. Plaintiff was further qualified as she had previously owned and operated her own small wholesaling business which included developing new accounts and providing customer service, and other previous customer service work in

6

**FIRST AMENDED COMPLAINT FOR DAMAGES**

wholesaling and retail and in the restaurant industry.

22.     On a severe and/or pervasive basis beginning in or around October of 2018 and continuing at least through January 25, 2022, and continuing, Defendants and DOES 1 through 100, and each of them, harassed Plaintiff because of her actual/perceived disabilities, through the following actions, among others:

a)     On or around October 30, 2018, Plaintiff was severely injured when she fell on the premises of a hotel during a work trip. Specifically, Plaintiff injured both of her knees, her left elbow, left shoulder, and right wrist. The injuries caused disabilities to Plaintiff's affected body parts, including but not limited to right wrist ganglion cyst, left lateral epicondylitis, chronic pain of left knee, left foot, and left elbow, and depression, and affected her neurological and musculoskeletal body systems.

b)     Following Plaintiff's injury, Defendants never attempted to determine whether Plaintiff could return to work with accommodations, such as modified duty, light duty, modified work schedule, intermittent leave, and/or reassignment to an open position.

c)     As a result of these disabilities, Plaintiff engaged in legally protected activity by requesting reasonable accommodations. This includes, but is not limited to, requesting medical leave.

d)     On or about January 25, 2019, Plaintiff received a letter from Defendant United's Supervisor of Inflight Services Elizabeth Jacobson placing her on an approved medical leave. The letter stated Plaintiff could remain on medical leave through **January 25, <u>2023</u>**, Plaintiff relied on this representation and remained off work on medical leave.

e)     Defendant United was equitably estopped and legally prohibited from terminating Plaintiff's employment through at least January 25, 2023 as Defendant United, in its January 25, 2019 letter to Plaintiff, had represented

**FIRST AMENDED COMPLAINT FOR DAMAGES**

to Plaintiff that it had approved her medical leave through January 25, 2023. At no point before Plaintiff was wrongfully terminated in January 2022 did Defendants inform Plaintiff that her medical leave until January 25, 2023 was rescinded or otherwise not granted and Plaintiff relied on Defendant United's representation of her leave being approved through January 25, 2023 to her detriment. See Robinson v. Fair Emp. & Hous. Com., 2 Cal. 4th 226, 244–45 (1992). This includes because Defendants specifically informed Plaintiff that she was being terminated in January 2022 because Plaintiff was out on medical leave, which is direct evidence of disability discrimination and is retaliation for requesting and taking protected medical leave.

f)    On or around January 25, 2022, without notice to Plaintiff and without Plaintiff's knowledge, to harass Plaintiff, Defendant United informed Plaintiff that it had terminated Plaintiff's employment. Plaintiff is unaware of the exact timing of her termination.

g)    On a severe and/or pervasive basis, Defendant Espinoza, to harass Plaintiff, called Plaintiff and advised Plaintiff in a sarcastic tone that she was providing a courtesy notification of Plaintiff's termination, allegedly effective two days prior.

h)    Plaintiff complained and asked Defendant Espinoza why she had not been informed prior to the termination, given that she had been explicitly advised in writing by Defendant United that her medical leave of absence extended to January 25, 2023.

i)    On a severe and/or pervasive basis, Defendant Espinoza, to harass Plaintiff, admonished Plaintiff by saying "you [Plaintiff] did not come back". Defendant Espinoza also claimed, in a dismissive tone, that Plaintiff should have known what her leave entitlement was because "[Plaintiff] could do the math," even though Defendant United told Plaintiff she was on

8

**FIRST AMENDED COMPLAINT FOR DAMAGES**

an approved medical leave of absence until January 25, 2023.

j)  On a severe and/or pervasive basis, and as a biased personnel action, Defendant Espinoza dismissively told Plaintiff that she did not have to address Defendant's specific representation to Plaintiff that she was granted medical leave until January 25, 2023 as stated in Defendants' January 25, 2019 letter to Plaintiff because Defendant Espinoza "did not have to do the extra work". Defendant Espinoza rudely rushed Plaintiff off the phone. Had Plaintiff been informed that her medical leave had not been approved until January 25, 2023, Plaintiff would have engaged in efforts to return to work and would have returned to work and/or had the ability to make other choices so that she would not have been terminated.

k)  Yet prior to Plaintiff's termination in January 2022, Defendants failed to reach out to Plaintiff to discuss Plaintiff's disabilities or her need for accommodations. Defendants failed to inform Plaintiff that she would be fired in January 2022 and instead represented, to Plaintiff's detriment, that Plaintiff's job was secure and her medical leave of absence was granted until January 25, 2023, which Plaintiff relied on to her determent by being fired as a result.

l)  On or around February 7, 2022, Plaintiff emailed Defendant United's Director of Inflight Base Operations, Nancy Byun-Ridel, to complain that United had "terminated [her] by surprise" as a result of an alleged mistake Defendant United made in their official communication to Plaintiff regarding her leave entitlement. Plaintiff also explained that she was not notified of the termination until two days later, and that "no one [at United] even asked if [Plaintiff] was medically able to return to work or gave [her] an [opportunity] to come back [to work]."

m)  Demonstrating the egregious actions of Defendant United, although

9

**FIRST AMENDED COMPLAINT FOR DAMAGES**

knowing that it was their own written representations that provided Plaintiff with protected medical leave until January 25, 2023, Defendant United instead terminated her in January 2022.

n)      On or around February 8, 2022, to harass Plaintiff, Ms. Byun-Ridel responded she could not do anything about Plaintiff's termination. This was a fabrication as Defendant United had a duty to re-hire and/or reinstate Plaintiff due to its representations to Plaintiff regarding how long she could be out on medical leave for.

o)      Moreover, upon finding out that Defendant United and DOES 1-100 had broken its agreement to provide Plaintiff with protected medical leave until January 25, 2023 and had instead fired her a year earlier, Plaintiff requested from her doctor to be released back to work, and obtained a release back to work in February 2022. There was no undue burden for Defendants in allowing Plaintiff to return to work in February 2022, yet Defendants outrageously denied Plaintiff any reinstatement without any legal justification.

p)      On or about January 4, 2023, Plaintiff's attorney sent a letter to Defendant United conveying Plaintiff's complaints concerning the aforementioned unlawful conduct by Defendants and demanding that Plaintiff be returned to work with her previous benefits and seniority. Defendant United failed to investigate Plaintiff's complaints, failed to take remedial actions, and failed to rehire Plaintiff.

q)      Plaintiff was harassed by Defendants, including Defendant Espinoza, and each of them, by denying Plaintiff opportunities, unfairly disciplining Plaintiff, overly monitoring and scrutinizing Plaintiff, terminating Plaintiff's employment, refusing Plaintiff reinstatement/rehire and refusing to return Plaintiff back to work, because of, *inter alia*, Plaintiff's actual/perceived

10

**FIRST AMENDED COMPLAINT FOR DAMAGES**

disabilities, and/or need for accommodations, and/or requesting and taking protected medical leave.

2. The aforementioned acts and conduct of Defendants and DOES 1 through 100, and each of them, were in violation of California Government Code §§ 12940 et seq. Said statutes impose certain duties upon Defendants, and each of them, concerning harassment against persons, such as Plaintiff, on the basis of actual/perceived disability, and the prohibition of harassment because of actual/perceived disability. Said statutes were intended to prevent the type of injury and damage herein set forth. Plaintiff was, at all times material hereto, an actual/perceived disabled employee and within a protected class covered by California Government Code § 12940, prohibiting disability harassment in employment.

3. By the acts and conduct described above, Defendants and DOES 1 through 100, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the actual/perceived disability-based harassment. The acts of harassment described herein were sufficiently severe and/or pervasive so as to alter the conditions of employment, and created an abusive working environment. When Plaintiff was harassed, Plaintiff's actual/perceived disability and/or complaints about the unlawful disability-based harassment were motivating reasons and/or factors in Defendants' conduct. Defendants' actions and/or policies and procedures had a disparate impact on disabled employees such as Plaintiff.

4. As a result, Plaintiff filed timely charges and complaints of actual/perceived disability harassment, discrimination, and retaliation with the California Department of Fair Employment and Housing and has received Notice(s) of Right to Sue in a California Superior Court pursuant to California Government Code § 12965(b). Plaintiff has therefore exhausted Plaintiff's administrative remedies

**FIRST AMENDED COMPLAINT FOR DAMAGES**

under the California <u>Government Code</u>. Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof. Attached hereto and incorporated herein as Exhibit "B" are said Right to Sue Notices and by reference hereto are made a part hereof.

5.     As a direct and legal result of the acts and omissions of Defendants, and each of them, Plaintiff was rendered sick, sore, lame, disabled and/or disordered, both internally and externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and/or anxiety.

6.     As a further legal result of the acts and omissions of Defendants, and each of them, Plaintiff may have been forced to incur expenses for medical care, X-rays, and/or laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that he will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

7.     Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since Defendants' intentional wrongful acts, Plaintiff may have been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff may be unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

8.     As a further direct and legal result of the acts and conduct of Defendants, Plaintiff may have been caused, and may suffer, and may continue to suffer severe and/or permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and/or anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of

12

**FIRST AMENDED COMPLAINT FOR DAMAGES**

court to assert the same when they are ascertained.

9.    The aforementioned acts of Defendants and each of them, were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages against Defendants in an amount to be determined at the time of trial pursuant to Cal. Civil Code § 3294(a) and (b).

10.    By the aforesaid acts and conduct of Defendants and DOES 1 through 100, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys' fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

11.    As a result of the harassing acts of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

12.    The FEHA also provides remedies, including but not limited to, declaratory and injunctive relief. As such, Plaintiff is entitled to both declaratory and injunctive relief as a result of Defendants' unlawful conduct.

## II.

## <u>SECOND CAUSE OF ACTION</u>

**For Actual/Perceived Disability Discrimination in Employment**

**[California <u>Government Code</u> §§ 12940 et seq.]**

**Against Defendants UNITED AIRLINES, INC. & DOES 1 Through 100, Only**

13.    Plaintiff incorporates herein by reference each and every paragraph in this Complaint as though duly set forth in full herein.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

14.    At all times relevant herein, Plaintiff was an actual, perceived, and/or potentially disabled person within the meaning of California Government Code §§ 12926.1(b) et seq., because she was a person with an actual, perceived, potentially disabling, and/or potentially disabling in the future physical/mental disability(s) including, but not limited to: right wrist ganglion cyst, left lateral epicondylitis, chronic pain of left knee, left foot, and left elbow, and depression, and affected her neurological and musculoskeletal body systems.

