UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YIHSING TIEN, AKA ANGELA TIEN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC., et al.,<br><br>Defendants. | Case No. 23-cv-02622-JSW<br><br>**ORDER GRANTING, IN PART, AND DENYING, IN PART, MOTION TO DISMISS SECOND AMENDED COMPLAINT AND SETTING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 42 |

Now before the Court for consideration is the motion to dismiss filed by Defendant United Airlines, Inc. ("United"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it GRANTS, IN PART, and DENIES, IN PART, United's motion.

## BACKGROUND

Plaintiff Yihsing "Angela" Tien ("Ms. Tien") worked for United as a flight attendant from approximately 2013 to January 2022. (Dkt. No. 41, Second Amended Complaint ("SAC"), ¶¶ 17 at p. 5, 22 at p. 7 & Ex. A (Department of Fair Employment and Housing Complaint ("DFEH Compl.") at 2-3).)[1] Ms. Tien was covered by a Joint Collective Bargaining Agreement ("JCBA") between United and the Association of Flight Attendants ("AFA"). (Dkt. No. 42-2, Declaration of Nancy ByunRiedel ("ByunRiedel Decl."), ¶ 9, Ex. A (JCBA).)[2]

---

[1]   The SAC contains duplicative paragraph numbers. To distinguish between paragraphs, the Court also cites to page numbers.

[2]   United asks the Court to take judicial notice of the JCBA. Although Ms. Tien objects to the Court considering extrinsic evidence and argues it does not cover the period at issue, she does not contest the authenticity of the JCBA. Section 32 of the JCBA describes its duration and includes a provision that it will automatically renew each year after August 28, 2021 unless a written notice of change is served. The Court has considered the JCBA for purposes of analyzing whether Ms. Tien's claims are preempted and OVERRULES her objection to United's request for

1

Ms. Tien alleges that, on or around October 30, 2018, she severely injured her knees, left elbow, left shoulder, and left wrist when she fell in a hotel on work trip. (*See, e.g.,* SAC ¶ 22a at p. 7.) Ms. Tien was placed on medical leave and underwent surgery. On or about January 25, 2019, Ms. Tien received a letter from United that stated she had been placed on a leave of absence effective January 25, 2019. United also stated that if Ms. Tien remained "medically unable to return to work, in accordance with Section 15E of the" JCBA, she would be administratively separated on January 25, 2023. (ByunRiedel Decl., ¶ 7, Ex. A (Letter dated 1/25/2019)).[3] Ms. Tien alleges that United terminated her without notice on January 25, 2022 for the purpose of harassing her. (*See, e.g.,* SAC ¶¶ 22d, 22f at pp. 7-9.)

Ms. Tien emailed United's Director of Inflight Base Operations to complain that she had been terminated because of United's mistake and was told United could not do anything about the termination. Ms. Tien's counsel then contacted United and demanded that she be reinstated. Ms. ByunReidel responded that "the 3-year max LOA is contractual and is not changeable, regardless of what was written on the letter by a previous supervisor." Ms. Tien alleges United failed to take any remedial actions and did not re-hire Ms. Tien. (*Id.* ¶¶ 22b, 22e, 22k-p at pp. 7-10; *see also* ByunReidel Decl., ¶¶ 5-7, Ex. B (email).)

Ms. Tien includes additional facts regarding the nature of her alleged disabilities. (SAC ¶¶ 19, 21 at p. 6-7.) She also alleges that she "was able to perform the essential functions of her job either with and/or without reasonable accommodations, including but not limited to modified duty, light duty, reassignment to another position, modified work schedule, and/or by taking protected medical leave, and/or with other reasonable accommodations. (*Id.* ¶ 20 at p. 6.)

Based on these and other allegations the Court shall address as necessary, Ms. Tien alleges

---

judicial notice.

[3] Ms. Tien objects to the Court considering the January 19 letter and an email from Ms. ByunRiedel. However, she relies on the January 19 letter to support her position that United should be equitably estopped from terminating her before January 25, 2023 and relies on the email to allege that United harassed her. (*See, e.g.,* SAC ¶¶ 22e at 8, 22l-22n at 9-10.) The Court GRANTS United's request to consider these documents under the incorporation by reference doctrine and OVERRULES Ms. Tien's objections.

