UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

YIHSING TIEN AKA ANGELA TIEN,

Plaintiff,

v.

UNITED AIRLINES, INC.,

Defendant.

Case No. 23-cv-02622-JSW (TSH)

**DISCOVERY ORDER**

Re: Dkt. No. 96

The parties are holding the Plaintiff's Rule 35 examination hostage to a dispute over what information has to be produced following the exam. The Court declines to play along.

Rule 35 says what United must produce: "The party who moved for the examination must, on request, deliver to the requester a copy of the examiner's report, together with like reports of all earlier examinations of the same condition." Fed. R. Civ. Proc. 35(b)(1). "The examiner's report must be in writing and must set out in detail the examiner's findings, including diagnoses, conclusions, and the results of any tests." *Id*. (b)(2).

So, United should go do that. If Plaintiff thinks United's Rule 35 report is missing something that Rule 35 requires, she should meet and confer with United, and if the parties cannot resolve their dispute, they should file a joint discovery letter brief, attaching the Rule 35 report as an exhibit. The Court will likely resolve the dispute by reading the report, comparing it to Rule 35, and then deciding whether the report contains the required things. The Court can't do that right now because the examination hasn't happened and no report exists.

United suggests that the examining neuropsychologist, Dr. Judy Ho, will also be designated as an expert witness. If so, then when expert disclosures are due, United should make the disclosures required by Rule 26. If Plaintiff thinks they are inadequate, she can meet and

confer with United, and if they are unable to resolve their dispute, they should file a joint discovery letter brief, attaching the expert disclosures as an exhibit. The Court will likely resolve the dispute by reviewing the expert disclosures and comparing them to what is required by Rule 26. The Court can't do that right now because expert disclosures have not taken place yet.

The Court **ORDERS** the parties to conduct Plaintiff's Rule 35 examination without further delay. If there are any disputes about the "time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it," Fed. R. Civ. Proc. 35(a)(2)(B), the parties must promptly file a joint discovery letter brief identifying those disputes. This is not an invitation for further briefing in advance of the examination about the content of the examiner's report, which will be written after the examination takes place.

The Court declines to enter a "highly confidential" protective order at this juncture, as it doesn't seem necessary.

This order terminates ECF No. 96.

**IT IS SO ORDERED.**

Dated: January 8, 2026

THOMAS S. HIXSON
United States Magistrate Judge

2