UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

YIHSING TIEN AKA ANGELA TIEN,

Plaintiff,

v.

UNITED AIRLINES, INC.,

Defendant.

Case No. 23-cv-02622-JSW

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. No. 74

This matter comes before the Court upon consideration of the motion for summary judgment filed by Defendant United Airlines, Inc. ("United"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it HEREBY GRANTS United's motion.

**BACKGROUND**

Plaintiff Yihsing "Angela" Tien ("Ms. Tien") claims that United violated her rights under California's Fair Housing and Employment Act ("FEHA") by discriminating against her because of a disability, by failing to reasonably accommodate her disability, and by failing to engage in the good faith interactive process. She also claims United retaliated against her for taking leave under the California Family Rights Act ("CFRA").[1]

Ms. Tien worked for United as a flight attendant from June 6, 2013, to January 25, 2022. (Declaration of Michelle Gehrke ("Gehrke Decl."), ¶ 2, Ex. A (Deposition of Ms. Tien ("Tien

---

[1]    Ms. Tien also asserts a claim for wrongful termination in violation of public policy, which the parties agree is dependent upon her statutory claims. In light of the Court's ruling on the statutory claims, United is entitled to summary judgment on this claim as well.

1

Depo."), Vol. I at 39:3-11 & Tien Depo. Ex. 2 (Tien's Employee Profile).)[2]  It is undisputed that Ms. Tien was covered by a Joint Collective Bargaining Agreement ("JCBA") between United and the Association of Flight Attendants ("AFA").  (Gehrke Decl., Ex. A (Tien Depo. Vol. I at 35:23-38:4, 109:10-19 & Tien Depo. Ex. 7 (JCBA).)

United's flight attendants "are required to be able to perform a combination of physical activities in the course of their work day," including "standing, walking, climbing, stooping, crouching, squatting, kneeling, reaching, twisting, and bending."  (Gehrke Decl., Ex. A (Tien Depo. Vol. II at 372:11-25, Tien Depo. Ex. 5 (United Flight Attendant Job Description).)[3]  They also are required to push or pull movable carts that can have an "initial push/pull" force of up to 45 pounds and frequently are required to "use force up to 25 lbs. to lift, push, or pull objects, such as beverage stowage bins. … [and may be], required to use forces greater than 55 lbs. to lift, push, or pull objects."  At times, these tasks "must be performed with the arms at or above shoulder level."  (*Id.*, Ex. A (Tien Depo. Ex. 5).)

On or around October 30, 2018, Ms. Tien injured "her knees, left elbow, left shoulder, and left wrist" on a work trip.  (*Id.*, Ex. A (Tien Depo. Ex. 28 (Tien Resp. to Interrogatory No. 7).)  Neither party submitted any of Ms. Tien's medical records, but Ms. Tien stated that she was "restricted from crawling, bending over, bending at the knees, and heavy lifting."  (*Id.*, Ex. A (Tien Depo. Ex. 28 (Tien Resp. to Interrogatory No. 10).)  Based on her injuries, Ms. Tien's doctors determined that she could not perform the duties required of a flight attendant.  (Gehrke

---

[2]    Ms. Tien argues that neither she nor Robert Krabbe ("Mr. Krabbe") authenticated exhibits attached to their declarations, and she objects to Ms. Gehrke's attestation that they did.  The Court overrules that objection but will examine each exhibit to determine if it would be admissible at a later stage of the litigation. *Cf. Sandoval v. Cty. of San Diego*, 985 F.3d 657, 666 (9th Cir. 2021) ("If the contents of a document can be presented in a form that would be admissible at trial—for example, through live testimony by the author of the document—the mere fact that the document itself might be excludable hearsay provides no basis for refusing to consider it on summary judgment.").  Ms. Tien also argues some evidence is irrelevant.  Relevance objections "are generally unnecessary on summary judgment because they are duplicative of the summary judgment standard itself." *Sandoval*, 985 F.3d at 665 (cleaned up).  Where the Court has relied on testimony or evidence to which any party raised a relevance objection, that objection is overruled. *Id.*

[3]    Ms. Tien objects to Exhibit 5 on the basis that it lacks foundation, was not authenticated, is hearsay, and is "speculation."  The Court overrules each objection and notes that Ms. Tien testified about these requirements during her deposition. *See Sandoval*, 985 F.3d at 666.