15.    Beginning in or around October of 2018 and continuing at least through January 25, 2022, and continuing, Defendants and DOES 1 through 100, and each of them, discriminated against Plaintiff because of her actual/perceived disability, through the following actions, among others:

a)    On or around October 30, 2018, Plaintiff was severely injured when she fell on the premises of a hotel during a work trip. Specifically, Plaintiff injured both of her knees, her left elbow, left shoulder, and right wrist. The injuries caused disabilities to Plaintiff's affected body parts, including but not limited to right wrist ganglion cyst, left lateral epicondylitis, chronic pain of left knee, left foot, and left elbow, and depression, and affected her neurological and musculoskeletal body systems.

b)    Following Plaintiff's injury, Defendants never attempted to determine whether Plaintiff could return to work with accommodations, such as modified duty, light duty, modified work schedule, intermittent leave, and/or reassignment to an open position.

c)    As a result of these disabilities, Plaintiff engaged in legally protected activity by requesting reasonable accommodations. This includes, but is not limited to, requesting medical leave.

d)    On or about January 25, 2019, Plaintiff received a letter from Defendant United's Supervisor of Inflight Services Elizabeth Jacobson

14

**FIRST AMENDED COMPLAINT FOR DAMAGES**

placing her on an approved medical leave. The letter stated Plaintiff could remain on medical leave through **January 25, 2023**, Plaintiff relied on this representation and remained off work on medical leave.

e)      Defendant United was equitably estopped and legally prohibited from terminating Plaintiff's employment through at least January 25, 2023 as Defendant United, in its January 25, 2019 letter to Plaintiff, had represented to Plaintiff that it had approved her medical leave through January 25, 2023. At no point before Plaintiff was wrongfully terminated in January 2022 did Defendants inform Plaintiff that her medical leave until January 25, 2023 was rescinded or otherwise not granted and Plaintiff relied on Defendant United's representation of her leave being approved through January 25, 2023 to her detriment. See Robinson v. Fair Emp. & Hous. Com., 2 Cal. 4th 226, 244–45 (1992). This includes because Defendants specifically informed Plaintiff that she was being terminated in January 2022 because Plaintiff was out on medical leave, which is direct evidence of disability discrimination and is retaliation for requesting and taking protected medical leave.

f)      On or around January 25, 2022, without notice to Plaintiff and without Plaintiff's knowledge, to discriminate against Plaintiff because of Plaintiff's disabilities, including her requests for medical leave and need for reasonable accommodations, Defendant United informed Plaintiff that it had terminated Plaintiff's employment. Plaintiff is unaware of the exact timing of her termination.

g)      Defendant Espinoza, to discriminate against Plaintiff, called Plaintiff and advised Plaintiff in a sarcastic tone that she was providing a courtesy notification of Plaintiff's termination, allegedly effective two days prior.

h)      Plaintiff complained and asked Defendant Espinoza why she had not been informed prior to the termination, given that she had been explicitly

**FIRST AMENDED COMPLAINT FOR DAMAGES**

advised in writing by Defendant United that her medical leave of absence extended to January 25, 2023.

i)      Defendant Espinoza, again to discriminate against Plaintiff, admonished Plaintiff by saying "you [Plaintiff] did not come back". Defendant Espinoza also claimed, in a dismissive tone, that Plaintiff should have known what her leave entitlement was because "[Plaintiff] could do the math," even though Defendant United told Plaintiff she was on an approved medical leave of absence until January 25, 2023.

j)      To discriminate against Plaintiff, Defendant Espinoza also dismissively told Plaintiff that she did not have to address Defendant's specific representation to Plaintiff that she was granted medical leave until January 25, 2023 as stated in Defendants' January 25, 2019 letter to Plaintiff because Defendant Espinoza "did not have to do the extra work". Defendant Espinoza rudely rushed Plaintiff off the phone. Had Plaintiff been informed that her medical leave had not been approved until January 25, 2023, Plaintiff would have engaged in efforts to return to work and would have returned to work and/or had the ability to make other choices so that she would not have been terminated.

k)      Yet prior to Plaintiff's termination in January 2022, Defendants failed to reach out to Plaintiff to discuss Plaintiff's disabilities or her need for accommodations. Defendants failed to inform Plaintiff that she would be fired in January 2022 and instead represented, to Plaintiff's detriment, that Plaintiff's job was secure and her medical leave of absence was granted until January 25, 2023, which Plaintiff relied on to her determent by being fired as a result.

l)      On or around February 7, 2022, Plaintiff emailed Defendant United's Director of Inflight Base Operations, Nancy Byun-Ridel, stating that United

16

**FIRST AMENDED COMPLAINT FOR DAMAGES**

had "terminated [her] by surprise" as a result of an alleged mistake Defendant United made in their official communication to Plaintiff regarding her leave entitlement. Plaintiff also explained that she was not notified of the termination until two days later, and that "no one [at United] even asked if [Plaintiff] was medically able to return to work or gave [her] an [opportunity] to come back [to work]."

m)    Demonstrating the egregious actions of Defendant United, although knowing that it was their own written representations that provided Plaintiff with protected medical leave until January 25, 2023, Defendant United instead terminated her in January 2022.

n)    On or around February 8, 2022, to discriminate against Plaintiff, Ms. Byun-Ridel responded she could not do anything about Plaintiff's termination. This was a fabrication as Defendant United had a duty to re-hire and/or reinstate Plaintiff due to its representations to Plaintiff regarding how long she could be out on medical leave for.

o)    Moreover, upon finding out that Defendant United and DOES 1-100 had broken its agreement to provide Plaintiff with protected medical leave until January 25, 2023 and had instead fired her a year earlier, Plaintiff requested from her doctor to be released back to work, and obtained a release back to work in February 2022. There was no undue burden for Defendants in allowing Plaintiff to return to work in February 2022, yet Defendants outrageously denied Plaintiff any reinstatement without any legal justification.

p)    On or about January 4, 2023, Plaintiff's attorney sent a letter to Defendant United conveying Plaintiff's complaints concerning the aforementioned unlawful conduct by Defendants and demanding that Plaintiff be returned to work with her previous benefits and seniority.

17

**FIRST AMENDED COMPLAINT FOR DAMAGES**

Defendant United discriminated against Plaintiff as it failed to investigate Plaintiff's complaints, failed to take remedial actions, and failed to rehire Plaintiff.

q)     Plaintiff was treated differently, disparately, and negatively because of her actual and/or perceived disabilities and/or potential disabilities and/or need for accommodations, and/or request and taking protected medical l eave and as a result Defendants discriminated against Plaintiff by, *inter alia*, denying Plaintiff opportunities, unfairly discipling Plaintiff, overly monitoring and scrutinizing Plaintiff, terminating Plaintiff's employment, and refusing to return Plaintiff back to work / rehire Plaintiff.

16.    The above acts and conduct of Defendants and DOES 1 through 100, and each of them, were in violation of California Government Code §§ 12940 et seq. Said statutes impose certain duties upon Defendants, and each of them, concerning discrimination against persons, such as Plaintiff, on the basis of actual/perceived disability and the prohibition actual/perceived disability-based discrimination. Said statutes were intended to prevent the type of injury and damage herein set forth. Plaintiff was, at all times material hereto, an actual/perceived disabled employee and within a protected class covered by California Government Code § 12940, prohibiting disability-based discrimination in employment.

17.    By the acts and conduct described above, Defendant United and DOES 1 through 100, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the actual/perceived disability discrimination. When Plaintiff was discriminated against, Plaintiff's actual/perceived disability and/or complaints about the unlawful disability-based discrimination were motivating reasons and/or factors in Defendants' conduct. Defendants' actions and/or policies and procedures had a disparate impact on disabled employees such as Plaintiff.

18

**FIRST AMENDED COMPLAINT FOR DAMAGES**

18.     As a result, Plaintiff filed timely charges and complaints of actual/perceived disability discrimination with the California Department of Fair Employment and Housing and has received Notice(s) of Right to Sue in a California Superior Court pursuant to California Government Code § 12965(b). Plaintiff has therefore exhausted Plaintiff's administrative remedies under the California Government Code. Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof. Attached hereto and incorporated herein as Exhibit "B" are said Right to Sue Notices and by reference hereto are made a part hereof.

19.     As a direct and legal result of the acts and omissions of Defendant United and DOES 1 through 100, and each of them, Plaintiff was rendered sick, sore, lame, disabled and/or disordered, both internally and externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and/or anxiety.

20.     As a further legal result of the acts and omissions of Defendant United and DOES 1 through 100, and each of them, Plaintiff may have been forced to incur expenses for medical care, X-rays, and/or laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that she may in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

21.     Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since Defendants' intentional wrongful acts, Plaintiff may have been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff may be unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the

19

**FIRST AMENDED COMPLAINT FOR DAMAGES**

total amount of loss of earnings at the time of trial.

22.    As a further direct and legal result of the acts and conduct of Defendants UNITED AIRLINES, INC. and DOES 1 through 100, as aforesaid, Plaintiff may have been caused, and may suffer, and may continue to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and/or anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

23.    The aforementioned acts of Defendant United and DOES 1 through 100, and each of them, were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages against Defendant United and DOES 1 through 100, in an amount to be determined at the time of trial pursuant to Cal. Civil Code § 3294(a) and (b).

24.    By the aforesaid acts and conduct of Defendant United and DOES 1 through 100, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys' fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

25.    As a result of the discriminatory acts of Defendant United and DOES 1 through 100, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

26.    The FEHA also provides remedies, including but not limited to, declaratory and injunctive relief. As such, Plaintiff is entitled to both declaratory and

20

**FIRST AMENDED COMPLAINT FOR DAMAGES**

injunctive relief as a result of Defendants' unlawful conduct.

## III.

## THIRD CAUSE OF ACTION

### For Actual/Perceived Disability Retaliation in Employment

### [California Government Code §§ 12940 et seq.]

**Against Defendants UNITED AIRLINES, INC. & DOES 1 Through 100, Only**

27. Plaintiff incorporates herein by reference each and every paragraph in this Complaint as though duly set forth in full herein.

28. Plaintiff engaged in protected activity by complaining about and protesting against the actual/perceived disability harassment and discrimination, and/or harassment and discrimination for requesting disability accommodations, to which she was subjected.

29. For example, Plaintiff complained to Defendants, including United managers and/or supervisors, including but not limited to Defendant Espinoza and Nancy Byun-Ridel about the actual/perceived disability harassment and discrimination, and/or harassment and discrimination for requesting disability accommodations, to which she was subjected.

30. Plaintiff specifically engaged in protected activity when she requested accommodations in beginning after Plaintiff sustained injuries in 2018 and continuing through 2019 and onward, including in requesting accommodations of protected medical leave.

31. However, Defendants and DOES 1 through 100, and each of them, retaliated against Plaintiff because of, at least in part, her complaints of actual/perceived disability harassment and discrimination, for requesting accommodations, and for requesting and taking medical leave by subjecting Plaintiff to adverse employment actions, including but not limited to:

   a) On or around October 30, 2018, Plaintiff was severely injured when

21

**FIRST AMENDED COMPLAINT FOR DAMAGES**

she fell on the premises of a hotel during a work trip. Specifically, Plaintiff injured both of her knees, her left elbow, left shoulder, and right wrist. The injuries caused disabilities to Plaintiff's affected body parts, including but not limited to right wrist ganglion cyst, left lateral epicondylitis, chronic pain of left knee, left foot, and left elbow, and depression, and affected her neurological and musculoskeletal body systems.

b)    Following Plaintiff's injury, Defendants never attempted to determine whether Plaintiff could return to work with accommodations, such as modified duty, light duty, modified work schedule, intermittent leave, and/or reassignment to an open position.

c)    As a result of these disabilities, Plaintiff engaged in legally protected activity by requesting reasonable accommodations. This includes, but is not limited to, requesting and taking medical leave.

d)    On or about January 25, 2019, Plaintiff received a letter from Defendant United's Supervisor of Inflight Services Elizabeth Jacobson placing her on an approved medical leave. The letter stated Plaintiff could remain on medical leave through **January 25, 2023**, Plaintiff relied on this representation and remained off work on medical leave.

e)    Defendant United was equitably estopped and legally prohibited from terminating Plaintiff's employment through at least January 25, 2023 as Defendant United, in its January 25, 2019 letter to Plaintiff, had represented to Plaintiff that it had approved her medical leave through January 25, 2023. At no point before Plaintiff was wrongfully terminated in January 2022 did Defendants inform Plaintiff that her medical leave until January 25, 2023 was rescinded or otherwise not granted and Plaintiff relied on Defendant United's representation of her leave being approved through January 25, 2023 to her detriment. See Robinson v. Fair Emp. & Hous. Com., 2 Cal. 4th

**FIRST AMENDED COMPLAINT FOR DAMAGES**

226, 244–45 (1992). This includes because Defendants specifically informed Plaintiff that she was being terminated in January 2022 <u>because Plaintiff was out on medical leave, which is direct evidence of disability discrimination and is retaliation for requesting and taking protected medical leave.</u>

f)      On or around January 25, 2022, without notice to Plaintiff and without Plaintiff's knowledge, to retaliate against Plaintiff for requesting and taking protected medical leave and complaining about and opposing Defendants' unlawful disability discrimination and harassment, Defendant United informed Plaintiff that it had terminated Plaintiff's employment. Plaintiff is unaware of the exact timing of her termination.

g)      Defendant Espinoza, to retaliate against Plaintiff, called Plaintiff and advised Plaintiff in a sarcastic tone that she was providing a courtesy notification of Plaintiff's termination, allegedly effective two days prior.