2

1  United violated California's Fair Employment and Housing Act ("FEHA") by: (1) harassing her
2  for an actual or perceived disability; (2) discriminating against her for an actual or perceived
3  disability; (3) retaliating against her for an actual or perceived disability; (4) failing to engage in
4  the good-faith interactive process; and (5) failing to provide reasonable accommodation.  Ms. Tien
5  also asserts claims against United for: (6) violations of California's Family Rights Act ("CFRA");
6  (7) retaliation and wrongful termination in violation of public policy; (8) intentional infliction of
7  emotional distress; and (9) injunctive relief.

**ANALYSIS**

**A.  Applicable Legal Standards.**

Defendants move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, and pursuant to 12(b)(6), for failure to state a claim.  "A Rule 12(b)(1) jurisdictional attack may be facial or factual."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  A "facial" attack accepts the truth of the plaintiff's allegations but asserts that they "are insufficient on their face to invoke federal jurisdiction."  *Id.*  The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6).  *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013).

A court's inquiry under Rule 12(b)(6) "is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff."  *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).  Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Pursuant to *Twombly*, a plaintiff cannot merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

If the allegations are insufficient to state a claim, a court should grant leave to amend

3

unless amendment would be futile. *See, e.g., Reddy v. Litton Indus. Inc.*, 912 F.3d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990). Where a plaintiff has previously amended and failed to correct deficiencies, the Court's "discretion to deny leave to amend is particularly broad[.]" *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).

**B.      The Court Denies United's Motion to Dismiss Based on Railway Labor Act ("RLA") Preemption.**

United renews its arguments that Ms. Tien's claims are "minor" disputes preempted by the RLA.[4] The Court still is not persuaded. The Ninth Circuit has established a two-part test to determine if claims are preempted. First, the Court must "evaluate the legal character of the claim by asking whether it seeks purely to vindicate a right or duty created by the CBA itself." *Schurke*, 989 F.3d at 920-21. If the answer to that question is yes, the claim is preempted. If the answer is no, the Court evaluates whether the claim requires interpretation of the CBA, which means the Court must do more than "consider, refer to, or apply" the CBA. *Id.* at 921 (internal quotations and citations omitted). If the Court must interpret the CBA, the claim is preempted.

Ms. Tien does not seek to vindicate a right or duty created by the JCBA. Rather, resolution of this argument still depends upon whether the Court is required to interpret the JCBA. *See, e.g., Quigley v. United Airlines, Inc.*, No. 21-cv-00538-WHO, 2021 WL 1176687, at *6-*7 (N.D. Cal. Mar. 29, 2021) (noting discrimination and harassment claims generally are not preempted because they are based on independent state law duties); *Leaea v. United Airlines Inc.*, No. 18-cv-00479-SI, 2018 WL 3777566, at *7 (N.D. Cal. Aug. 9, 2018) (concluding claims for violation of FEHA and CFRA did not "seek to vindicate a right that is purely created by the CBA" that governed the plaintiff's employment).

Turning to the second prong of the test, United argues that Ms. Tien's argument that it should be estopped from terminating her demonstrates that the Court would be required to

---

[4]      "Minor" disputes under the RLA are disputes about "duties and rights created or defined by" a collective bargaining agreement ("CBA"). *See Alaska Airlines v. Schurke*, 898 F.3d 904, 919 (9th Cir. 2018) (quoting *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 258 (1994)).

interpret, rather than refer to, the terms of the JCBA. There still is nothing in the record to suggest there is an "active dispute" about the meaning of the relevant terms of the JCBA. *Schurke*, 898 F.3d at 921; *Quigley*, 2021 WL 1176687 at *7 (finding claim not preempted where nature of plaintiff's discrimination claim was unclear and where defendant failed to point to a "contested CBA provision that would require interpretation"); *Leaea*, 2018 WL 3777566, at *7-*9 (concluding that discrimination, retaliation, and wrongful termination claims were not preempted because although court might be required to refer to leave policies, there was no active dispute about the meaning of the terms).