Decl., Ex. A (Tien Depo. Vol. II at 372:19-23, 25; *see also id.* at 393:10-15 (testifying that flight attendants were required to perform those duties if working on an airplane).)

Ms. Tien filed a worker's compensation claim, which United accepted. Ms. Tien also used some of her sick bank hours to obtain paid leave. (Gehrke Decl., Ex. A (Tien Depo. Vol. I at 76:1-10, 77:3-25).) In January 2019, Ms. Tien requested a medical leave of absence, which United granted. (*Id.*, Ex. A (Tien Depo. Vol. I at 89:2-7, 313:25-314:6, Tien Depo. Vol. II at 380:19-25)).) On or about January 25, 2019, Ms. Tien received a letter from United in which it stated:

> The purpose of this letter is to advise you that our records indicate you have been placed on a leave of absence effective **1/25/2019**. If you remain medically unable to return to work, in accordance with Section 15E of the Joint Collective Bargaining Agreement, you will be administratively separated on **1/25/2023.**

(Gehrke Decl., Ex. A (Tien Depo. Vol. I at 91:12-14 & Tien Depo. Ex. 6 ("Leave Letter") (emphasis in original).)

Section 15.E of the JCBA provides that:

1. Leaves of absence required due to illness or non-occupational injury shall be granted upon written verification of disability from a qualified medical doctor. Any such leave may not exceed the lesser of: (a) The period of disability, *or (b) Three (3) years*, or (c) The Flight Attendant's total length of active service.

2. At the end of the maximum period, the Flight Attendant will be administratively terminated and removed from the System Seniority List…

(JCBA, Section 15.E (emphasis added).) In August of 2017, the AFA and United agreed that "occupational medical leaves are meant to be covered by the provisions of Section 15.E of the [JCBA] (which governs non-occupational medical leaves), except that a Flight Attendants [sic] on occupational medical leave will accrue vacation[.]" (Gehrke Decl., ¶ 3, Ex. B (Deposition of Robert Krabbe ("Krabbe Depo.") at 20:20-22:23, 49:20-50:17, & Krabbe Depo. Ex. 3).)[4]

Under the terms Section 15.E of the JCBA, the separation date cited in Ms. Tien's Leave Letter was incorrect. Although the employee who initially calculated Ms. Tien's maximum leave

---

[4]    Ms. Tien objects to Krabbe Depo. Ex. 3 based on hearsay and foundation issues. The Court overrules those objections. Mr. Krabbe authenticated Exhibit 3 and testified about the negotiations that resulted in the agreement.

date notified Ms. Tien's base of the error, it is undisputed that United did not issue Ms. Tien a new Leave Letter. (Declaration of Tessa King ("King Decl."), ¶ 7, Ex. F (Deposition of Danelle Berry at 11:15-12:20, 13:12-14:10, 17:23-19:3, 19:15-20:4, 21:18-22:4, 23:2-6, 23:23-24:18, 29:2-30:8, 30:21-31:1, & Berry Depo. Ex. 5.)

On January 27, 2022, United sent Ms. Tien a letter that stated:

> This letter is regarding your inactive status with United Airlines. On September 29, 2016, you were sent a business letter indicating changes to the leave of absence policy, including, but not limited to the maximum length of some leaves per the [JCBA]. The JCBA states in relevant part:
>
> [Section 15.E 1&2 quoted.]
>
> Company records indicate that you have been off work non-paid since January 25, 2019. As indicated in the September 29, 2016 business letter <u>if you do not return to work prior to the expiration of your Medical leave, your employment with United Airlines will be administratively terminated in accordance with Section</u> 15.E.2.
>
> *You have exceeded the contractual inactive status effective January 24, 2022.* Therefore you have been removed from the United Airlines Flight Attendant System Seniority List in accordance with the [JCBA] and you have been released from your employment with United Airlines effective, January 25, 2022.