h)      Plaintiff complained and asked Defendant Espinoza why she had not been informed prior to the termination, given that she had been explicitly advised in writing by Defendant United that her medical leave of absence extended to January 25, 2023.

i)      Defendant Espinoza, to retaliate against Plaintiff, admonished Plaintiff by saying "you [Plaintiff] did not come back". Defendant Espinoza also claimed, in a dismissive tone, that Plaintiff should have known what her leave entitlement was because "[Plaintiff] could do the math," even though Defendant United told Plaintiff she was on an approved medical leave of absence until January 25, 2023.

j)      To retaliate against Plaintiff, Defendant Espinoza dismissively told Plaintiff that she did not have to address Defendant's specific representation to Plaintiff that she was granted medical leave until January 25, 2023 as stated in Defendants' January 25, 2019 letter to Plaintiff because Defendant

**FIRST AMENDED COMPLAINT FOR DAMAGES**

Espinoza "did not have to do the extra work". Defendant Espinoza rudely rushed Plaintiff off the phone. Had Plaintiff been informed that her medical leave had not been approved until January 25, 2023, Plaintiff would have engaged in efforts to return to work and would have returned to work and/or had the ability to make other choices so that she would not have been terminated.

k)     Yet prior to Plaintiff's termination in January 2022, Defendants failed to reach out to Plaintiff to discuss Plaintiff's disabilities or her need for accommodations. Defendants failed to inform Plaintiff that she would be fired in January 2022 and instead represented, to Plaintiff's detriment, that Plaintiff's job was secure and her medical leave of absence was granted until January 25, 2023, which Plaintiff relied on to her determent by being fired as a result.

l)     On or around February 7, 2022, Plaintiff emailed Defendant United's Director of Inflight Base Operations, Nancy Byun-Ridel, to complain that United had "terminated [her] by surprise" as a result of an alleged mistake Defendant United made in their official communication to Plaintiff regarding her leave entitlement. Plaintiff also explained that she was not notified of the termination until two days later, and that "no one [at United] even asked if [Plaintiff] was medically able to return to work or gave [her] an [opportunity] to come back [to work]."

m)     Demonstrating the egregious actions of Defendant United, although knowing that it was their own written representations that provided Plaintiff with protected medical leave until January 25, 2023, Defendant United instead terminated her in January 2022.

n)     On or around February 8, 2022, to retaliate against Plaintiff, Ms. Byun-Ridel responded she could not do anything about Plaintiff's

**FIRST AMENDED COMPLAINT FOR DAMAGES**

termination. This was a fabrication as Defendant United had a duty to re-hire and/or reinstate Plaintiff due to its representations to Plaintiff regarding how long she could be out on medical leave for.

o)    Moreover, upon finding out that Defendant United and DOES 1-100 had broken its agreement to provide Plaintiff with protected medical leave until January 25, 2023 and had instead fired her a year earlier, Plaintiff requested from her doctor to be released back to work, and obtained a release back to work in February 2022. There was no undue burden for Defendants in allowing Plaintiff to return to work in February 2022, yet Defendants outrageously denied Plaintiff any reinstatement without any legal justification.

p)    On or about January 4, 2023, Plaintiff's attorney sent a letter to Defendant United conveying Plaintiff's complaints concerning the aforementioned unlawful conduct by Defendants and demanding that Plaintiff be returned to work with her previous benefits and seniority. Defendant United retaliated against Plaintiff as it failed to investigate Plaintiff's complaints, failed to take remedial actions, and failed to rehire Plaintiff.

q)    Plaintiff was treated differently, disparately, and negatively because of her complaints regarding the harassment and discrimination predicated on her actual/perceived disabilities, her complaints regarding needing accommodations, and for requesting and taking protected medical leave and as a result Defendants retaliated against Plaintiff by denying Plaintiff opportunities, unfairly disciplining Plaintiff, overly monitoring and scrutinizing Plaintiff, terminating Plaintiff's employment, and refusing to return Plaintiff back to work.

32.    The acts and conduct of Defendant United and DOES 1 through 100, and

25

**FIRST AMENDED COMPLAINT FOR DAMAGES**

each of them, as aforesaid, were in violation of California Government Code §§ 12940 et seq. Said statutes impose certain duties upon Defendants, and each of them, concerning retaliation against persons, such as Plaintiff, on the basis of resisting or complaining about actual/perceived disability-based harassment and discrimination. Said statutes were intended to prevent the type of injury and damage herein set forth. Plaintiff was, at all times material hereto, an actual/perceived disabled employee (and one who complained) and within a protected class covered by Cal. Government Code § 12940, prohibiting disability-based retaliation in employment.

33. By the acts and conduct described above, Defendant United and DOES 1 through 100, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the actual/perceived disability-based retaliation. The acts of harassment, discrimination, and retaliation described herein were sufficiently severe and/or pervasive so as to alter the conditions of employment, and created an abusive working environment. When Plaintiff was retaliated against, Plaintiff's actual/perceived disability and/or complaints about the unlawful disability-based harassment and discrimination were motivating reasons and/or factors in Defendants' conduct. Defendants' actions and/or policies and procedures had a disparate impact on disabled employees such as Plaintiff.

34. As a result, Plaintiff filed timely charges and complaints of disability harassment, discrimination, and retaliation with the California Department of Fair Employment and Housing and has received Notice(s) of Right to Sue in a California Superior Court pursuant to California Government Code § 12965(b). Plaintiff has therefore exhausted Plaintiff's administrative remedies under the California Government Code. Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof. Attached

26

**FIRST AMENDED COMPLAINT FOR DAMAGES**

hereto and incorporated herein as Exhibit "B" are said Right to Sue Notices and by reference hereto are made a part hereof.

35. As a direct and legal result of the acts and omissions of Defendants UNITED AIRLINES, INC. and DOES 1 through 100, and each of them, Plaintiff was rendered sick, sore, lame, disabled and/or disordered, both internally and externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and/or anxiety.

36. As a further legal result of the acts and omissions of Defendants UNITED AIRLINES, INC. and DOES 1 through 100, and each of them, Plaintiff may have been forced to incur expenses for medical care, X-rays, and/or laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that she may in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

37. Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said Defendants' intentional wrongful facts, Plaintiff may have been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff may be unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

38. As a further direct and legal result of the above-described acts and conduct of Defendants UNITED AIRLINES, INC. and DOES 1 through 100, Plaintiff may have been caused, and may suffer, and may continue to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and/or anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the

27

**FIRST AMENDED COMPLAINT FOR DAMAGES**

same when they are ascertained.

39. The aforementioned acts of Defendants UNITED AIRLINES, INC. and DOES 1 through 100, and each of them, were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages against Defendants UNITED AIRLINES, INC. and DOES 1 through 100 in an amount to be determined at the time of trial pursuant to Cal. Civil Code § 3294(a) and (b).

40. By the aforesaid acts and conduct of Defendant UNITED AIRLINES, INC. and DOES 1 through 100, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys' fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

41. As a result of the retaliatory acts of Defendants UNITED AIRLINES, INC. and DOES 1 through 100, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

42. FEHA also provides remedies, including but not limited to, declaratory and injunctive relief. As such, Plaintiff is entitled to both declaratory and injunctive relief as a result of Defendants' unlawful conduct.

## IV.

## FOURTH CAUSE OF ACTION

**Failure to Engage in the Good-Faith Interactive Process**

**[California Government Code § 12940(n)]**

**Against Defendants UNITED AIRLINES, INC. & DOES 1 Through 100, Only**

**FIRST AMENDED COMPLAINT FOR DAMAGES**

43.    Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this Complaint as though duly set forth in full herein.

44.    At all times relevant herein, despite having notice of Plaintiff's disabilities, as alleged above, Defendants UNITED AIRLINES, INC. and DOES 1-100 knowingly failed and/or refused to engage in a good-faith interactive process with Plaintiff to determine whether it would be possible to implement reasonable accommodations as required by Cal. Gov. Code § 12940(n).

45.    California Gov. Code § 12940(n) generally provides that it is an unlawful employment practice for an employer or other entity covered by the FEHA to fail to engage in a timely, good-faith, interactive process with the employee to determine effective reasonable accommodations, if any, for an employee with a known physical or mental disabilities or known medical condition.

46.    At all times relevant herein, Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodations could be made.

47.    At all times relevant herein, Plaintiff had disabilities, which were known to Defendants UNITED AIRLINES, INC. and DOES 1-100. Pursuant to Cal. Code of Regulations § 11069(b)(2), an employer or other covered entity shall initiate an interactive process when the employer or other covered entity otherwise becomes aware of the need for an accommodation through a third party or by observation.

48.    At all times relevant herein, Defendants UNITED AIRLINES, INC. and DOES 1-100 were aware and/or had notice of Plaintiff's disabilities (including but not limited to right wrist ganglion cyst, left lateral epicondylitis, chronic pain of left knee, left foot, and left elbow, and depression, and affected her neurological and musculoskeletal body systems) and/or need for accommodations pursuant to CCR § 11069(b)(2). Defendants UNITED AIRLINES, INC. and DOES 1-100 failed to engage in the good faith interactive process.

29

**FIRST AMENDED COMPLAINT FOR DAMAGES**

a) On or around October 30, 2018, Plaintiff was severely injured when she fell on the premises of a hotel during a work trip. Specifically, Plaintiff injured both of her knees, her left elbow, left shoulder, and right wrist. The injuries caused disabilities to Plaintiff's affected body parts, including but not limited to right wrist ganglion cyst, left lateral epicondylitis, chronic pain of left knee, left foot, and left elbow, and depression, and affected her neurological and musculoskeletal body systems.

b) Following Plaintiff's injury, Defendants never attempted to determine whether Plaintiff could return to work with accommodations, such as modified duty, light duty, modified work schedule, intermittent leave, and/or reassignment to an open position, either before or after she was placed on an approved medical leave.

c) Prior to wrongfully terminating Plaintiff in January 2022, Defendant United never contacted Plaintiff to determine whether she could return to work with accommodations, such as modified duty, light duty, modified work schedule, intermittent leave, and/or reassignment to an open position.

49. At all times relevant herein, Defendants UNITED AIRLINES, INC. and DOES 1-100 could have accommodated Plaintiff, including but not limited to by placing Plaintiff on light duty, and/or giving Plaintiff an alternative position and/or alternative tasks that would not have violated Plaintiff's disability-related work restriction, and/or provided Plaintiff with additional medical leave. However, Defendants UNITED AIRLINES, INC. and DOES 1-100 never took any action to attempt to accommodate Plaintiff..

50. Demonstrating that Plaintiff could perform the essential functions of her position, Plaintiff was medically released to return to work in February 2022.

51. Prior to the initiation of this lawsuit, Plaintiff filed a timely complaint against each named Defendant with the DFEH pursuant to Cal. Government Code

30

**FIRST AMENDED COMPLAINT FOR DAMAGES**

§ 12900 et seq. and received Right-to-Sue notices in a California Superior Court pursuant to California Government Code § 12965(b). Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof. Attached hereto and incorporated herein as Exhibit "B" are said Right-to-Sue notices and by reference hereto are made a part hereof. Plaintiff has therefore exhausted his administrative remedies under the California Government Code.

52. As a further legal result of the acts and omissions of Defendants UNITED AIRLINES, INC. and DOES 1 through 100, Plaintiff may have been forced and/or will be forced to incur expenses for medical care, X-rays, and/or laboratory costs during the period of Plaintiff's disabilities, and is informed and believes, and thereon alleges, that he may in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

53. Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since Defendants' intentional wrongful acts, Plaintiff may have been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff may be unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

54. As a further direct and legal result of the conduct of Defendants UNITED AIRLINES, INC. and DOES 1 through 100, Plaintiff may have been caused, and may suffer, and may continue to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and/or anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

31

**FIRST AMENDED COMPLAINT FOR DAMAGES**

55. The aforementioned acts of Defendants UNITED AIRLINES, INC. and DOES 1 through 100, and each of them, were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages against Defendants UNITED AIRLINES, INC. and DOES 1 through 100, and each of them, in an amount to be determined at the time of trial pursuant to Cal. Civil Code § 3294(a) and (b).