Accordingly, the Court concludes United has not met its burden to show Ms. Tien's claims are preempted and DENIES the motion to dismiss on that basis. United may revisit this argument if, as the case progresses, it appears the Court would be required to interpret the JCBA. *See, e.g., Quigley*, 2021 WL 1176687, at *7-*8.

**C.    The Court Grants, in part, United's Motion to Dismiss for Failure to State Claims.**

**1.    The Court Dismisses the Claims for Harassment and Intentional Infliction of Emotional Distress.**

The Court has considered Ms. Tien's arguments about why actions taken after she was terminated could support a claim for harassment and intentional infliction of emotional distress. It also has considered the allegations in paragraph 22q on page 11, in which she alleges that United unfairly disciplined her or overly scrutinized or monitored her. However, Ms. Tien does not include a description of any incident of unfair discipline or an incident where she was overly scrutinized because of her disabilities before she was placed on medical leave. In addition, the allegations that United's conduct was "severe and pervasive" are legal conclusions couched as fact.

Therefore, for the reasons set forth in the Court's Order denying Ms. Tien's motion to remand, the Court concludes Ms. Tien still fails allege facts that are sufficient to state a claim. *Tien v. United Airlines*, No. 23-cv-2622-JSW, 2023 WL 5444678, at *2-*4 (N.D. Cal. Aug. 23, 2023). The Court GRANTS United's motion to dismiss these claims. In light of Ms. Tien's failure to rectify the deficiencies identified by the Court, the Court dismisses these claims without

1  leave to amend.

2  **2.  The Court Denies the Motion to Dismiss Ms. Tien's Claim for Disability Discrimination.**

3

4  FEHA makes it unlawful "[f]or an employer, because of the ... physical disability ... of any person, to refuse to hire or employ the person or ... discharge the person from employment ...." Cal. Gov't Code § 12940(a). There is no dispute that Ms. Tien sufficiently alleges an adverse employment action. *See, e.g., Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 797 (N.D. Cal. 2015) (termination qualifies as an adverse employment action). Ms. Tien also alleges facts describing her disabling conditions and her performance prior to the alleged injury. Ms. Tien's allegations raise the reasonable inference that United terminated her because she was on medical leave. The Court concludes that theory and those allegations "plausibly link[]" Ms. Tien's termination to discrimination on the basis of her disability. *Compare Austin v. Univ. of Ore.*, 925 F.3d 1133, 1138 (9th Cir. 2019) (affirming dismissal of complaint where it lacked "sufficient, non-conclusory allegations plausibly linking the disciplinary action to discrimination on the basis of sex"); *Glynn v. Sup. Ct.*, 42 Cal. App. 5th 47, 54 (2019) (denying motion for summary adjudication where employee terminated because employer "mistakenly believed [employee] was totally disabled and unable to work"). United's arguments are best raised in the context of a motion for summary judgment.

Accordingly, the Court DENIES United's motion to dismiss the disability discrimination claim.

**3.  The Court Dismisses the Retaliation Claim, Without Leave to Amend.**

In order to state a claim for retaliation under FEHA, Ms. Tien must allege facts to show she engaged in protected activity, was subject to an adverse employment action, and that "a causal link between the protected activity and the adverse employment action" exists. *Glynn*, 42 Cal. App. 5th at 55. Protected activity can include requesting accommodation for her disability. *See* Cal. Gov. Code §§ 12940(h), (m)(2). Ms. Tien alleges that United granted her request for medical leave and fails to allege any facts that she engaged in protected activity after she was terminated.

Accordingly, the Court GRANTS United's motion to dismiss this claim and concludes

6

further amendment would be futile.

### 4. The Court Denies the Motion to Dismiss the Claims for Failure to Engage in the Interactive Process and Failure to Provide Reasonable Accommodation.