(Gehrke Decl., Ex. A (Tien Depo. Vol. I at 198:4-13; Tien Depo. Ex. 11 ("Separation Letter") (emphasis in original)).)

Ms. Tien testified that she had not been cleared to return to work and had not asked to be assigned another position at the time United terminated her. According to Ms. Tien, she did not return to work because she relied on the fact that the Leave Letter stated she could remain on leave until January 25, 2023. (*Id.*, Ex. A (Tien Depo. Vol. I at 277:8-10).) After Ms. Tien learned United terminated her employment, Ms. Tien wrote to Nancy Byun-Reidel and stated that "[h]ad I been asked to return to work by January 25, 2022, I would have agreed. I can return to my original position with some accommodation for my hand injury or to another position where I am qualified." (*Id.*, Ex. A (Tien Depo. Vol. I at 85:3-7, 86:10-17, 223:2-3, 226:17-227:2; Tien Depo. Vol. II at 444:19-22; Tien Depo. Ex. 16 (Email from Ms. Tien to Nancy Byun-Reidel dated

United States District Court
Northern District of California

2/7/22)).)[5]

The Court will address additional facts in the analysis.

### ANALYSIS

**A.**      **Applicable Legal Standards and Burdens of Proof.**

"A party may move for summary judgment, identifying each claim or defense … on which summary judgment is sought." Fed. R. Civ. P. 56(a).  A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Summary judgment, or partial summary judgment, is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A court may not weigh evidence or make determinations of credibility.  Rather, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).  The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323; *see also* Fed. R. Civ. P. 56(c).

An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson*, 477 U.S. at 248-49.  A fact is "material" if it may affect the outcome of the case. *Id.* at 248.  If the party moving for summary judgment does not have the ultimate burden of persuasion at trial, that party must produce evidence which either negates an essential element of the non-moving party's claims or shows that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

Once the moving party meets its initial burden, the non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996).  "A mere scintilla of evidence will not be sufficient to defeat a

---

5       Ms. Tien objects to Ms. Byun-Reidel's response to Ms. Tien's email and argues it is hearsay, lacks foundation, and lacks authentication.  The Court has not considered the first paragraph of Ms. Byun-Reidel's email to resolve the motion.  The Court overrules the objections to the second paragraph, which Ms. Tien argues is direct evidence of discrimination.

properly supported motion for summary judgment; rather, the nonmoving party must introduce some significant probative evidence tending to support the complaint." *Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir. 1997) (cleaned up). If the non-moving party fails to point to evidence precluding summary judgment, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

**B.      Ms. Tien's Claims Are Not Entirely Preempted.**

United argues that each of Ms. Tien's claims is a "minor" dispute preempted by the Railway Labor Act ("RLA"). "Congress' purpose in passing the RLA was to promote stability in labor-management relations by providing a comprehensive framework for resolving labor disputes." *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252 (1994) ("*Norris*"). The RLA creates a process for arbitrating two types of disputes: "major" and "minor." *Id.* "Minor" disputes are disputes about "duties and rights created or defined by" a collective bargaining agreement ("CBA"). *Alaska Airlines v. Schurke*, 898 F.3d 904, 919 (9th Cir. 2018) (quoting *Norris*, 512 U.S. at 258). The Ninth Circuit has established a two-part test to determine if claims are preempted under the RLA. First, the Court must "evaluate the legal character of the claim by asking whether it seeks purely to vindicate a right or duty created by the CBA itself." *Schurke*, 899 F.3d at 920-21. If the answer to that question is yes, the claim is preempted. If the answer is no, the Court evaluates whether the claim requires interpretation of the CBA, which means the Court must do more than "consider, refer to, or apply" the CBA. *Id.* at 921 (cleaned up). If the Court must interpret the CBA, the claim is preempted.