56. By the aforesaid acts and conduct of Defendants UNITED AIRLINES, INC. and DOES 1 through 100, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorney's fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

57. As a result of Defendants UNITED AIRLINES, INC. and DOES 1-100's failure to initiate and participate in the good-faith interactive process, as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of said suit as specifically provided in California Government Code § 12965(b).

58. FEHA also provides remedies, including but not limited to, declaratory and injunctive relief. As such, Plaintiff is entitled to both declaratory and injunctive relief as a result of Defendants' unlawful conduct.

32

**FIRST AMENDED COMPLAINT FOR DAMAGES**

## V.

## FIFTH CAUSE OF ACTION

### Failure to Provide Reasonable Accommodations

### [California Government Code § 12940(m)]

**Against Defendants UNITED AIRLINES, INC. & DOES 1 Through 100, Only**

59.    Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this Complaint as though duly set forth in full herein.

60.    Throughout Plaintiff's employment, Defendants UNITED AIRLINES, INC. and DOES 1 through 100, failed to reasonably accommodate Plaintiff's disabilities as required by Cal. Gov. Code § 12940(m).

61.    Cal. Gov. Code § 12940(m) provides that it is an unlawful employment practice for an employer or other entity covered by this part to fail to make reasonable accommodations for the known physical or mental disabilities of an applicant or employee.

62.    At all times relevant herein, Plaintiff was an actual, perceived, and/or potentially disabled person within the meaning of Cal. Gov. Code §§ 12926.1(b) et seq., because he was a person with an actual, perceived, potentially disabling, and/or potentially disabling in the future disabilities(s).

63.    At all times relevant herein, Defendants UNITED AIRLINES, INC. and DOES 1 through 100 failed to provide reasonable accommodations and/or retaliated and discriminated against Plaintiff due to her request/need for accommodations.

a)    On or around October 30, 2018, Plaintiff was severely injured when she fell on the premises of a hotel during a work trip. Specifically, Plaintiff injured both of her knees, her left elbow, left shoulder, and right wrist. The injuries caused disabilities to Plaintiff's affected body parts, including but not limited to right wrist ganglion cyst, left lateral epicondylitis, chronic pain

33

**FIRST AMENDED COMPLAINT FOR DAMAGES**

of left knee, left foot, and left elbow, and depression, and affected her neurological and musculoskeletal body systems.

b)      Following Plaintiff's injury, Defendants never attempted to determine whether Plaintiff could return to work with accommodations, such as modified duty, light duty, modified work schedule, intermittent leave, and/or reassignment to an open position.

c)      As a result of these disabilities, Plaintiff engaged in legally protected activity by requesting reasonable accommodations. This includes, but is not limited to, requesting medical leave.

d)      On or about January 25, 2019, Plaintiff received a letter from Defendant United's Supervisor of Inflight Services Elizabeth Jacobson placing her on an approved medical leave. The letter stated Plaintiff could remain on medical leave through **January 25, 2023**, Plaintiff relied on this representation and remained off work on medical leave.

e)      On or around January 25, 2022, without notice to Plaintiff and without Plaintiff's knowledge, to harass Plaintiff, Defendant United informed Plaintiff that it had terminated Plaintiff's employment. Plaintiff is unaware of the exact timing of her termination.

f)      As such, Defendant United failed to accommodate Plaintiff by failing to allow her to take the entire medical leave period it had approved in writing.

64.    At all times relevant herein, Defendants UNITED AIRLINES, INC. and DOES 1-100 could have accommodated Plaintiff, including but not limited to by placing Plaintiff on light duty, and/or giving Plaintiff an alternative position and/or alternative tasks that would not have violated Plaintiff's disability-related work restriction, and/or provided Plaintiff with additional medical leave. However, Defendants UNITED AIRLINES, INC. and DOES 1-100 never took any action to

34

**FIRST AMENDED COMPLAINT FOR DAMAGES**

attempt to accommodate Plaintiff.

65.    At all times relevant herein, Plaintiff was able to perform the essential job duties with and/or without reasonable accommodations for her disabilities, including as Plaintiff was medically released to return to work in February 2022.

66.    Plaintiff was harmed as a result of Defendants UNITED AIRLINES, INC. and DOES 1-100's failure to provide reasonable accommodations.

67.    Defendants UNITED AIRLINES, INC. and DOES 1-100's failure to provide reasonable accommodations was a substantial factor in causing Plaintiff's harm.

68.    Prior to the initiation of this lawsuit, Plaintiff filed a timely complaint against each named Defendant with the DFEH pursuant to Cal. Government Code § 12900 et seq. and has received Right-to-Sue notices in a California Superior Court pursuant to California Government Code § 12965(b). Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof. Attached hereto and incorporated herein as Exhibit "B" are said Right-to-Sue notices and by reference hereto are made a part hereof. Plaintiff has therefore exhausted his administrative remedies under the California Government Code.

69.    As a further legal result of the acts and omissions of Defendants UNITED AIRLINES, INC. and DOES 1 through 100's failure to provide reasonable accommodations to Plaintiff, Plaintiff may have been forced and/or will be forced to incur expenses for medical care, X-rays, and/or laboratory costs during the period of Plaintiff's disabilities, and is informed and believes, and thereon alleges, that he may in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

70.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since Defendants' intentional wrongful acts, Plaintiff may have

35

**FIRST AMENDED COMPLAINT FOR DAMAGES**

been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff may be unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

71.    As a further direct and legal result of the conduct of Defendants UNITED AIRLINES, INC. and DOES 1 through 100, and each of them, Plaintiff may have been caused, and may suffer, and may continue to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and/or anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

72.    The aforementioned acts of Defendants UNITED AIRLINES, INC. and DOES 1 through 100, and each of them, were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages against Defendants UNITED AIRLINES, INC. and DOES 1-100 in an amount to be determined at the time of trial pursuant to Cal. Civil Code § 3294(a) and (b).

73.    By the aforesaid acts and conduct of Defendants UNITED AIRLINES, INC. and DOES 1 through 100, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to Cal. Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorney's fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

74.    As a further result of Defendants UNITED AIRLINES, INC. and DOES 1

36

**FIRST AMENDED COMPLAINT FOR DAMAGES**

through 100's failure to provide reasonable accommodations, as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of said suit as specifically provided in California Government Code § 12965(b).

75.   FEHA also provides remedies, including but not limited to, declaratory and injunctive relief. As such, Plaintiff is entitled to both declaratory and injunctive relief as a result of Defendants' unlawful conduct.

# VI.

## SIXTH CAUSE OF ACTION

### For Violation of the California Family Rights Act

### [California Government Code § 12945.2]

### Against Defendants UNITED AIRLINES, INC. & DOES 1 Through 100

76.   Plaintiff incorporates herein by reference each and every paragraph in this Complaint as though duly set forth in full herein.

77.   Plaintiff was an employee of Defendant United and DOES 1 through 100, who qualified for leave due to an actual physical/mental disability(s) and for medical purposes pursuant to California Government Code §§ 12945.2 et seq.

78.   At all times herein mentioned, Defendant United and DOES 1 through 100 was an employer who regularly employed 50 or more employees, and therefore within the definition provided by California Government Code § 12945.2 at the relevant time.

79.   Plaintiff worked for Defendant United and DOES 1 through 100, for over one (1) year and worked over 1250 hours in the year prior to taking and/or requesting medical leave.

80.   At all times relevant herein, Plaintiff was an actual, perceived, and/or potentially disabled person within the meaning of Cal. Gov. Code §§ 12926.1(b) et seq., because Plaintiff was a person with an actual, perceived, potentially disabling, and/or potentially disabling in the future physical/mental disability(s) including,

37

**FIRST AMENDED COMPLAINT FOR DAMAGES**

but not limited to: right wrist ganglion cyst, left lateral epicondylitis, chronic pain of left knee, left foot, and left elbow, and depression, and affected her neurological and musculoskeletal body systems.

81.     Plaintiff was affected by her disabilities during her employment, and continuing at least through January 25, 2022, and continuing, thereby entitling Plaintiff to medical leave pursuant to the California Family Rights Act ("CFRA").

82.     Plaintiff informed Defendant United and DOES 1 through 100, and each of them, and her relevant supervisors of her disability/ies, restrictions, need for accommodations, and actual/potential need for protected medical leave.

83.     As a result of Plaintiff requesting and/or taking legally protected CFRA medical leave, Plaintiff was subjected to further discriminatory and retaliatory treatment by Defendant United and DOES 1 through 100, and each of them, including, but not limited to:

   a)     On or around October 30, 2018, Plaintiff was severely injured when she fell on the premises of a hotel during a work trip. Specifically, Plaintiff injured both of her knees, her left elbow, left shoulder, and right wrist. The injuries caused disabilities to Plaintiff's affected body parts, including but not limited to right wrist ganglion cyst, left lateral epicondylitis, chronic pain of left knee, left foot, and left elbow, and depression, and affected her neurological and musculoskeletal body systems.

   b)     As a result of these disabilities, Plaintiff engaged in legally protected activity by requesting medical leave.

   c)     On or about January 25, 2019, Plaintiff received a letter from Defendant United's Supervisor of Inflight Services Elizabeth Jacobson placing her on an approved medical leave. The letter stated Plaintiff could remain on medical leave through **January 25, 2023**, at which point she would be administratively separated if she were still unable to return to work

38

**FIRST AMENDED COMPLAINT FOR DAMAGES**

because of her disabilities. Plaintiff relied on this representation and remained out on medical leave up until Defendants then told Plaintiff she was being terminated In January 2022, even though Plaintiff was told by Defendants in writing that she had protected medical leaving her job was protected, up until January 25, 2023, a full year later. It was not an undue burden for Defendants to accommodate Plaintiff with medical leave up until January 25, 2023, including but not limited as Defendants explicitly provided Plaintiff with medical leave up until this date.

d) Defendant United and DOES 1-100 cannot claim that Plaintiff was not entitled to protected medical leave due to her disabilities. An employer is equitably estopped to plead the defense of ineligibility of CFRA if the employer misled an employee concerning the employee's entitlement to FMLA/CFRA leave, by either affirmative misrepresentation or silence. Kosakow v. New Rochelle Radiology Assocs., P.C. (2nd Cir. 2001) 274 F3d 706, 724–727; Medley v. County of Montgomery (E.D. Pa. 2012) WL 2912307.

e) An employer who, without intent to deceive, makes a definite but erroneous representation to his/her employee that she is an "eligible employee" and entitled to leave under the CFRA/FMLA, and has reason to believe that the employee will rely upon it, is estopped from asserting a defense of non-coverage, if the employee reasonably relies on that representation and takes action to her detriment. Minard v. ITC Deltacom Commc`ns, Inc., (2006), 447 F.3d 352; Dombrowski v. Jay Dee Contractors, Inc., (2009) 571 F.3d 551 [equitable estoppel applies to employer statements regarding FMLA/CFRA eligibility, preventing non-eligibility as a defense]; Dormeyer v. Comerica Bank-Illinois, (7thCir. 2000) 223 F.3d 579.

f) If the employer fails to advise the employee whether the employee is

39

**FIRST AMENDED COMPLAINT FOR DAMAGES**

eligible [for family leave] prior to the date the requested leave is to commence, the employee will be deemed eligible. Dormeyer v. Comerica Bank-Illinois, (7th Cir. 2000) 223 F.3d 579, 582.

g)      Defendant United was legally prohibited from terminating Plaintiff's employment through at least January 25, 2023 based on the principle of equitable estoppel, as Defendant United knew of the January 25, 2019 letter, acted in such a way that Plaintiff had a right to believe that United approved her leave through January 25, 2023, there was no indication that Plaintiff's leave had not been approved through that date, and Plaintiff relied on Defendant United's representation of her leave being approved through January 25, 2023 by staying out on medical leave. See Robinson v. Fair Emp. & Hous. Com., 2 Cal. 4th 226, 244–45 (1992).

h)      On or around January 25, 2022, a full year earlier than what was provided to Plaintiff, without notice to Plaintiff and without Plaintiff's knowledge, to harass, discriminate and retaliate against Plaintiff for requesting and taking medical leave, Defendant United  informed Plaintiff that it had terminated Plaintiff's employment.