The Court concludes that Ms. Tien has done the bare minimum to allege that United failed to engage in the interactive process and failed to reasonably accommodate her disability. Specifically, she alleges that she was disabled and that United was aware of her disability. She also alleges that United did not permit her to return to work. *See, e.g., Ayala v. Frito Lay, Inc.*, 263 F. Supp. 3d 891, 908 (E.D. Cal. 2017) (citing cases). United's arguments about the impact of the JCBA, and Ms. Tien's arguments regarding estoppel are best addressed in the context of a motion for summary judgment. *Cf. Prilliman v. United Air Lines, Inc.*, 53 Cal. App. 4th 935, 950-51 (1997) ("[A]n employer who knows of the disability of an employee has an affirmative duty to make known to the employee other suitable job opportunities with the employer and to determine whether the employee is interested in, and qualified for, those positions if the employer can do so without undue hardship or if the employer offers similar assistance or benefit to other disabled or nondisabled employees or has a po9licy of offering such assistance or benefit to any other employees.").

### 5. The Court Denies the Motion to Dismiss the CFRA Claim.

The CFRA makes it unlawful for an employer to "to refuse to hire, or to discharge, fine, suspend, expel, or discriminate against" an employee who has exercised their right to medical leave under the CFRA. Cal. Gov. Code § 12945.2(*l*).[5] United argues that many courts have concluded that an employer does not violate CFRA by terminating an employee for failing to return once CFRA leave expires, citing *Kadiyan v. Medtronic, Inc.*, No. CV 10-5291-MMM (MANx), 2011 WL 13142145 at * (C.D. Cal. Apr. 8, 2011), *aff'd* 410 Fed. Appx. 649 (9th Cir. 2013). However, *Kadiyan,* and the majority of the cases cited therein, addressed the issue in the context of a motion for summary judgment, and the Court finds them distinguishable on that basis.

United also argues that Ms. Tien cannot state a claim because she would have exhausted

---

[5] The relevant regulations describe the cause of action as one for "retaliation." *See* 2 Cal. Code Regs. § 7297.7; *Dudley v. Dep't of Transp.*, 90 Cal. App. 4th 255, 261 (2001).

7

her medical leave by the time she was terminated. In *Dudley,* the court rejected this argument. It reasoned that if the plaintiff took leave that "qualified as CFRA leave, and if [the defendant] took any adverse employment action against [the plaintiff] because she exercised her right to take that leave," the plaintiff would have established a prima facie case of retaliation under the CFRA whether or not she had exhausted her leave by the time of her termination. *Dudley*, 90 Cal. App. 4th at 264.

The Court concludes Ms. Tien sufficiently *alleges* a claim under the CFRA. Ms. Tien may face an uphill battle to establish causation or to rely on equitable estoppel, but United's arguments are best addressed in the context of a motion for summary judgment. The Court DENIES United's motion to dismiss this claim.

**6.     The Court Denies the Motion to Dismiss the Common Law Claims for Wrongful Termination and Retaliation.**

United moves to dismiss Ms. Tien's common law claims for retaliation and wrongful termination in violation of public policy. Because the Court has denied United's motion to dismiss Ms. Tien's discrimination claim and CFRA, it denies its motion to dismiss the claim for wrongful termination. *See City of Moorpark v. Sup. Ct.*, 18 Cal. 4th 1143, 1161 (1998). United moves to dismiss the common law retaliation claim "for conduct other than her termination." (Mot. at 13:5-6.) The only adverse action Ms. Tien alleges is her termination. Accordingly, in light of the Court's ruling on the CFRA claim, it DENIES United's motion to dismiss the claim for retaliation.

**7.     The Court Dismisses the Claim for Injunctive Relief, Without Prejudice.**

United also moves to dismiss Ms. Tien's claim for injunctive relief on the basis that it is a remedy, not a cause of action. The Court GRANTS the request to dismiss the claim but will not preclude Ms. Tien from seeking injunctive relief as a remedy.

## CONCLUSION

For the foregoing reasons, the Court GRANTS, IN PART, AND DENIES, IN PART, United's motion to dismiss. United shall file an answer by no later than February 13, 2024. The parties shall appear for an initial case management conference on March 22, 2024 at 11:00 a.m.

8

and shall file a joint case management conference statement by March 15, 2024.

**IT IS SO ORDERED**.

Dated: January 22, 2024

_____
JEFFREY S. WHITE
United States District Judge