The RLA does not generally preempt claims under FEHA or under the CFRA "because the right is defined and enforced under state law without reference to the terms of any collective bargaining agreement." *Chmiel v. Beverly Wilshire Hotel Co.,* 873 F.2d 1283, 1286 (9th Cir. 1989) (addressing preemption under Section 301 of the Labor Management Relations Act ("LMRA")); *see also Quigley v. United Airlines, Inc.*, No. 21-cv-00538-WHO, 2021 WL 1176687, at *6-*7 (N.D. Cal. Mar. 29, 2021) (noting discrimination and harassment claims generally are not preempted because they are based on independent state law duties); *Leaea v. United Airlines Inc.*, No. 18-cv-00479-SI, 2018 WL 3777566, at *7 (N.D. Cal. Aug. 9, 2018) (on

6

United States District Court
Northern District of California

motion to dismiss concluding that claims for violation of FEHA and CFRA did not "seek to vindicate a right that is purely created by the CBA" governing the plaintiff's employment).[6]

The Court still is not persuaded by United's argument that all of Ms. Tien's claims arise from or necessarily require the Court to interpret the JCBA. For example, the finder of fact would not be required to interpret the JCBA to resolve the issue of whether United had a legitimate, non-discriminatory reason to terminate Ms. Tien. *See, e.g., Tanaka v. United Parcel Serv.*, No. 22-cv-5476-TLT, 2024 WL 4993585, at *11 (N.D. Cal. Sept. 16, 2024) (finding defendant's reliance on the terms of a CBA sufficient to show non-pretextual reason for termination). Further, Ms. Tien need not need to rely on the JCBA to demonstrate that United's reason for terminating her was pretextual.

However, Ms. Tien does argue that because she relied on the date in the Leave Letter, she believed she did not need to return to work until January 25, 2023. (Gehrke Decl., Ex. A (Tien Depo. Vol. I at 203:1-8); *see also* King Decl. Ex. A (Tien Depo. Vol. I at 215:1-11); King Decl., Ex. B (Tien Depo. Vol. II at 424:6-425:4).) To the extent Ms. Tien argues that United should be estopped from applying the terms of the JCBA to her or that Section 15.E does not apply to her, claims based on those theories would seek to vindicate a right created by the JCBA or would require the Court to interpret the JCBA. *Cf. Audette v. Longshoremen's and Warehousemen's Union*, 195 F.3d 1107, 1112-13 (9th Cir. 1999) (holding promissory estoppel claim based on alleged breach of a settlement agreement was preempted, where resolution of the claim would require interpretation of CBA terms).

Accordingly, the Court GRANTS, IN PART, AND DENIES, IN PART, United's motion for summary judgment based on RLA preemption.

**C.     United Is Entitled to Summary Judgment on Ms. Tien's Discrimination Claim.**

FEHA prohibits employers from discriminating against an employee because of a physical disability, unless "the employee … is unable to perform the employee's essential duties even with

---

[6]     In *Norris*, the Supreme Court adopted the standard applicable to LMRA preemption "to resolve claims of RLA preemption." *Norris*, 512 U.S. at 262-63.

reasonable accommodations, or cannot perform those duties in a manner that would not endanger the employee's health or safety or the health or safety of others even with reasonable accommodations." Cal. Gov. Code § 12940(a)(1). To prevail on this claim, Ms. Tien is required to prove she "(1) suffered from a disability or was regarded as suffering from a disability, (2) could perform the essential duties of a job with or without reasonable accommodations, and (3) was subjected to an adverse employment action because of the disability or perceived disability." *Glynn v. Sup. Ct.* 42 Cal. App. 5th 47, 53, fn. 1 (2019). There is no dispute about the first element. Ms. Tien relies on her termination and failure to reinstate her as adverse employment actions.

Although California "has adopted the three-stage burden-shifting test established by the United States Supreme Court for trying claims of discrimination," the Court does not automatically apply that test in a claim for disability discrimination. *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 364 (2000) (citing, *inter alia*, *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973)); *see also Glynn*, 42 Cal. App. 5th at 53. That is because claims for disability discrimination "often involve direct evidence of the role of the employee's actual or perceived disability in the employer's decision to implement an adverse employment action." *Wallace v. Cty. of Stanislaus*, 245 Cal. App. 4th 109, 123 (2016). If there is no direct evidence of discrimination, the Court applies the *McDonnell- Douglas* test. That test requires Ms. Tien to establish a *prima facie* case of discrimination. The burden then shifts to United to offer a legitimate non-discriminatory reason for the challenged action. If United meets that burden, Ms. Tien must show United's proffered reason is a pretext for discrimination or that there is other evidence to show its motive was discriminatory. *See, e.g., Guz*, 24 Cal. 4th at 354-56.