i)      On or around January 27, 2022, Defendant Espinoza, to harass, discriminate and retaliate against Plaintiff for Plaintiff requesting and/or taking medical leave, called Plaintiff and advised Plaintiff in a sarcastic tone that she was providing a courtesy notification of Plaintiff's termination, allegedly effective two days prior.

j)      During that call, Plaintiff asked Defendant Espinoza why she had not been informed prior to the termination, given that Plaintiff had been explicitly advised by Defendant United, in writing, that Plaintiff's leave of absence could continue through January 2023.

k)      Defendant Espinoza, again to harass, discriminate, and retaliate

40

**FIRST AMENDED COMPLAINT FOR DAMAGES**

against Plaintiff, admonished Plaintiff by saying "you [Plaintiff] did not come back," even though at no time prior to being told she was being terminated had Defendant United informed Plaintiff she needed to come back to work before January 25, 2023. Defendant Espinoza also claimed, in a dismissive tone, that Plaintiff should have known what her leave entitlement was because "[Plaintiff] could do the math," even though Plaintiff had relied on the math done by United and the representations by United that Plaintiff was entitled to take medical leave up until January 25, 2023, a full year later than her termination date.

l)      Defendant Espinoza also dismissively told Plaintiff that she did not have to address the alleged mistake in the January 25, 2019 letter because she "did not have to do the extra work". Defendant Espinoza rudely rushed Plaintiff off the phone.

m)      Had Defendant United adequately informed Plaintiff before her termination that Plaintiff needed to return to work in January 2022, or before January 25, 2023, Plaintiff could have taken adequate steps to be returned to work, including but not limited to requesting her doctor to return her back to work with medical work restrictions, contacting Defendants to seek alternative available positions, requesting a modified work schedule, requesting to take intermittent leave, among other alternatives.

n)      Plaintiff's termination is directly related to  her disabilities, requests for accommodations, and her medical leave, including as Defendant told Plaintiff she was being terminated due to being out on medical leave for "too long," despite Defendants' representations that she was entitled to, and could take, medical leave until January 25, 2023.

o)      Demonstrating that Plaintiff could have been released to work earlier than January 25, 2023 if Defendants had provided her with proper notice

**FIRST AMENDED COMPLAINT FOR DAMAGES**

(which they failed to do) Plaintiff went to her doctor and requested to be released back to work so that she would not lose her job after Defendants told her she was allegedly terminated. Plaintiff was released back to work in February 2022, which demonstrates that Defendants should have immediately placed Plaintiff back to work.

p)    On or around February 7, 2022, Plaintiff emailed Defendant United's Director of Inflight Base Operations, Nancy Byun-Ridel, stating that United had "terminated [her] by surprise" as a result of an alleged mistake Defendant United made in their official communication to Plaintiff regarding her leave entitlement. Plaintiff also explained that she was not notified of the termination until two days later, and that "no one [at United] even asked if [Plaintiff] was medically able to return to work or gave [her] an [opportunity] to come back [to work]."

q)    On or around February 8, 2022, to discriminate and retaliate against Plaintiff, Ms. Byun-Ridel responded she could not do anything about Plaintiff's termination.

r)    On or about January 4, 2023, Plaintiff's attorney sent a letter to Defendant United conveying Plaintiff's complaints concerning the aforementioned unlawful conduct by Defendants and demanding that Plaintiff be returned to work with her previous benefits and seniority. Defendant United failed to investigate Plaintiff's complaints, failed to take remedial actions, and failed to rehire Plaintiff.

84.    In doing the acts alleged herein, Defendant United and DOES 1 through 100, and each of them, were substantially motivated by Plaintiff requesting and/or taking legally protected CFRA medical leave.

85.    Plaintiff is informed and believes, and thereon alleges, that Defendant United and DOES 1 through 100, and each of them, replaced Plaintiff with an

42

**FIRST AMENDED COMPLAINT FOR DAMAGES**

employee who did not request and/or take legally protected leave pursuant to the CFRA.

86.    At all times relevant herein, Plaintiff believes and further alleges the Defendant United and DOES 1 through 100, and each of them, and/or their agents/representatives failed to timely, properly, and/or completely investigate the discrimination and/or retaliation Plaintiff was subjected to because she requested and/or took protected CFRA leave, and instead ratified and condoned the unlawful conduct.

87.    By the acts and conduct described above, Defendant United and DOES 1 through 100, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the retaliation and discrimination in violation of the CFRA. The acts of discrimination and retaliation described herein were sufficiently severe and/or pervasive so as to alter the conditions of employment and created an abusive working environment. Defendants' actions and/or policies and procedures had a disparate impact on disabled employees such as Plaintiff.

88.    Prior to the initiation of this lawsuit, Plaintiff filed a timely complaint against each named Defendant with the DFEH pursuant to Cal. Government Code § 12900 et seq. and has received Right-to-Sue notices pursuant to California Government Code § 12965(b). Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof. Attached hereto and incorporated herein as Exhibit "B" are said Right-to-Sue notices and by reference hereto are made a part hereof. Claimant has therefore exhausted her administrative remedies under the California Government Code.

89.    As a direct and legal result of the acts and omissions of Defendant United and DOES 1 through 100, and each of them, Plaintiff was rendered sick, sore, lame, disabled and/or disordered, both internally and/or externally, and/or suffered,

**FIRST AMENDED COMPLAINT FOR DAMAGES**

among other things, numerous internal injuries, severe fright, shock, pain, discomfort and/or anxiety.

90. As a further legal result of the acts and omissions of Defendant United and DOES 1 through 100, and each of them, Plaintiff has been forced and/or will be forced to incur expenses for medical care, X-rays, and/or laboratory costs during the period of Plaintiff's disability, and/or is informed and believes, and thereon alleges, that Plaintiff will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

91. Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since Defendants' intentional wrongful acts, Plaintiff may have been unable to engage fully and/or partially in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff may be unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

92. As a further direct and legal result of the acts and conduct of Defendant United and DOES 1 through 100, and each of them, Plaintiff may have been caused, and may suffer, and may continue to suffer severe and permanent emotional and/or mental distress and/or anguish, humiliation, embarrassment, fright, shock, pain, discomfort and/or anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

93. The aforementioned acts of Defendant United and DOES 1 through 100, and each of them, were willful, wanton, malicious, intentional, oppressive and/or despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of

**FIRST AMENDED COMPLAINT FOR DAMAGES**

Defendant United and DOES 1 through 100, and each of them, and with the express knowledge, consent, and/or ratification of managerial agents and employees of Defendant United and DOES 1 through 100, and each of them, thereby justifying the awarding of punitive and exemplary damages against any non-public entity in an amount to be determined at the time of trial pursuant to California Civil Code § 3294(a) and (b).

94.     By the aforesaid acts and conduct of Defendant United and DOES 1 through 100, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys' fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

95.     As a result of the unlawful acts of Defendant United and DOES 1 through 100, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

96.     Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

## VII.

## SEVENTH CAUSE OF ACTION

**For Retaliation and Wrongful Termination in Violation of Public Policy Against Defendants UNITED AIRLINES, INC. & DOES 1 Through 100, Only**

97.     Plaintiff incorporates herein by reference and  re-alleges each and every paragraph in this Complaint as though duly set forth in full herein.

98.     Plaintiff was harassed, discriminated against, and retaliated against and wrongfully terminated from Plaintiff's employment on or about January 25, 2022

**FIRST AMENDED COMPLAINT FOR DAMAGES**

due to, among others, Plaintiff's actual/perceived disabilities, need for medical leave, and/or her aforesaid legally protected activities (complaints/protests against the harassment, discrimination, and retaliation; requesting and/or needing reasonable accommodations; taking protected medical leave).

99.   As such, Plaintiff was retaliated against and discharged from Plaintiff's employment for reasons that violate a public policy(s).

100.   Plaintiff's wrongful discharge caused and continues to cause Plaintiff harm.

101.   At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated by the California Constitution, the California Government Code §§ 12920 and 12940 et seq., was to prohibit employers from harassing, discriminating, and retaliating against and/or wrongfully terminating any individual on the grounds of their actual/perceived disability. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. The policy inures to the benefit of the public and is fundamental and substantial.

102.   At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated by California Government Code § 12940 et. seq., was to prohibit employers from failing to engage in a good faith interactive process and/or failing to provide reasonable accommodations to disabled employees. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. The policy inures to the benefit of the public and is fundamental and substantial.

103.   At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated by California Government Code § 12945 et. seq., was to prohibit employers from failing to provide medical leave to disabled employees and to prohibit employees from retaliating against an employee for taking extended medical leave. This public policy of the State of California is

46

**FIRST AMENDED COMPLAINT FOR DAMAGES**

designed to protect all employees and to promote the welfare and well-being of the community at large. The policy inures to the benefit of the public and is fundamental and substantial.

104.    An employer is equitably estopped to plead the defense of ineligibility of CFRA if the employer misled an employee concerning the employee's entitlement to FMLA/CFRA leave, by either affirmative misrepresentation or silence. Kosakow v. New Rochelle Radiology Assocs., P.C. (2nd Cir. 2001) 274 F3d 706, 724–727; Medley v. County of Montgomery (E.D. Pa. 2012) WL 2912307.

105.    An employer who, without intent to deceive, makes a definite but erroneous representation to his/her employee that she is an "eligible employee" and entitled to leave under the CFRA/FMLA, and has reason to believe that the employee will rely upon it, is estopped from asserting a defense of non-coverage, if the employee reasonably relies on that representation and takes action to her detriment. Minard v. ITC Deltacom Commc`ns, Inc., (2006), 447 F.3d 352; Dombrowski v. Jay Dee Contractors, Inc., (2009) 571 F.3d 551 [equitable estoppel applies to employer statements regarding FMLA/CFRA eligibility, preventing non-eligibility as a defense]; Dormeyer v. Comerica Bank-Illinois, (7thCir. 2000) 223 F.3d 579.

106.    If the employer fails to advise the employee whether the employee is eligible [for family leave] prior to the date the requested leave is to commence, the employee will be deemed eligible. Dormeyer v. Comerica Bank-Illinois, (7th Cir. 2000) 223 F.3d 579, 582.

107. Defendant United was legally prohibited from terminating Plaintiff's employment through at least January 25, 2023 based on the principle of equitable estoppel, as Defendant United knew of the January 25, 2019 letter, acted in such a way that Plaintiff had a right to believe that United approved her leave through January 25, 2023, there was no indication that Plaintiff's leave had not been approved through that date, and Plaintiff relied on Defendant United's

47

**FIRST AMENDED COMPLAINT FOR DAMAGES**

representation of her leave being approved through January 25, 2023 by staying out on medical leave. See Robinson v. Fair Emp. & Hous. Com., 2 Cal. 4th 226, 244–45 (1992).

108.   Defendant United and DOES 1 through 100, and each of them, violated the public policies of the State of California as set forth in Tameny v. Atlantic Richfield Co., (1980) 27 C3d 167, 172.

109.   At all times herein mentioned, the public policy of the United States of America and State of California, as codified, expressed and mandated by  42 U.S.C. §§ 2000e et seq. ("Title VII of the Civil Rights Act of 1964" or "Title VII"), 42 U.S.C. § 1981, and Article 1, § 8 of the Constitution of the State of California, as well as the Tameny case, was to prohibit employers from harassing, discriminating, and retaliating against and/or wrongfully terminating any individuals, including on the grounds of their complaints of actual/perceived disability discrimination. This public policy of the United States of America and State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. The policy inures to the benefit of the public and is fundamental and substantial.

110.   At all times herein mentioned, the public policy of the United States of America and State of California, as codified, expressed and mandated by Title VII of the Civil Rights Act of 1964,  42 U.S.C. § 1981, and Article 1, § 8 of the Constitution of the State of California, as well as the Tameny case, was to prohibit employers from failing to provide perceived and/or disabled employees with reasonable accommodations and for failing to engage in the good faith interactive process. This public policy of the United States of America and State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. The policy inures to the benefit of the public and is fundamental and substantial.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

111.   At all times herein mentioned, the public policy of the United States of America and State of California was to prohibit the intentional infliction of emotional distress to another or opposing said unlawful practices. This public policy of the United States of America and State of California is designed to protect all employees and to promote the welfare and well-being of the community at large.