United argues Ms. Tien fails to show that it terminated her because of a disability rather than because of the terms of the JCBA. It also argues she has not put forth evidence that United failed to reinstate her because of her disability. The Court agrees. United cites *Tanaka* for the proposition that relying on the terms of a CBA is a legitimate and non-discriminatory reason for terminating employment. *See Tanaka*, 2024 WL 4993585, at *11. In *Tanaka*, the court denied cross-motions for summary judgment on the plaintiff's claim for disability discrimination, in part because there were disputed issues of fact about whether the employee could perform essential

duties with or without reasonable accommodations. *Id.*

The court also concluded that the defendant's "own statements indicate that it placed [the plaintiff] on leave because of his disability." *Id.* United has not engaged with some of the similarities between the facts in *Tanaka* and the facts in this case, but the Court concludes *Tanaka* is distinguishable and does not dictate the outcome here. First, it is not clear that the plaintiff in *Tanaka* asked to be placed on leave. Here, it is undisputed that Ms. Tien requested to be placed on unpaid medical leave. Second, although the plaintiff in *Tanaka* attempted to return to work, he was told to go home and told that he "would not be able to return until he was 100% healed." *Id.*, at *3. There are no similar facts here. (King Decl., Ex. A (Tien Depo. Vol. I at 218:8-11).)

"[T]he great weight of federal and California authority holds that an employer is entitled to summary judgment if, considering the employer's innocent explanation for its actions, the evidence as a whole is insufficient to permit a rational inference that the employer's actual motive was discriminatory." *Guz*, 34 Cal. 4th at 361. Ms. Tien argues that Talia Espinoza and Nancy Byun-Ridel made negative comments to her, but she has not cited any specific statements that are discriminatory. After she was terminated, Ms. Tien wrote to a different union representative and stated she thought United was trying to get rid of her because of her disability. She also testified she had heard from other flight attendants that United "hate[s] employees who are on medical leave" and testified that "other flight attendants complained they were given hard time because they took medical leave." (King Decl., Ex. A (Tien Depo. Vol. I at 217:10-24.)

Ms. Tien's subjective beliefs are not sufficient to create disputed issues of material fact about United's motives for its decision to terminate her or for its reasons for not reinstating her. *See, e.g., Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028-29 & n.6 (9th Cir. 2006). In February 2020, union representative Sheila Schultz advised Ms. Tien that she could "be on a medical leave of absence for up to three years." (Tien Depo. Ex. 18.) There, is no evidence that United has made an exception to the terms of the JCBA for other disabled individuals or for non-disabled individuals. Looking at the facts in the light most favorable to Ms. Tien, the Court concludes the record "as a whole is insufficient to permit a rational inference that" United's motive for these actions was discriminatory.

United States District Court
Northern District of California

Accordingly, the Court GRANTS United's motion for summary judgment on Ms. Tien's disability discrimination claim.

**D.    United Is Entitled to Summary Judgment on Ms. Tien's Claims for Failure to Accommodate and Failure to Engage in the Interactive Process.**

FEHA requires employers "to make reasonable accommodation for the known physical or mental disability of an applicant or employee." Cal. Gov. Code § 12940(m)(1). FEHA also requires employers to "engage in a timely, good faith, interactive process with the employee … to determine effective reasonable accommodations, if any…." Cal. Gov. Code § 12904(n). The relevant regulations require an employer to start an interactive process when an "employee with a known physical or mental disability or medical condition requests reasonable accommodations[.]" Cal. Code Regs. § 11069(b). This good faith interactive process "requires communication and good-faith exploration of possible accommodations between employers and individual employees…." *Humphrey v. Mem'l Hospitals Ass'n*, 239 F.3d 1128, 1137 (9th Cir. 2001). Whether an employer fails to provide reasonable accommodation or fails to engage in the interactive process generally is a question of fact. *See Wilson v. Cty. of Orange*, 169 Cal. App. 4th 1185, 1193 (2009).