112.   Accordingly, the actions of Defendant United and DOES 1 through 100, and each of them, in retaliating and wrongfully terminating Plaintiff on the grounds alleged and described herein were wrongful and do not promote the welfare and well-being of the community at large.

113.   As a further legal result of the acts and omissions of Defendant United and DOES 1 through 100, and each of them, Plaintiff has been forced to incur expenses for medical care, X-rays, and/or laboratory costs during the period of Plaintiff's disability, and is informed and believes, and/or thereon alleges, that Plaintiff will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

114.   Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents may have been unable to engage fully in Plaintiff's occupation, and/or is informed and believes, and thereon alleges, that Plaintiff may be partially and/or fully incapacitated and/or unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damages in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

115.   As a further direct and legal result of the acts of Defendant United and DOES 1 through 100, and each of them, Plaintiff has been caused, and did suffer, and continues to suffer severe and/or permanent emotional and/or mental distress

**FIRST AMENDED COMPLAINT FOR DAMAGES**

and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and/or anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

116.    The aforementioned acts of Defendant United and DOES 1 through 100, and each of them, were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendants, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendant United and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial pursuant to Cal. Civil Code § 3294(a) and (b).

117.    By the aforesaid acts and conduct of Defendant United and DOES 1 through 100, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys' fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

118.    As a result of the unlawful acts of Defendant United and DOES 1 through 100, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in Cal. C.C.P. § 1021.5. Plaintiff's action enforces important rights affecting the public interest by bringing forth this lawsuit to ensure Defendants refrain from unlawfully and wrongfully terminating their employees, thereby conferring a significant benefit on the general public's health and well-being as a result. The necessity and financial burden of this private enforcement, as well as the interest of justice, entitles Plaintiff to reasonable attorneys' fees and costs under Cal. C.C.P. § 1021.5.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

# VIII.

## EIGHTH CAUSE OF ACTION

### For Intentional Infliction of Emotional Distress

### Against All Defendants & DOES 1 Through 100

119.   Plaintiff incorporates herein by reference each and every paragraph in this Complaint as though duly set forth in full herein.

120.   The conduct of Defendants, and each of them, was so extreme and outrageous as to exceed all bounds of that usually tolerated in a civilized society, and intended to cause and actually did cause Plaintiff to suffer severe emotional distress.

121.   Defendants, and each of them, intended to cause and did cause Plaintiff severe emotional distress.

122.   Plaintiff did not consent to Defendants' conduct, as herein alleged and said conduct was unprivileged. Defendants' conduct caused Plaintiff to suffer severe emotional distress.

123.   Plaintiff's has suffered and continues to suffer from emotional distress including significant depression, nervousness, weight gain, gastrointestinal disturbances, significant sleep disturbances, and hair loss, among others.

124.   At all times relevant herein, Defendant Espinoza was an agent/employee of Defendant United and DOES 1 through 100, and in doing the acts alleged herein, Defendant Espinoza was acting within the course and scope of her employment as well as in her individual capacity. As such, Defendant United and DOES 1 through 100 are also responsible for the unlawful actions of Defendant Espinoza.

125.   As a direct and legal result of the acts and omissions of Defendants and DOES 1 through 100, and each of them, Plaintiff was rendered sick, sore, lame, disabled and/or disordered, both internally and/or externally, and suffered, among other things, emotional distress, including but not limited to shock, pain,

**FIRST AMENDED COMPLAINT FOR DAMAGES**

discomfort and/or anxiety.

126.   As a further legal result of the acts and omissions of Defendants and DOES 1 through 100, and each of them, Plaintiff may have been forced to incur expenses for medical care, X-rays, and/or laboratory costs during the period of Plaintiff's disability, and is informed and believes, and/or thereon alleges, that Plaintiff may be in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

127.   Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents may have been unable to engage fully in Plaintiff's occupation, and/or is informed and believes, and thereon alleges, that Plaintiff may be partially and/or fully incapacitated and/or unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damages in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

128.   As a further direct and legal result of the acts of Defendants and DOES 1 through 100, and each of them, Plaintiff has been caused, and did suffer, and continues to suffer severe and/or permanent emotional and/or mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and/or anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

129.   The aforementioned acts of Defendants and DOES 1 through 100, and each of them, were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendants, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendants and DOES 1 through 100, and each of them, thereby

**FIRST AMENDED COMPLAINT FOR DAMAGES**

justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial pursuant to Cal. Civil Code § 3294(a) and (b).

130.    By the aforesaid acts and conduct of Defendants and DOES 1 through 100, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys' fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

131.    As a result of the unlawful acts of Defendants and DOES 1 through 100, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in Cal. C.C.P. § 1021.5. Plaintiff's action enforces important rights affecting the public interest by bringing forth this lawsuit to ensure Defendants refrain from intentionally inflicting emotional distress on others (employees/coworkers), thereby conferring a significant benefit on the general public's health and well-being as a result. The necessity and financial burden of this private enforcement, as well as the interest of justice, entitles Plaintiff to reasonable attorneys' fees and costs under Cal. C.C.P. § 1021.5.

132.    Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

## IX.

## NINTH CAUSE OF ACTION

**For Injunctive Relief – Disability Discrimination in Employment**

**[California Government Code §§ 12940 et seq.]**

**Against Defendants UNITED AIRLINES, INC. & DOES 1 Through 100, Only**

133.    At all times relevant herein, as a disabled employee, Plaintiff was a member of a protected class. Beginning in or around October of 2018 and continuing to the

**FIRST AMENDED COMPLAINT FOR DAMAGES**

present, and continuing, Plaintiff was an actual, perceived, and/or potentially disabled person within the meaning of California Government Code §§ 12940, 12926.1(b) et seq., including, but not limited to: disability of knees, arms, wrists, and shoulders; depression.

134.    Plaintiff is seeking injunctive relief to compel Defendants to return her back to work immediately, reinstate her to her prior position, with the same rights, entitlements and responsibilities as if she had been continuously employed by Defendants, and to afford her reasonable accommodations.

135.    At all times relevant herein, Plaintiff was an actual, perceived, and/or potentially disabled person within the meaning of California Government Code §§ 12926.1(b) et seq., because she was a person with an actual, perceived, potentially disabling, and/or potentially disabling in the future physical/mental disability(s) including, but not limited to: right wrist ganglion cyst, left lateral epicondylitis, chronic pain of left knee, left foot, and left elbow, and depression, and affected her neurological and musculoskeletal body systems.

136.    Beginning in or around October of 2018 and continuing at least through January 25, 2022, and continuing, Defendants and DOES 1 through 100, and each of them, discriminated against Plaintiff because of her actual/perceived disability, through the following actions, among others:

   a)      On or around October 30, 2018, Plaintiff was severely injured when she fell on the premises of a hotel during a work trip. Specifically, Plaintiff injured both of her knees, her left elbow, left shoulder, and right wrist. The injuries caused disabilities to Plaintiff's affected body parts, including but not limited to right wrist ganglion cyst, left lateral epicondylitis, chronic pain of left knee, left foot, and left elbow, and depression, and affected her neurological and musculoskeletal body systems.

   b)      Following Plaintiff's injury, Defendants never attempted to determine

54

**FIRST AMENDED COMPLAINT FOR DAMAGES**

whether Plaintiff could return to work with accommodations, such as modified duty, light duty, modified work schedule, intermittent leave, and/or reassignment to an open position.

c)      As a result of these disabilities, Plaintiff engaged in legally protected activity by requesting reasonable accommodations. This includes, but is not limited to, requesting medical leave.

d)      On or about January 25, 2019, Plaintiff received a letter from Defendant United's Supervisor of Inflight Services Elizabeth Jacobson placing her on an approved medical leave. The letter stated Plaintiff could remain on medical leave through **January 25, 2023**, Plaintiff relied on this representation and remained off work on medical leave.

e)      Defendant United was equitably estopped and legally prohibited from terminating Plaintiff's employment through at least January 25, 2023 as Defendant United, in its January 25, 2019 letter to Plaintiff, had represented to Plaintiff that it had approved her medical leave through January 25, 2023. At no point before Plaintiff was wrongfully terminated in January 2022 did Defendants inform Plaintiff that her medical leave until January 25, 2023 was rescinded or otherwise not granted and Plaintiff relied on Defendant United's representation of her leave being approved through January 25, 2023 to her detriment. See Robinson v. Fair Emp. & Hous. Com., 2 Cal. 4th 226, 244–45 (1992). This includes because Defendants specifically informed Plaintiff that she was being terminated in January 2022 because Plaintiff was out on medical leave, which is direct evidence of disability discrimination and is retaliation for requesting and taking protected medical leave.

f)      On or around January 25, 2022, without notice to Plaintiff and without Plaintiff's knowledge, to discriminate against Plaintiff because of Plaintiff's disabilities, including her requests for medical leave and need for reasonable

55

**FIRST AMENDED COMPLAINT FOR DAMAGES**

accommodations, Defendant United informed Plaintiff that it had terminated Plaintiff's employment. Plaintiff is unaware of the exact timing of her termination.

g)      Defendant Espinoza, to discriminate against Plaintiff, called Plaintiff and advised Plaintiff in a sarcastic tone that she was providing a courtesy notification of Plaintiff's termination, allegedly effective two days prior.

h)      Plaintiff complained and asked Defendant Espinoza why she had not been informed prior to the termination, given that she had been explicitly advised in writing by Defendant United that her medical leave of absence extended to January 25, 2023.

i)      Defendant Espinoza, again to discriminate against Plaintiff, admonished Plaintiff by saying "you [Plaintiff] did not come back". Defendant Espinoza also claimed, in a dismissive tone, that Plaintiff should have known what her leave entitlement was because "[Plaintiff] could do the math," even though Defendant United told Plaintiff she was on an approved medical leave of absence until January 25, 2023.

j)      To discriminate against Plaintiff, Defendant Espinoza also dismissively told Plaintiff that she did not have to address Defendant's specific representation to Plaintiff that she was granted medical leave until January 25, 2023 as stated in Defendants' January 25, 2019 letter to Plaintiff because Defendant Espinoza "did not have to do the extra work". Defendant Espinoza rudely rushed Plaintiff off the phone. Had Plaintiff been informed that her medical leave had not been approved until January 25, 2023, Plaintiff would have engaged in efforts to return to work and would have returned to work and/or had the ability to make other choices so that she would not have been terminated.

k)      Yet prior to Plaintiff's termination in January 2022, Defendants failed

56

**FIRST AMENDED COMPLAINT FOR DAMAGES**

to reach out to Plaintiff to discuss Plaintiff's disabilities or her need for accommodations. Defendants failed to inform Plaintiff that she would be fired in January 2022 and instead represented, to Plaintiff's detriment, that Plaintiff's job was secure and her medical leave of absence was granted until January 25, 2023, which Plaintiff relied on to her determent by being fired as a result.

l)      On or around February 7, 2022, Plaintiff emailed Defendant United's Director of Inflight Base Operations, Nancy Byun-Ridel, stating that United had "terminated [her] by surprise" as a result of an alleged mistake Defendant United made in their official communication to Plaintiff regarding her leave entitlement. Plaintiff also explained that she was not notified of the termination until two days later, and that "no one [at United] even asked if [Plaintiff] was medically able to return to work or gave [her] an [opportunity] to come back [to work]."

m)      Demonstrating the egregious actions of Defendant United, although knowing that it was their own written representations that provided Plaintiff with protected medical leave until January 25, 2023, Defendant United instead terminated her in January 2022.

n)      On or around February 8, 2022, to discriminate against Plaintiff, Ms. Byun-Ridel responded she could not do anything about Plaintiff's termination. This was a fabrication as Defendant United had a duty to re-hire and/or reinstate Plaintiff due to its representations to Plaintiff regarding how long she could be out on medical leave for.

o)      Moreover, upon finding out that Defendant United and DOES 1-100 had broken its agreement to provide Plaintiff with protected medical leave until January 25, 2023 and had instead fired her a year earlier, Plaintiff requested from her doctor to be released back to work, and obtained a

**FIRST AMENDED COMPLAINT FOR DAMAGES**

release back to work in February 2022. There was no undue burden for Defendants in allowing Plaintiff to return to work in February 2022, yet Defendants outrageously denied Plaintiff any reinstatement without any legal justification.

p)    On or about January 4, 2023, Plaintiff's attorney sent a letter to Defendant United conveying Plaintiff's complaints concerning the aforementioned unlawful conduct by Defendants and demanding that Plaintiff be returned to work with her previous benefits and seniority. Defendant United discriminated against Plaintiff as it failed to investigate Plaintiff's complaints, failed to take remedial actions, and failed to rehire Plaintiff.

q)    Plaintiff was treated differently, disparately, and negatively because of her actual and/or perceived disabilities and/or potential disabilities and/or need for accommodations, and/or request and taking protected medical l eave and as a result Defendants discriminated against Plaintiff by, *inter alia*, denying Plaintiff opportunities, unfairly discipling Plaintiff, overly monitoring and scrutinizing Plaintiff, terminating Plaintiff's employment, and refusing to return Plaintiff back to work / rehire Plaintiff.