There is no evidence in the record that Ms. Tien asked for any accommodation other than medical leave, and there is no dispute that United granted that request. The record shows United asked Ms. Tien if she was interested in transferring to a different position, but Ms. Tien declined. (Gehrke Decl., Ex. A (Tien Depo. Vol. I at 226:17-227:2, Tien Depo. Vol. II at 382:14-384:2, 385:15-24, 393:21-24; Tien Depo. Ex. 28 (Tien Resp. to Interrogatories 8-9.).) Taking all facts in the light most favorable to Ms. Tien, the Court concludes no reasonable juror could find that United failed to reasonably accommodate her disability.

The obligation to engage in the interactive or obligation to engage in the interactive process is a continuing duty and "extends beyond the first attempt at an accommodation and continues when the employee asks for a different accommodation or where the employer is aware that the initial accommodation is failing and further accommodation is needed." *Humphrey*, 239 F.3d at 1138. In *Tanaka*, the court denied the defendant's motion summary judgment on the

10

United States District Court
Northern District of California

plaintiff's interactive process claim because the defendant reassigned him to a new position without his input. There also was no evidence that the defendant considered the plaintiff's alternative requests for accommodation. The court also concluded there were disputed factual questions about who bore responsibility for the breakdown of the interactive process. 2024 WL 4993585, at *8-10.

The Court again finds *Tanaka* distinguishable. As noted, there is no evidence in the record that Ms. Tien asked United for an accommodation other than medical leave. There is no evidence that Ms. Tien gave notice to United that she needed a different accommodation, which United then ignored. While Ms. Tien was on leave, United continued to send her letters advising her that it had a reasonable accommodation program. (*See, e.g.,* Gehrke Decl., Ex. A (Tien Depo. Exs. 30-31)[7].) Ms. Tien argues that she had no reason to ask for another accommodation because she relied on the date in the Leave Letter, which she argues United should have honored. For the reasons discussed in Section B, a claim based on that theory is preempted.

The Court concludes Ms. Tien fails to meet her burden to show there are disputed issues of fact that United failed to engage in or was responsible for any breakdown in the interactive process.

Accordingly, the Court GRANTS United's motion for summary judgment on these claims.

**E.      United Is Entitled to Summary Judgment on Ms. Tien's CFRA Claim.**

The CFRA makes it an "unlawful employment practice for any employer … to refuse to grant a request by any employee with more than 12 months of service with the employer, and who has at least 1,250 hours of service with the employer during the previous 12-month period … to take up to a total of 12 workweeks in any 12-month period for family care and medical leave." Cal. Gov. Code § 12945.2(a).

Ms. Tien's "only request for leave under CFRA was made in or around January 2019[.]" (Gehrke Decl., Ex. A (Tien Depo. Vol. I, at 320:13-3219:19, Tien Depo. Ex. 28 (Tien Resp. to Interrogatory No. 11).) United did not terminate Ms. Tien until 2022. Based on the lack of

---

[7]      Ms. Tien objects to these exhibits on the basis that they lack foundation and authentication, are hearsay, and call for speculation. The Court overrules those objections.

temporal proximity between her request for medical leave and her termination and based on the statutory duration of CFRA leave, the Court concludes no reasonable juror could find that United terminated Ms. Tien because she exercised her right to take CFRA leave.  *Cf. Kadiyan v. Medtronic,* No. CV 10-05921 MMM (MANx), 2011 WL 13142145, at *15 (C.D. Cal. Apr. 11, 2011) ("The Ninth Circuit has held that periods as short as four months are too attenuated to prove causation for purposes of the prima facie case.") (citing cases), *aff'd sub nom. Kadiyan v. Medtronic, Inc.*, 510 Fed. Appx. 649 (9th Cir. 2013).

## CONCLUSION

For the foregoing reasons, the Court GRANTS United's motion for summary judgment. The Court shall enter a separate judgment, and the Clerk shall close this file.

**IT IS SO ORDERED**.

Dated: February 2, 2026

JEFFREY S. WHITE
United States District Judge