137.  There was no undue hardship for accommodating Plaintiff.

138.  At all times relevant herein, Plaintiff was qualified for and/or competently performed the position(s) she held throughout her employment with Defendants.

139.  At all times relevant herein, Plaintiff was able to perform the essential functions of her job either with and/or without reasonable accommodations. Finite medical leave is a reasonable accommodation. Hanson v. Lucky Stores, Inc., (1999) 74 Cal.App.4th 215. Even an indefinite temporary leave of absence can be required as an accommodation. Criado v. IBM Corp. (1st Cir. 1998) 145 F3d 437.

140.  On multiple occasions, from 2018 to the present and continuing, Plaintiff

**FIRST AMENDED COMPLAINT FOR DAMAGES**

was denied the good faith interactive process and denied a reasonable accommodation.

141. As a result, Plaintiff was forced out of work, denied reinstatement, and offered a position that was not equivalent to her prior position and continues to be denied a similar position, through the present, and continuing.

142. As a result, Defendants failed to investigate and take appropriate remedial action.

143. The acts and conduct of Defendants and DOES 1 through 100, and each of them, as aforesaid, were in violation of California Government Code §§ 12940 et seq. Said statutes impose certain duties upon Defendants, and each of them, concerning discrimination against persons, such as Plaintiff, on the basis of actual/perceived physical/mental disabilities and the prohibition of actual/perceived physical/mental disability discrimination. Said statutes were intended to prevent the type of injury and damage herein set forth. Plaintiff was, at all times material hereto, a disabled employee and within a protected class covered by California Government Code § 12940, prohibiting actual/perceived physical/mental disability discrimination in employment.

144. As a result, Plaintiff filed timely charges and complaints of disability harassment, discrimination, and retaliation with the California Department of Fair Employment and Housing and has received Notice(s) of Right to Sue in a California Superior Court pursuant to California Government Code § 12965(b). Plaintiff has therefore exhausted Plaintiff's administrative remedies under the California Government Code. Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof. Attached hereto and incorporated herein as Exhibit "B" are said Right to Sue Notices and by reference hereto are made a part hereof.

145. As a result of the discriminatory acts of Defendants and DOES 1 through

59

**FIRST AMENDED COMPLAINT FOR DAMAGES**

100, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

146. Defendants and DOES 1 through 100, and each of them, were substantially motivated by Plaintiff's actual/perceived disabilities, need for accommodations, and/or need for legally protected finite medical leave. In or around February of 2022, Plaintiff's doctor cleared her to return to work. Despite Plaintiff's ability to return to work and be accommodated with restrictions, and despite Defendants having provided Plaintiff with written notice that she could remain on a protected medical leave of absence through January 25, 2023, on or about January 25, 2022, Defendants terminated Plaintiff's employment, thus demonstrating their discriminatory animus.

147. Plaintiff seeks injunctive relief against Defendants and DOES 1 through 100, to compel them to investigate and take appropriate remedial action, to stop, prevent a hostile work environment, and to return Plaintiff back to work, in his prior position, responsibilities and entitlements, with reasonable accommodations, and to compensate her for the harm suffered.

148. For injunctive, equitable, and other relief that in the judgment of the Court, will effectuate the purpose of FEHA, pursuant to California Government Code §19265(c)(3), including without limitation that Defendants engage in the mandatory good faith interactive process with Plaintiff to determine the nature and extent of her restrictions to seek reasonable accommodations.

149. For injunctive, equitable, and other relief that in the judgment of the Court, will effectuate the purpose of FEHA, pursuant to California Government Code §19265(c)(3), including without limitation that Defendants investigate Plaintiff's complaints and take appropriate remedial action.

150. For injunctive, equitable, and other relief that in the judgment of the Court,

60

**FIRST AMENDED COMPLAINT FOR DAMAGES**

will effectuate the purpose of FEHA, pursuant to California Government Code §19265(c)(3), including without limitation that Defendants conduct training for all employees, supervisors, and management on the requirements of the FEHA, including disability harassment, discrimination, and retaliation in violation of FEHA, about requests for accommodations for disabilities.

151.   The aforementioned acts of Defendants and DOES 1 through 100, and each of them, were willful, wanton, malicious, intentional, oppressive and/or despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendants and DOES 1 through 100, and with the express knowledge, consent, and/or ratification of managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages against Defendants in an amount to be determined at the time of trial pursuant to California Civil Code § 3294(a) and (b).

152.   The FEHA also provides remedies, including but not limited to, declaratory and injunctive relief. As such, Plaintiff is entitled to both declaratory and injunctive relief as a result of Defendants' unlawful conduct.

153.   Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

WHEREFORE, PLAINTIFF YIHSING TIEN prays for judgment against the Defendants, and each of them, as follows:

    1. For general damages in an amount within the jurisdictional limits of this Court;

    2. For special damages in an amount within the jurisdictional limits of this Court;

    3. For medical expenses and related items of expense, according to proof;

61

**FIRST AMENDED COMPLAINT FOR DAMAGES**

4. For loss of earnings, according to proof;

5. For consequential and incidental damages according to proof;

6. For prejudgment interest according to proof;

7. For declaratory relief against Defendants;

8. For injunctive relief against Defendants;

9. For damages, penalties and reasonable attorneys' fees and costs of suit as provided for by California Government Code § 12965(b);

10. For punitive and exemplary damages against Defendants, according to proof, as provided for by California Civil Code § 3294(a) and (b).

11. For damages, penalties and reasonable attorneys' fees and costs of suit as provided for by California Civil Code § 3333;

12. For damages, penalties and reasonable attorneys' fees and costs of suit as provided for by California Code of Civil Procedure §1021.5, according to proof;

13. For damages, penalties and reasonable attorneys' fees and costs of suit as provided for by California Labor Code § 1102.5(f);

14. For damages pursuant to California Labor Code §§ 200 et seq.

15. Attorneys' fees and costs pursuant to California Labor Code §218.5,

16. For such other and further relief as the Court may deem just and proper.

Dated: September 18, 2023                    **REISNER & KING LLP**


By: _____
IAN G. STERLING, ESQ.
Attorney for PLAINTIFF
YIHSING TIEN

62

**FIRST AMENDED COMPLAINT FOR DAMAGES**

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Adam Reisner
15303 VENTURA BLVD STE 1260
Sherman Oaks, CA 91403

RE:   **Notice to Complainant's Attorney**
      DFEH Matter Number: 202208-17933416
      Right to Sue: Tien / United Airlines et al.

Dear Adam Reisner:

Attached is a copy of your **amended** complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq.

Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.  You or your client must serve the complaint.

The amended complaint is deemed to have the same filing date of the original complaint.  This is not a new Right to Sue letter.  The original Notice of Case Closure and Right to Sue issued in this case remains the only such notice provided by the DFEH.  (Cal. Code Regs., tit. 2, § 10022.)

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

Form DFEH-ENF 80 RS (Revised 02/22)

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Yihsing Tien                                    DFEH No. 202208-17933416

                    Complainant,

vs.

United Airlines
Inflight Service  San Francisco International Airport,
SFOSW
San Francisco, CA 94128

Talia Espinoza
,

United Airlines Inc
233 S. Wacker Drive
Chicago, IL 60606

                    Respondents

_____

**1.** Respondent **United Airlines** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**.Complainant is naming **Talia Espinoza** individual as Co-Respondent(s).
Complainant is naming **United Airlines Inc** business as Co-Respondent(s).

**3**. Complainant **Yihsing Tien**, resides in the City of **Sherman Oaks,** State of **CA.**

**4**. Complainant alleges that on or about **August 15, 2022**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's disability (physical or mental), medical condition (cancer or genetic characteristic), other, association with a member of a protected class, family care or medical leave (cfra).

*Complaint – DFEH No. 202208-17933416*

Date Filed: August 16, 2022
Date Amended: August 16, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

**Complainant was discriminated against** because of complainant's disability (physical or mental), other, association with a member of a protected class, family care or medical leave (cfra) and as a result of the discrimination was terminated, denied hire or promotion, reprimanded, denied equal pay, demoted, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied reasonable accommodation for a disability, other, denied work opportunities or assignments, denied or forced to transfer, denied family care or medical leave (cfra).

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, participated as a witness in a discrimination or harassment complaint, requested or used family care or medical leave (cfra) and as a result was terminated, denied hire or promotion, reprimanded, denied equal pay, suspended, demoted, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied reasonable accommodation for a disability, other, denied work opportunities or assignments, denied or forced to transfer, denied family care or medical leave (cfra).

**Additional Complaint Details:** Yihsing Tien, seeks (employment) claims against United Airlines ("United") and Supervisor Talia Espinoza (hereinafter referred to as "Supervisor Espinoza"), include, among others: actual/perceived disability discrimination, harassment, and retaliation in violation of the California Fair Employment and Housing Act (FEHA); violation of the California Family Rights Act (CFRA); wrongful termination in violation of public policy; and intentional infliction of emotional distress.

Ms. Tien had been employed by United beginning May 6, 2013, as a Flight Attendant. As discussed in greater detail below, Ms. Tien was subjected to unlawful harassment, discrimination, and retaliation due to her disabilities and for taking approved medical leave and was wrongfully terminated while on approved protected medical leave, in violation of the FEHA.

On or around October 30, 2018, Ms. Tien was severely injured outside a hotel sidewalk on a work trip which caused her to experience severe physical disabilities to her left elbow, knee, and wrist. Since being placed on a leave of absence, Ms. Tien has endured five surgeries due to these injuries, resulting in Ms. Tien having to take medical leave until January 25, 2019, and then continued thereafter to recuperate and heal.

On or around January 25, 2019, Ms. Tien received a letter from the Supervisor of Inflight Services placing her on an approved medical leave of absence. The letter clearly states that Ms. Tien would be afforded medical leave until January 25, 2023, "our records indicate you have been placed on a leave of absence effective 1/25/2019. If you remain medically unable to return to work… you will be administratively separated on 1/25/2023." Ms. Tien relied on this representation to her detriment that she had until January 25, 2023, to return to work.

However, on or around January 25, 2022, without notice or knowledge, Ms. Tien was wrongfully and unlawfully terminated from her employment with United.

-2-
*Complaint – DFEH No. 202208-17933416*

Date Filed: August 16, 2022
Date Amended: August 16, 2022

Merely two days after her termination, on January 27, 2022, Ms. Tien was informed by Supervisor Talia Espinoza that she had been wrongfully terminated from United. Supervisor Espinoza stated that her notification was a mere "courtesy to inform [Ms. Tien] of the termination before she received a letter of termination." In response, Ms. Tien asked Supervisor Espinoza why she had not been informed prior to her being terminated and that the letter sent by United explicitly stated that her maximum leave of absence was until January 2023.

However, Supervisor Espinoza unlawfully admonished her by stating that "you didn't come back" and claimed it was Ms. Tien's responsibility to keep track of the time she was entitled to because "[she] could do the math."  This is direct evidence of discriminatory animus.  Furthermore, Supervisor Espinoza insensitively claimed that she did not have to tell Ms. Tien about her termination, nor did she have to talk to management about the mistake in the letter because "she did not have to do the extra work."

Moreover, Ms. Tien asked Supervisor Espinoza why she had not received any sort of notification prior to her termination, to which Espinoza responded that United notifies an employee merely once by sending a letter specifying an employee's maximum leave of absence time, which in this case was inaccurate.  In February 2022, Ms. Tien was released and able to return to work.

Consequently, on or around February 7, 2022, Ms. Tien emailed the Director of Inflight Base Operations, Nancy Byun-Riedel, stating that she was "simply terminated by surprise" from United due to the mistake on their company letter.  Ms. Tien also stated that she "was not notified of her termination until two days later" and "no one even asked if [she] was medically able to return to work or gave [her] an opening to come back."

However, on or around February 8, 2022, Ms. Byun-Riedel responded stating that "Ultimately, the 3-year max LOA is contractual and is not changeable, regardless of what was written on the letter by a previous supervisor. It is not something [she] can make a different decision on."

This decision violates well-reasoned law.  The doctrine of estoppel expressly mandates that an employer will be equitably estopped to plead the defense of ineligibility where the employer has misled the employee concerning their entitlement to FMLA (or CFRA) leave, by either making an affirmative misrepresentation or by silence; and where the employee reasonably relied on the employer's misrepresentation or silence, and the employee suffered harm as a result. See Kosakow v. New Rochelle Radiology Assocs., P.C. (2nd Cir. 2001) 274 F3d 706, 724-727; Dormeyer v. Comerica Bank-Illinois (7th Cir. 2000) 223 F3d 579, 582; Minard v. ITC Deltacom Communications, Inc. (5th Cir. 2006) 447 F3d 352, 358-359.

Here, United's letter and policy of providing only one notice of an employee's rights to leave clearly misled Ms. Tien concerning her entitlement to protected medical leave by stating that her maximum leave of absence she was entitled to would exhaust in 2023.  Ms. Tien reasonably relied on United's misrepresentation and was wrongfully terminated due to

-3-

*Complaint – DFEH No. 202208-17933416*

Date Filed: August 16, 2022
Date Amended: August 16, 2022

United's actions. Had she known of the shortened return requirement, Ms. Tien would have come back to work more quickly.

Additionally, estoppel may arise even where the employer was unaware of the true facts and did not intend its statement to be relied upon. In Dobrowski v. Jay Dee Contractors, Inc. (6th Cir. 2009) 571 F3d 551, 556, the court held the employee was misled by the employer's silence to a request to take medical leave (believing it was FMLA-protected) where the employee had less than the 1250 qualifying hours of employment for FMLA, because the employer failed to reply to the employees request for the leave.  In the face of the employer's legal duty to inform the employee of her ineligibility, the employer was equitably estopped from challenging her eligibility. See Kosakow v. New Rochelle Radiology Assocs., P.C., supra, 274 F3d at 726.

Based on the above, Ms. Tien should not have been terminated.  Ms. Tien demands to be reinstated to her previous position with full benefits and seniority. This includes seniority, compensation and incentives, employee discounts, health insurance, retirement benefits and savings, time off, vacation benefits, voluntary benefits, and travel benefits. Demand was made to return to work, which was denied on August 15, 2022.

-4-

*Complaint – DFEH No. 202208-17933416*

Date Filed: August 16, 2022
Date Amended: August 16, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

VERIFICATION

I, **Adam Reisner**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On August 16, 2022, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

                                                    **Sherman Oaks, California**

-5-
*Complaint – DFEH No. 202208-17933416*

Date Filed: August 16, 2022
Date Amended: August 16, 2022

Form DFEH-ENF 80 RS (Revised 02/22)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

August 16, 2022

RE:     **Notice of Filing of Discrimination Complaint**
        DFEH Matter Number: 202208-17933416
        Right to Sue: Tien / United Airlines et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation.  The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. You may contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,

Form DFEH-ENF 80 RS (Revised 02/22)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

Department of Fair Employment and Housing

Form DFEH-ENF 80 RS (Revised 02/22)

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Yihsing Tien                                          DFEH No. 202208-17933416

                              Complainant,

vs.

United Airlines
Inflight Service  San Francisco International Airport,
SFOSW
San Francisco, CA 94128

Talia Espinoza
,

                              Respondents

_____

**1.** Respondent **United Airlines** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.**Complainant is naming **Talia Espinoza** individual as Co-Respondent(s).

**3**. Complainant **Yihsing Tien**, resides in the City of **Sherman Oaks,** State of **CA.**

**4**. Complainant alleges that on or about **August 15, 2022**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's disability (physical or mental), medical condition (cancer or genetic characteristic), other, association with a member of a protected class, family care or medical leave (cfra).

**Complainant was discriminated against** because of complainant's disability (physical or mental), other, association with a member of a protected class, family care or medical leave (cfra) and as a result of the discrimination was terminated, denied hire or promotion, reprimanded, denied equal pay, demoted, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied reasonable accommodation for a

-1-<br>
<em>Complaint – DFEH No. 202208-17933416</em>

Date Filed: August 16, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

disability, other, denied work opportunities or assignments, denied or forced to transfer, denied family care or medical leave (cfra).

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, participated as a witness in a discrimination or harassment complaint, requested or used family care or medical leave (cfra) and as a result was terminated, denied hire or promotion, reprimanded, denied equal pay, suspended, demoted, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied reasonable accommodation for a disability, other, denied work opportunities or assignments, denied or forced to transfer, denied family care or medical leave (cfra).

**Additional Complaint Details:** Yihsing Tien, seeks (employment) claims against United Airlines ("United") and Supervisor Talia Espinoza (hereinafter referred to as "Supervisor Espinoza"), include, among others: actual/perceived disability discrimination, harassment, and retaliation in violation of the California Fair Employment and Housing Act (FEHA); violation of the California Family Rights Act (CFRA); wrongful termination in violation of public policy; and intentional infliction of emotional distress.
Ms. Tien had been employed by United beginning May 6, 2013, as a Flight Attendant. As discussed in greater detail below, Ms. Tien was subjected to unlawful harassment, discrimination, and retaliation due to her disabilities and for taking approved medical leave and was wrongfully terminated while on approved protected medical leave, in violation of the FEHA.

On or around October 30, 2018, Ms. Tien was severely injured outside a hotel sidewalk on a work trip which caused her to experience severe physical disabilities to her left elbow, knee, and wrist. Since being placed on a leave of absence, Ms. Tien has endured five surgeries due to these injuries, resulting in Ms. Tien having to take medical leave until January 25, 2019, and then continued thereafter to recuperate and heal.

On or around January 25, 2019, Ms. Tien received a letter from the Supervisor of Inflight Services placing her on an approved medical leave of absence. The letter clearly states that Ms. Tien would be afforded medical leave until January 25, 2023, "our records indicate you have been placed on a leave of absence effective 1/25/2019. If you remain medically unable to return to work… you will be administratively separated on 1/25/2023." Ms. Tien relied on this representation to her detriment that she had until January 25, 2023, to return to work.

However, on or around January 25, 2022, without notice or knowledge, Ms. Tien was wrongfully and unlawfully terminated from her employment with United.

Merely two days after her termination, on January 27, 2022, Ms. Tien was informed by Supervisor Talia Espinoza that she had been wrongfully terminated from United. Supervisor Espinoza stated that her notification was a mere "courtesy to inform [Ms. Tien] of the termination before she received a letter of termination." In response, Ms. Tien asked Supervisor Espinoza why she had not been informed prior to her being terminated and that

-2-
*Complaint – DFEH No. 202208-17933416*

Date Filed: August 16, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

the letter sent by United explicitly stated that her maximum leave of absence was until January 2023.

However, Supervisor Espinoza unlawfully admonished her by stating that "you didn't come back" and claimed it was Ms. Tien's responsibility to keep track of the time she was entitled to because "[she] could do the math."  This is direct evidence of discriminatory animus.  Furthermore, Supervisor Espinoza insensitively claimed that she did not have to tell Ms. Tien about her termination, nor did she have to talk to management about the mistake in the letter because "she did not have to do the extra work."

Moreover, Ms. Tien asked Supervisor Espinoza why she had not received any sort of notification prior to her termination, to which Espinoza responded that United notifies an employee merely once by sending a letter specifying an employee's maximum leave of absence time, which in this case was inaccurate.  In February 2022, Ms. Tien was released and able to return to work.

Consequently, on or around February 7, 2022, Ms. Tien emailed the Director of Inflight Base Operations, Nancy Byun-Riedel, stating that she was "simply terminated by surprise" from United due to the mistake on their company letter.  Ms. Tien also stated that she "was not notified of her termination until two days later" and "no one even asked if [she] was medically able to return to work or gave [her] an opening to come back."

However, on or around February 8, 2022, Ms. Byun-Riedel responded stating that "Ultimately, the 3-year max LOA is contractual and is not changeable, regardless of what was written on the letter by a previous supervisor. It is not something [she] can make a different decision on."

This decision violates well-reasoned law.  The doctrine of estoppel expressly mandates that an employer will be equitably estopped to plead the defense of ineligibility where the employer has misled the employee concerning their entitlement to FMLA (or CFRA) leave, by either making an affirmative misrepresentation or by silence; and where the employee reasonably relied on the employer's misrepresentation or silence, and the employee suffered harm as a result. See Kosakow v. New Rochelle Radiology Assocs., P.C. (2nd Cir. 2001) 274 F3d 706, 724-727; Dormeyer v. Comerica Bank-Illinois (7th Cir. 2000) 223 F3d 579, 582; Minard v. ITC Deltacom Communications, Inc. (5th Cir. 2006) 447 F3d 352, 358-359.

Here, United's letter and policy of providing only one notice of an employee's rights to leave clearly misled Ms. Tien concerning her entitlement to protected medical leave by stating that her maximum leave of absence she was entitled to would exhaust in 2023.  Ms. Tien reasonably relied on United's misrepresentation and was wrongfully terminated due to United's actions. Had she known of the shortened return requirement, Ms. Tien would have come back to work more quickly.

Additionally, estoppel may arise even where the employer was unaware of the true facts and did not intend its statement to be relied upon. In Dobrowski v. Jay Dee

-3-

*Complaint – DFEH No. 202208-17933416*

Date Filed: August 16, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

Contractors, Inc. (6th Cir. 2009) 571 F3d 551, 556, the court held the employee was misled by the employer's silence to a request to take medical leave (believing it was FMLA-protected) where the employee had less than the 1250 qualifying hours of employment for FMLA, because the employer failed to reply to the employees request for the leave. In the face of the employer's legal duty to inform the employee of her ineligibility, the employer was equitably estopped from challenging her eligibility. See Kosakow v. New Rochelle Radiology Assocs., P.C., supra, 274 F3d at 726.

Based on the above, Ms. Tien should not have been terminated. Ms. Tien demands to be reinstated to her previous position with full benefits and seniority. This includes seniority, compensation and incentives, employee discounts, health insurance, retirement benefits and savings, time off, vacation benefits, voluntary benefits, and travel benefits. Demand was made to return to work, which was denied on August 15, 2022.

-4-

*Complaint – DFEH No. 202208-17933416*

Date Filed: August 16, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

VERIFICATION

I, **Adam Reisner**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On August 16, 2022, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Sherman Oaks, California**

-5-
*Complaint – DFEH No. 202208-17933416*

Date Filed: August 16, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

# EXHIBIT B



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

August 16, 2022

Yihsing Tien
15303 Ventura Blvd. Ste 1260
Sherman Oaks, CA 91403

RE:   **Notice of Case Closure and Right to Sue**
       DFEH Matter Number: 202208-17933416
       Right to Sue: Tien / United Airlines et al.

Dear Yihsing Tien:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective August 16, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

Form DFEH-ENF 80 RS (Revised 02/22)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.


Sincerely,


Department of Fair Employment and Housing

Form DFEH-ENF 80 RS (Revised 02/22)