ADAM REISNER, ESQ., (State Bar No. 204351)
TESSA KING, ESQ., (State Bar No. 251408)
**REISNER & KING LLP**
15303 Ventura Blvd., Suite 1260
Sherman Oaks, California 91403
Phone: (818) 981-0901
Fax:    (818) 981-0902
Attorneys for Plaintiff
**YIHSING TIEN aka ANGELA TIEN**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| YIHSING TIEN aka ANGELA TIEN,<br><br>   Plaintiff,<br><br>  vs.<br><br>UNITED AIRLINES, INC., a California Corporation; Talia Espinoza, an individual; and DOES 1 THOUGH 100, inclusive,<br><br>  Defendants. | Case No.: 4:23-cv-02622-JSW<br><br>**PLAINTIFF YINSING TIEN aka ANGELA TIEN'S OBJECTIONS TO DEFENDANT UNITED AIRLINES, INC.'S BILL OF COSTS PURSUANT TO LOCAL RULE 54-2**<br><br>**[Filed Concurrently with: Declaration of Tessa King, Esq.; Declaration of Plaintiff Angela Tien.; Request for Judicial Notice]**<br><br>**Courtroom: 5, 2nd Floor**<br>**Hon. Jeffrey S. White** |

<u>**TO THE COURT, DEFENDANT, AND ITS ATTORNEYS OF RECORD:**</u>

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Rule 54-2 of the Northern District of California, **Plaintiff YIHSING (ANGELA) TIEN** ("Plaintiff") respectfully submits these Objections to **Defendant UNITED AIRLINES, INC.**'s ("Defendant") Bill of Costs, filed February 17, 2026, in the amount of $21,926.34.

1

**PLAINTIFF YINGSING TIEN aka ANGEL TIEN'S OBJECTIONS TO BILL OF COSTS**

Pursuant to Civil Local Rule 54-2(b), counsel for Plaintiff met and conferred with counsel for Defendant in a good faith effort to resolve disagreements regarding the costs claimed in the Bill of Costs. On February 25, 2026, counsel for Plaintiff sent an e-mail to Garrett C. Parks, Esq., counsel for Defendant, requesting a call to meet and confer on Plaintiff's intended objections. Mr. Parks responded that same afternoon and the parties conducted a meet and confer telephone call on February 25, 2026. Following the call, counsel for Plaintiff sent a follow-up e-mail to Mr. Parks memorializing the substance of the conversation. The parties were unable to resolve their disagreement regarding the taxable costs claimed. [Declaration of Tessa King, Esq. ("King Decl.") ¶¶ 3-6, Exs. A–B.]

This Objection is based upon this Notice; the Memorandum of Points and Authorities set forth herein; the Declaration of Yihsing (Angela) Tien; the Declaration of Tessa King, Esq.; the Request for Judicial Notice and all exhibits attached thereto, filed concurrently herewith; and all files and records in this action.

Dated: March 3, 2026                                        REISNER & KING LLP


                                                    By:      /s/ Adam Reisner
                                                            ADAM REISNER, ESQ.
                                                            TESSA KING, ESQ.
                                                            Attorneys for PLAINTIFF
                                                            YIHSING TIEN aka ANGELA TIEN

2

**PLAINTIFF YINGSING TIEN aka ANGEL TIEN'S OBJECTIONS TO BILL OF COSTS**

## TABLE OF CONTENTS

I.      INTRODUCTION .................................................................................................6

II.     LEGAL STANDARD ...........................................................................................8

III.    LEGAL ARGUMENT...........................................................................................9

    A.  Plaintiff Has Limited Financial Resources and an Award of Costs Risks Rendering Her Indigent ...............................................................................................................9

    B.  There Is Vast Economic Disparity Between Plaintiff and Defendant..........................11

    C.  The Two-Tiered Inequity of FEHA Plaintiffs Created by Removal To Federal Court Constitutes an Independent "Good Reason" to Deny Costs and Would Chill Future FEHA Claims ........................................................................................................13

        1.  The FEHA's Declared Public Policy Against Disability Discrimination is an Independent "Good Reason" That Compels the Exercise of Discretion in Plaintiff's Favor .......................................................................................................14

        2.  The Structural Inequity Created by Federal Removal Produces a Particularly Severe Chilling Effect on FEHA Disability Claimants ................................................15

    D.  The Issues in This Case Were Close and Difficult .......................................................16

IV.     SPECIFIC OBJECTIONS TO CLAIMED COSTS ........................................................19

    A.  Filing Fees and Docket Fees, Civil L.R. 54-3(a)(1) ($37.52)......................................19

    B.  Service of Process, Civil L.R. 54-3(a)(2) ($9,015.25) .................................................20

    C.  Deposition Transcript Costs Must Be Reduced to Eliminate Video Fees, Duplicative Charges, and Convenience Premiums...........................................................................23

V.      CONCLUSION...................................................................................................26

**PLAINTIFF YINGSING TIEN aka ANGEL TIEN'S OBJECTIONS TO BILL OF COSTS**

# TABLE OF AUTHORITIES

**Cases**

*Ass'n of Mexican-American Educators v. State of California,*

231 F.3d 572 (9th Cir. 2000) ...................................................................................... passim

*Ayala v. Pacific Maritime Ass'n,* No. C-10-03828 EDL,

2011 WL 6217298 (N.D. Cal. Dec. 14, 2011) ..........................................................16

*Escriba v. Foster Poultry Farms, Inc.,*

743 F.3d 1236 (9th Cir. 2014) ..................................................................................... passim

*Grimes v. United Parcel Service, Inc.,*

No. C 07-4059 SI, 2008 WL 4622589 (N.D. Cal. Oct. 17, 2008) ...........................11

*Mansourian v. Board of Regents of the Univ. of California at Davis,*

566 F. Supp. 2d 1168 (E.D. Cal. 2008)....................................................................10

*Marx v. General Revenue Corp.,*

568 U.S. 371 (2013).................................................................................................8, 13

*Rivera v. NIBCO, Inc.,*

701 F. Supp. 2d 1135 (E.D. Cal. 2010)........................................................... passim

*Schaulis v. CTB/McGraw-Hill, Inc.,*

496 F. Supp. 666 (N.D. Cal. 1980) ....................................................................11, 13

*Stanley v. University of Southern California,*

178 F.3d 1069 (9th Cir. 1999) .............................................................................9, 10, 16

*Tanaka v. United Parcel Service,*

2024 WL 4993585 (N.D. Cal. 2024) ........................................................................18

**PLAINTIFF YINGSING TIEN aka ANGEL TIEN'S OBJECTIONS TO BILL OF COSTS**

*Van Horn v. Dhillion,* No. 1:09-cv-01453,

2011 WL 66244 (E.D. Cal. Jan. 10, 2011) ..............................................................9, 11

**Statutes**

Cal. Gov. Code § 12920.............................................................................................7, 14

Cal. Gov. Code § 12921................................................................................................14

Cal. Gov. Code § 12993(a) ........................................................................................7, 14

28 U.S.C. § 1821..........................................................................................................11

**Rules**

Fed. R. Civ. P. 54(d)(1)........................................................................................ passim

Civil Local Rule 1-5......................................................................................................19

Civil Local Rule 54-3(a)(1) .....................................................................................19, 20

Civil Local Rule 54-3(a)(2) .................................................................................. passim

Civil Local Rule 54-3(c)(1) ................................................................................... passim

**PLAINTIFF YINGSING TIEN aka ANGEL TIEN'S OBJECTIONS TO BILL OF COSTS**

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Angela Tien is a 51-year-old former flight attendant with no current income, no spouse, and no financial safety net who brought good-faith disability discrimination claims under the California Fair Employment and Housing Act. She lost on summary judgment. She did not lose because her claims were frivolous — five of nine causes of action survived United's motion to dismiss, this Court engaged with competing authority across multiple rounds of preemption briefing, and the ultimate result turned on narrow factual distinctions rather than legal insufficiency. She lost because United's reliance on the terms of the collective bargaining agreement proved dispositive in a close and contested record.

Now United Airlines, Inc. — a carrier that reported $59.1 billion in operating revenue in fiscal year 2025 — seeks $21,926.34 in costs from the woman who worked as its flight attendant. To Ms. Tien, this cost amount represents more than twice her total income from all sources in the past year and compelling her to pay it would require liquidating the investment holdings that sustain her daily life. By comparison, the amount United seeks represents approximately 0.000037% of its annual revenue — the financial equivalent of rounding error to a corporation of this scale.

There is an independent structural reason why this Court's discretion matters beyond Ms. Tien's individual circumstances. The FEHA's protection against disability discrimination is available in theory to every California employee. But the procedural forum in which that right may be vindicated — and the cost consequences of losing — depends not on the merits of any individual's claim, but on her employer's size and the legal architecture of its industry. An employee whose former employer is a small or local business litigates her FEHA disability claims

6

**PLAINTIFF YINGSING TIEN aka ANGEL TIEN'S OBJECTIONS TO BILL OF COSTS**

in California state court, where no Rule 54(d) cost mechanism applies. Ms. Tien — because her employer is a major interstate air carrier— found herself in federal court not by her own election, but by United's removal. She brought FEHA claims in California state court. United chose this forum and now seeks to use this forum's cost-shifting mechanism as a financial penalty against the plaintiff who never elected to be here. The practical result is a two-tiered system in which the threshold question of whether a FEHA disability claimant can vindicate her rights without facing financial ruin turns not on the merits of her claims, but on whether her employer has the resources and legal architecture to remove those claims to federal court.

That structural inequity is not a peripheral concern — it is an independent reason why the Court should exercise its equitable discretion under Rule 54(d) to deny costs. The California Legislature enacted the FEHA with an express declaration that denial of employment opportunity on the basis of physical disability is "against public policy" and causes harm "to the general welfare of the state." Cal. Gov. Code § 12920. The Legislature further commanded that the FEHA "shall be construed liberally for the accomplishment of the purposes of [the Act]." Cal. Gov. Code § 12993(a). That command does not evaporate when a FEHA case is litigated in federal court. A federal court's decision to impose Rule 54(d) costs against a FEHA claimant is not a neutral procedural act — it is a choice to use federal procedure to impose financial consequences on an employee who exercised her statutory right to seek redress for disability discrimination. The Court's equitable authority is the appropriate instrument to ensure that federal procedure does not become the mechanism by which FEHA's remedial purposes are undermined.

Every factor under the Ninth Circuit's framework supports denial. Ms. Tien's financial circumstances are dire: her total income from all sources in 2025 was approximately $9,000, she has no employment and no financial support from any person or entity and compelling her to pay

7

**PLAINTIFF YINGSING TIEN aka ANGEL TIEN'S OBJECTIONS TO BILL OF COSTS**

$21,926.34 risks rendering her indigent. The economic disparity between Ms. Tien and a carrier reporting $4.3 billion in pre-tax annual earnings categorically exceeds the disparities courts in this circuit have already found sufficient to deny costs. The issues were genuinely close and legally complex, surviving multiple preemption challenges and requiring this Court to carefully distinguish competing authority before ruling at summary judgment. And the structural inequity created by removal of FEHA claims to federal court constitutes an independent "good reason" — beyond the enumerated *Escriba* factors — why this case is not ordinary and why an award of costs would be inequitable. Even if the Court declines to deny costs in their entirety, multiple items in the Bill of Costs are non-compensable, duplicative, or unsupported and must be reduced.

## II.      **LEGAL STANDARD**

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs "should be allowed to the prevailing party" unless a federal statute, these rules, or a court order provides otherwise. Fed. R. Civ. P. 54(d)(1). While this rule creates a presumption in favor of awarding costs to the prevailing party, the district court retains broad discretion to refuse to award costs. *Escriba v. Foster Poultry Farms, Inc.* (9th Cir. 2014) 743 F.3d 1236, 1247. As the Supreme Court has explained, "the word 'should' [in Rule 54(d)(1)] makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. General Revenue Corp.* (2013) 568 U.S. 371, 377.

The Ninth Circuit has identified a non-exhaustive set of "appropriate reasons" for denying costs, which serve as "a starting point for analysis": (1) the substantial public importance of the case; (2) the closeness and difficulty of the issues; (3) the chilling effect on future similar actions; (4) the plaintiff's limited financial resources; and (5) the economic disparity between the parties. *Escriba, supra,* 743 F.3d at 1247-48. Because these factors are only a starting point, the Court's

**PLAINTIFF YINGSING TIEN aka ANGEL TIEN'S OBJECTIONS TO BILL OF COSTS**

equitable discretion is not confined to them. Any "good reason" showing why this case is "not ordinary" and why it "would be inappropriate or inequitable to award costs" supports denial. *Rivera v. NIBCO* (E.D. Cal. 2010) 701 F. Supp. 2d 1135, 1140-41. As set forth below, every starting-point factor weighs in Plaintiff's favor, and beyond those factors, the public policy embedded in the statute at the heart of this litigation provides an additional and independent reason for the Court to exercise its discretion to deny costs in their entirety.

## III. LEGAL ARGUMENT

### A. PLAINTIFF HAS LIMITED FINANCIAL RESOURCES AND AN AWARD OF COSTS RISKS RENDERING HER INDIGENT

In considering whether to deny costs, federal courts consider the losing party's limited financial resources. *Association of Mexican-American Educators v. State of California* (9th Cir. 2000) 231 F.3d 572, 592 ("AMAE") ("In past cases, this court has approved the following reasons for refusing to award costs to a prevailing party: the losing party's limited financial resources"). The court need not determine whether the non-prevailing party is indigent; rather, "the proper inquiry is whether an award of costs might make her so." *Stanley v. University of Southern California* (9th Cir. 1999) 178 F.3d 1069, 1079–80 (referring to the possibility that the plaintiff "would be rendered indigent should she be forced to pay" the amount assessed against her). This is a "common sense" determination of whether the losing party has the ability to pay. *See, Van Horn v. Dhillion* (E.D. Cal. Jan. 10, 2011) No. 1:09-cv-01453, 2011 WL 66244, at *3.

Indeed, a court *abuses its discretion* when it awards costs against a losing plaintiff without first considering that plaintiff's limited financial resources. *Rivera v. NIBCO, Inc.* (E.D. Cal. 2010) 701 F. Supp. 2d 1135, 1143. Moreover, this circuit does not require detailed proof of actual indigency — in *AMAE* itself, the Ninth Circuit found limited financial resources based on sparse

**PLAINTIFF YINGSING TIEN aka ANGEL TIEN'S OBJECTIONS TO BILL OF COSTS**

evidence consisting only of the plaintiffs' job types, with no evidence of any plaintiff's exact financial condition. *Id.* What is required is simply that the plaintiff demonstrate she lacks substantial financial resources; the precise contours of that showing are left to the court's common-sense assessment. *See also Mansourian v. Board of Regents of the Univ. of California at Davis* (E.D. Cal. 2008) 566 F. Supp. 2d 1168, 1171 (denying costs where plaintiffs had "limited financial resources" and were barely able to cover monthly living expenses).

Courts in this circuit have denied costs on the basis of financial inability where the plaintiff is unemployed (*Stanley*, 178 F.3d at 1079-80) or earning less than $25,000 per year (*Rivera*, supra, 701 F. Supp. 2d at 1143). Both circumstances are present here. Plaintiff is currently unemployed and has no income from employment. [Declaration of Tien, ¶ 3.] Her total realized income from all sources in 2025 was approximately $9,000 — the entirety of which consisted of $5,500 in wages from a subsequent position with American Airlines that has since ended, $500 from day trading, and $2,991.02 in dividend income from her investment portfolio. [Declaration of Tien, ¶¶ 7-9.] She is not married and receives no financial support from any other person or entity. [Declaration of Tien, ¶ 7.]

Plaintiff's monthly obligations are substantial relative to her income. She owes more than $200,000 on her studio condominium in Daly City, with a monthly mortgage payment that fluctuates between approximately $1,700 and $2,000 due to currency exchange rate and interest rate fluctuations. [Declaration of Tien, ¶ 4.] She additionally pays $466.16 per month in homeowners association fees, approximately $350 per month in property taxes, and approximately $250 per month in utilities, insurance, and communications expenses. [Declaration of Tien, ¶ 5.] She is presently facing an estimated $1,500 in repair costs from a water leak. [Declaration of Tien,

**PLAINTIFF YINGSING TIEN aka ANGEL TIEN'S OBJECTIONS TO BILL OF COSTS**

¶ 5.] Her only vehicle is a 2017 Honda Civic with no meaningful resale value. [Declaration of Tien, ¶ 6.]

Plaintiff's investment portfolio — her only remaining financial lifeline — has been significantly depleted. She was compelled to liquidate a portion of her long-term holdings last year to support her elderly parents, aged 83 and 81, both of whom were separately hospitalized for serious medical conditions, and to prevent the loss of their home abroad. [Declaration of Tien, ¶ 8.] Her attempts to supplement her income through day trading yielded only $500 in gross earnings against $700 in expenses, and she cannot represent to this Court that day trading will provide reliable income in any foreseeable timeframe. [Declaration of Tien, ¶ 7.] She has no other assets of significance and no person, business, or organization that owes her money. [Declaration of Tien, ¶ 11.]

Compelling Plaintiff to pay $21,926.34 in costs would require her to liquidate the investment holdings that currently sustain her daily life, with potentially devastating consequences to her financial stability. [Declaration of Tien, ¶ 10.] By any common-sense measure, an award of costs of this magnitude risks rendering Plaintiff indigent. *Van Horn*, 2011 WL 66244, at *9.

**B.  THERE IS VAST ECONOMIC DISPARITY BETWEEN PLAINTIFF AND DEFENDANT**

Federal courts in the Ninth Circuit also consider the economic disparity between the parties when deciding whether to award costs. *Rivera v. NIBCO* 701 F. Supp. 2d at 1144 (citing *AMAE, supra,* 231 F.3d at 592); *Schaulis v. CTB/McGraw-Hill, Inc.* (N.D. Cal. 1980) 496 F. Supp. 666, 680 (denying costs where an award of costs would lead to a "harsh result when plaintiff is an individual litigant and defendant is a large corporation"); *Grimes v. United Parcel Service, Inc.* (N.D. Cal. Oct. 17, 2008) No. C 07-4059 SI, 2008 WL 4622589, at *5-6 (denying costs based in

**PLAINTIFF YINGSING TIEN aka ANGEL TIEN'S OBJECTIONS TO BILL OF COSTS**

part on "the great disparity in the financial resources of the parties"). A court abuses its discretion when it awards costs without accounting for this disparity. *Rivera*, 701 F. Supp. 2d at 1143.

The economic disparity between the parties is significant. Plaintiff is a 51-year-old unemployed former flight attendant with no current wages, no salary, and no reliable income stream. [Declaration of Tien ¶¶ 1, 3.] Her only recurring income consists of modest dividend payments of approximately $2,991 per year from a limited investment portfolio, portions of which she has already liquidated to meet living expenses and family obligations. [Declaration of Tien ¶ 8.] In 2025, her total realized income from all sources was approximately $9,000. [Declaration of Tien ¶ 9, Exhibit A.] As reflected in her declaration, Plaintiff is operating at a financial deficit and has no alternative source of financial support. [Declaration of Tien ¶¶ 7, 9, 11.]

By contrast, Defendant reported $59.1 billion in operating revenue in fiscal year 2025 — the highest in its history — and $4.3 billion in pre-tax earnings. [Exhibit A, Plaintiff's Request for Judicial Notice] The amount it seeks here represents approximately **0.000037% of its annual revenue** — the financial equivalent of rounding error to a multinational corporation of this scale. This disparity is not merely significant — it is extraordinary, and it exceeds the disparity that courts in this circuit have already found sufficient to deny costs. In *Rivera*, the court denied a $84,434.40 cost bill where the defendant corporation reported approximately $590 million in annual sales and the plaintiffs were hourly workers earning less than $20,000 to $25,000 per year. *Rivera*, 701 F. Supp. 2d at 1143–44. United Airlines' revenue is roughly 100 times larger than Nibco's, while Plaintiff's annual income of approximately $9,000 is less than half what the *Rivera* plaintiffs earned. The ratio of institutional wealth to individual plaintiff income here is categorically greater than what *Rivera* found dispositive. If that disparity warranted denial, this one compels it.

12

**PLAINTIFF YINGSING TIEN aka ANGEL TIEN'S OBJECTIONS TO BILL OF COSTS**

This is precisely the scenario that courts have found warrants denial of costs. An individual who worked as a flight attendant and brought good-faith employment discrimination claims under California law should not be made to subsidize United Airlines' litigation budget. *See, Schaulis*, 496 F. Supp. at 680.

### C. THE TWO-TIERED INEQUITY OF FEHA PLAINTIFFS CREATED BY REMOVAL TO FEDERAL COURT CONSTITUTES AN INDEPENDENT "GOOD REAOSN" TO DENY COSTS AND WOULD CHILL FUTURE FEHA CLAIMS

As a starting point, the Ninth Circuit has made clear that the five factors identified in *Escriba* and *Ass'n of Mexican-American Educators* are "appropriate reasons" for denying costs — they are "a starting point for analysis," not a ceiling on the district court's equitable authority. *Escriba, supra,* 743 F.3d at 1248. The list is explicitly "not exhaustive." *See, Id.* (citing *AMAE*, 231 F.3d at 593). Rule 54(d)'s use of "should" reflects discretion — a discretion that "ultimately lies within the sound discretion of the district court." *Marx v. General Revenue Corp.*, 568 U.S. 371, 377 (2013).

The requirement that the court "specify reasons" for denial means any "good reason" why the case is not "ordinary" and why it would be "inappropriate or inequitable to award costs" suffices. *Rivera, supra,* 701 F. Supp. 2d at 1140. The public policy embedded in a statute that is the very basis of the plaintiff's claims is, by definition, a good reason that a court should not ignore in exercising its equitable discretion.

### 1. The FEHA's Declared Public Policy Against Disability Discrimination is an Independent "Good Reason" That Compels the Exercise of Discretion in Plaintiff's Favor

**PLAINTIFF YINGSING TIEN aka ANGEL TIEN'S OBJECTIONS TO BILL OF COSTS**

The California Legislature enacted the FEHA with an explicit declaration that it is "necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination" on the basis of physical or mental disability. *Cal. Gov. Code* § 12920. This is not merely a private right — the Legislature expressly declared that "the practice of denying employment opportunity and job advancement to persons solely because of . . . physical handicap or mental or physical condition is against public policy" and causes harm not just to the individual, but to "the general welfare of the state." *Id.*; *Cal. Gov. Code* § 12921 (establishing civil right to seek employment free from disability discrimination).

The Legislature further directed that the FEHA "shall be construed liberally for the accomplishment of the purposes of [the Act]." *Cal. Gov. Code* § 12993(a). Liberal construction is not a preference — it is a statutory command. This command does not evaporate when a FEHA case is litigated in federal court. Federal courts sitting in diversity and supplemental jurisdiction routinely give effect to state law's remedial purposes when exercising equitable discretion. The Rule 54(d) discretion inquiry is precisely the kind of equitable determination where the purposes of the underlying substantive law must inform the court's judgment.

A federal court's decision to impose Rule 54(d) costs in a FEHA disability case is not a neutral procedural act. It is a choice to use federal procedure to impose financial punishment on an employee who exercised her statutory right to seek redress for disability discrimination — and lost. The FEHA's public policy of protecting California workers from disability discrimination is not served by a rule that imposes tens of thousands of dollars in costs on former employees who bring good-faith claims. It is undermined by such a rule. The district court's equitable discretion under Rule 54(d) is the appropriate mechanism for ensuring that federal procedure does not

**PLAINTIFF YINGSING TIEN aka ANGEL TIEN'S OBJECTIONS TO BILL OF COSTS**

become a weapon that defeats the remedial purposes of the state substantive statute it is supposed merely to adjudicate.

### 2.    The Structural Inequity Created by Federal Removal Produces a Particularly Severe Chilling Effect on FEHA Disability Claimants

This case presents a chilling-effect concern that goes beyond the general proposition that costs deter litigation. Plaintiff filed her claims — brought entirely under California law — in California state court. Defendant United removed the action to this Court based on diversity jurisdiction and a challenge to Defendant Espinoza who they alleged was fraudulently joined. Having succeeded in transferring the case to a federal forum of its choosing, Defendant United now seeks to utilize that forum's cost-shifting mechanism against Plaintiff who never sought to be in federal court.

The practical consequence of permitting this result is a structurally ***two-tiered system*** for FEHA disability claimants. An employee whose former employer is a small or mid-sized company with no federal labor law nexus litigates her FEHA claims in California state court, where she faces no comparable Rule 54(d) exposure. But an employee of a large transportation or airline employer — one whose employment is governed by a collective bargaining agreement subject to the RLA — faces the prospect of removal to federal court and a significant federal cost award upon losing on summary judgment, regardless of the good faith or merit of her claims. ***The threshold question of whether an employee's rights can be vindicated should not turn on her employer's size and ability for that employer to remove to federal court.***

Courts in the Ninth Circuit have consistently recognized that "[a] case is considered to be of great importance when the claims involved are subject to closer scrutiny or special interest by the court, or the issues raised in the litigation have ramifications beyond the parties and concerns

**PLAINTIFF YINGSING TIEN aka ANGEL TIEN'S OBJECTIONS TO BILL OF COSTS**

immediately involved in the litigation." *Ayala v. Pacific Maritime Ass'n* (N.D. Cal. Dec. 14, 2011) No. C-10-03828 EDL, 2011 WL 6217298, at *3 (citing cases); *see also, e.g., Stanley v. University of Southern California* (9th Cir. 1999) 178 F.3d 1069, 1080 (an employment discrimination case brought by an individual under the Equal Pay Act raised "important issues and that the answers were far from obvious"). The interplay between the FEHA's disability protections, an employer's duty to accommodate and engage in the interactive process, and the preemptive reach of the RLA over state employment claims brought by flight attendants are questions with ramifications for thousands of workers in the airline industry. This is not an ordinary case, and it should not be treated as one.

As the Ninth Circuit has recognized, "[w]ithout civil rights litigants who are willing to test the boundaries of our laws, we would not have made much of the progress that has occurred in our nation since *Brown v. Board of Education*." *Stanley*, 178 F.3d at 1080. The FEHA's declared public policy, the breadth of its protective mandate, and the structural two-tiered inequitable system that removal to federal court creates for disability claimants together constitute a compelling and independent "good reason" — beyond the standard *AMAE* factors — for this Court to exercise its discretion to deny costs. To hold otherwise is to permit Defendant to weaponize the removal statute as a cost-shifting device against the very plaintiffs California law was designed to protect.

### D.  THE ISSUES IN THIS CASE WERE CLOSE AND DIFFICULT

In evaluating whether to deny costs, courts also consider the closeness and difficulty of the issues in the case. *Escriba*, 743 F.3d at 1247. The mere fact that United prevailed on summary judgment does not resolve this inquiry. As courts in this circuit have recognized, a defendant's ultimate success does not undermine the legal and factual complexity of the underlying claims. *See, Rivera, supra,* 701 F. Supp. 2d at 1144.

**PLAINTIFF YINGSING TIEN aka ANGEL TIEN'S OBJECTIONS TO BILL OF COSTS**

The record of this litigation demonstrates that complexity in concrete terms. Ms. Tien's Second Amended Complaint asserted nine causes of action. This Court denied United's motion to dismiss five of them — disability discrimination, failure to engage in the interactive process, failure to provide reasonable accommodation, CFRA retaliation, and wrongful termination in violation of public policy — allowing those claims to proceed to a full discovery record and summary judgment briefing. Dkt. No. 51 at 6–8. That five of nine claims survived dismissal reflects a judicial determination that Plaintiff's case was legally sufficient and non-frivolous.

The most legally complex and recurring issue — RLA preemption — was litigated through multiple rounds of briefing across successive complaints and again at summary judgment. Applying the Ninth Circuit's two-part *Schurke* test, the Court denied preemption at the pleading stage, concluding United had not demonstrated an "active dispute" about the meaning of the JCBA sufficient to require interpretation of the agreement. Dkt. No. 51 at 4–5. At summary judgment, the Court again denied United's sweeping preemption argument as to Plaintiff's core FEHA and CFRA claims, reaffirming that those rights arise under independent state law and do not require CBA interpretation. Dkt. No. 108 at 6–7. The Court did, however, find that Ms. Tien's estoppel-based theory — that United should be bound by the January 25, 2023 separation date stated in its own Leave Letter — was preempted to the extent it required the Court to interpret or override the JCBA's three-year maximum leave provision. *Id.* at 7. The fact that this Court had to distinguish between which theories of the same underlying claim were and were not preempted — and had to do so twice — illustrates the genuine legal difficulty the case presented.

The substantive merits were equally close. On the disability discrimination claim, the Court engaged at length with *Tanaka v. United Parcel Service* (N.D. Cal. 2024) 2024 WL 4993585, a factually analogous case in which a court had denied summary judgment where a defendant relied

**PLAINTIFF YINGSING TIEN aka ANGEL TIEN'S OBJECTIONS TO BILL OF COSTS**

on CBA terms to justify termination of a disabled employee. Dkt. No. 108 at 8–9. Rather than rejecting *Tanaka* as inapposite, the Court found it necessary to distinguish it on two specific factual grounds — that Ms. Tien had herself requested leave and had not attempted to return to work — before concluding that United's reliance on the JCBA was a legitimate, non-discriminatory reason. *Id.* A court's need to work through a directly competing analog and distinguish it on narrow facts is not a sign of an easy case; it is a sign of a close one.

The interactive process and accommodation claims presented similar difficulty. The Court again engaged with *Tanaka*, which had denied summary judgment on an interactive process claim where the employer reassigned the plaintiff without input and failed to consider alternative accommodations. *Id.* at 10–11. The Court distinguished *Tanaka* on the ground that Ms. Tien had not formally requested an accommodation beyond medical leave — but the record also showed United had continued sending Ms. Tien letters about its reasonable accommodation program while she remained on leave, and that she had expressed willingness to return with accommodation only after her termination. These were not trivial factual distinctions; they required the Court to carefully parse who bore responsibility for any breakdown in the interactive process.

Underlying all of this was an equitable question that the Court was ultimately unable to reach on the merits: United's own employee sent Ms. Tien a letter in January 2019 stating her administrative separation date was January 25, 2023. United's base was internally notified that this date was incorrect, but United never issued a corrected letter. Dkt. No. 108 at 3–4. Ms. Tien relied on that letter in deciding not to seek reinstatement before January 2022. The Court resolved her estoppel argument only through RLA preemption — not on its equitable merits. The existence of that underlying factual scenario, in which an employer's own undisputed written error drives a

18

**PLAINTIFF YINGSING TIEN aka ANGEL TIEN'S OBJECTIONS TO BILL OF COSTS**

plaintiff's reliance and subsequent termination, is precisely the kind of close and difficult issue that courts in this circuit have found weighs against a costs award.

As in *Rivera*, where the jury's swift verdict did not undermine the complexity that had defeated summary judgment, United's success here does not erase the difficulty of the questions this Court navigated across two years of contested motion practice. *See, Rivera*, 701 F. Supp. 2d at 1144. Plaintiff's claims were legally coherent, survived judicial scrutiny at the pleading stage, required this Court to engage with competing and unsettled authority at summary judgment, and turned on narrow factual distinctions rather than clear legal deficiencies. The closeness-and-difficulty factor weighs in favor of denying costs.

## IV.    SPECIFIC OBJECTIONS TO CLAIMED COSTS

Even if this Court is not inclined to deny the Bill of Costs in its entirety, individual items should be disallowed or reduced.

### A.    Filing Fees and Docket Fees, Civil LR 54-3(a)(1) ($37.52)

United claims $439.52 in filing fees. Under Civil Local Rule 54-3(a)(1), the Clerk's filing fee is allowable if paid by the claimant. However, Invoice No. 20275928 reflects a $37.52 state court e-filing fee incurred in San Mateo Superior Court in connection with United's Notice of Removal. That cost is not "the Clerk's filing fee" within the meaning of Civil Local Rule 54-3(a)(1) and should be disallowed. *See* Civil Local Rule 1-5 (defining "Clerk" as the Clerk or a Deputy Clerk of this Court). The San Mateo Superior Court is not this Court, and its clerk is not "the Clerk." Accordingly, $37.52 of the claimed filing fees should be disallowed.

### B.    Service of Process, Civil LR 54-3(a)(2) ($9,015.25)

United claims $9,015.25 in service of process fees under Local Rule 54-3(a)(2). Every service reflected in Exhibit B was performed by a private process server — First Legal Network

**PLAINTIFF YINGSING TIEN aka ANGEL TIEN'S OBJECTIONS TO BILL OF COSTS**

or Impact Investigations — not the United States Marshal. Under Civil Local Rule 54-3(a)(2), fees for service of process by someone other than the marshal are allowable only "to the extent reasonably required and actually incurred." That is not a permissive standard. It places the burden on United to affirmatively demonstrate, for each claimed service, that the cost was reasonably required in the litigation. United has not met that burden.

### 1. United's Showing of "Relevance" Does Not Establish That Service Was Reasonably Required

The Declaration of Garrett Parks identifies twenty-one subpoena recipients and offers a single sentence of justification for each: that the recipient "was a medical provider of Plaintiff in this action and had records relevant to the action," or similar boilerplate. Parks Decl. ¶¶ 3(a)–(u). This bare recitation does not satisfy the "reasonably required" standard of Local Rule 54-3(a)(2). Relevance and necessity are distinct concepts. Records may be relevant to an action but not reasonably required to litigate it — particularly where, as here, the case resolved on summary judgment without trial, the Court's ruling turned on the undisputed legal framework governing Plaintiff's leave and termination, and United's own MSJ Order does not cite medical records as a basis for any ruling. *See* Dkt. No. 108. United has offered no explanation of how each set of third-party records **actually** contributed to the litigation, how they were used in any motion or proceeding, or why the volume of subpoenas directed at Plaintiff's medical providers was reasonably required rather than a broad discovery dragnet. Without that showing, the "reasonably required" standard is not satisfied, and the entire $9,015.25 is subject to disallowance on this basis alone.

### 2. Rush and Expedited Service Premiums Were Not Reasonably Required

**PLAINTIFF YINGSING TIEN aka ANGEL TIEN'S OBJECTIONS TO BILL OF COSTS**

Even setting aside the threshold sufficiency problem, a substantial portion of the invoiced amounts reflects rush service premiums that were manifestly not reasonably required. Throughout Exhibit B, service entries are designated "BRANCH IMMEDIATE," "PROCESS-SAME DAY," "PROCESS-BRANCH SAME DAY," and "PROCESS-FORWARD SAME DAY." Many invoices contain explicit client instructions demanding service "TODAY" or "ASAP." On these invoices, the "Additional Charges" column routinely equals or exceeds the base service charge — reflecting that United paid a premium of 100% or more above standard rates to accommodate its own scheduling preferences. A rush service fee is, by definition, a charge incurred for the convenience of counsel rather than the necessity of litigation. It is not "reasonably required" within the meaning of Local Rule 54-3(a)(2) and should be disallowed.

### 3.  Charges for Failed Service Attempts Are Not Recoverable

Multiple invoices reflect notations of "Comment: 2 attempts," "Comment: 3 attempts," and "Comment: 4 attempts," with corresponding additional charges for each failed attempt prior to successful service. The taxable cost of service of process is the cost of effecting service. Charges for failed attempts that did not result in service are not costs "actually incurred" in accomplishing service within the meaning of the rule and should be disallowed.

### 4.  The Invoices Contain Numerous Charges That Are Not Services of Process Costs

Beyond the rush premiums and failed-attempt charges, the Exhibit B invoices contain systematic line-item charges that have no relationship to the act of serving process and are not recoverable under Local Rule 54-3(a)(2) or § 1920(1) under any standard:

- *"Check Charge" fees.* Administrative banking charges appearing as minimum fees or per-page charges are vendor overhead, not service costs.

21

**PLAINTIFF YINGSING TIEN aka ANGEL TIEN'S OBJECTIONS TO BILL OF COSTS**

- *"Fuel Charge."* Vendor fuel surcharges are operating overhead passed through to the client. They are not a recognized cost category under § 1920.

- *"Advance Witness Check" ("Adv/Wit Ck") — $15.00 to $40.00.* Statutory witness fees under 28 U.S.C. § 1821 are recoverable only for witnesses who attend proceedings, at $40.00 per day of actual attendance. They are not recoverable as a matter of course on every third-party records subpoena. United has made no showing that any of the recipients for whom witness fee advances were paid attended any proceeding.

### 5. The Impact Investigations Invoice for Service on the Association of Flight Attendants Should be Disallowed

Impact Investigations Invoice No. 3586 reflects a $110.00 flat fee for corporate service of a subpoena on the Association of Flight Attendants, c/o Custodian of Records, in Rosemont, Illinois. The AFA is the union that represented Plaintiff during her employment at United. Parks' Declaration states only that the AFA "represented Plaintiff in her employment at Defendant and had records relevant to the action." Parks Decl. ¶ 3(n). That single conclusory sentence does not establish that subpoenaing Plaintiff's own union for employment records was reasonably required, and United makes no effort to explain what records were sought, whether they were produced, or how they were used. This $110.00 charge should be disallowed.

### 6. Summary

United's $9,015.25 service of process claim fails at two independent levels. First, United's bare assertion that each recipient "had records relevant to the action" does not satisfy the affirmative burden of establishing that each service was "reasonably required" under Local Rule 54-3(a)(2). Second, even as to services that might otherwise be allowable, the invoices are permeated with rush premiums, failed-attempt charges, and administrative add-on fees that are

**PLAINTIFF YINGSING TIEN aka ANGEL TIEN'S OBJECTIONS TO BILL OF COSTS**

categorically not service of process costs. Plaintiff respectfully requests that the Court disallow this category in its entirety, or in the alternative, reduce it substantially to reflect only the reasonable costs of effecting the specific services United can demonstrate were reasonably required.

### C. United's Claimed Deposition Transcript Costs Must Be Reduced to Eliminate Video Fees, Duplicative Charges, and Convenience Premiums

United claims $12,471.57 in deposition transcript costs under Local Rule 54-3(c)(1). While that rule broadly allows "the cost of an original and one copy of any deposition . . . taken for any purpose in connection with the case," it does not authorize unlimited recovery of every charge appearing on a court reporter's invoice. Three categories of the claimed costs fall outside what the rule permits.

#### 1. The $3,587.00 in Video Fees Are Not Recoverable Because United Has Already Claimed the Stenographic Transcript of the Same Depositions

United claims both the full stenographic transcript and a separate video recording fee for each of Plaintiff's two deposition sessions:

- Tien Vol. I: Transcript fees (Invoice 121607, $2,668.80) plus video fees (Invoice 121608, $2,572.00)

- Tien Vol. II: Transcript fees (Invoice 130699, $2,381.87) plus video fees (Invoice 130829, $1,015.00)

Local Rule 54-3(c)(1) allows "the cost of an original and one copy of any deposition (including videotaped depositions)." The parenthetical "(including videotaped depositions)" means that video

23

**PLAINTIFF YINGSING TIEN aka ANGEL TIEN'S OBJECTIONS TO BILL OF COSTS**

depositions are a recognized form of deposition for cost purposes — it does not authorize recovery of both a stenographic transcript and a separate video recording of the same proceeding. The rule allows an original and one copy of the deposition, in one format. United chose to record Plaintiff's depositions in two formats simultaneously and now seeks to recover both. That exceeds what "an original and one copy" permits.

### 2. The Merritt Transcript ($646.80) and Tien Vol II Transcript ($2,381.87) Are Entirely an Expedited Delivery Fee and Should be Disallowed

Invoice 8503538 charges $646.80 for the deposition transcript of Mary Merritt at a rate of $3.30 per page for 196 pages, designated as "Transcript Services - Certified Transcript - Priority Request." The invoice notes "Expedite fee." Critically, there is no base transcript rate charged anywhere on this invoice — the $3.30 per page rate is itself the expedited rate. The entire $646.80 therefore represents a premium United paid for accelerated delivery of Merritt's transcript, not the base cost of the transcript itself. Expedite fees incurred for the convenience of counsel are not recoverable as costs as Civil Local Rule 54-3(c) authorizes "the cost of an original and one copy of any deposition." It does not authorize the cost of an expedited copy. Because United cannot separate a recoverable base transcript cost from the expedite premium — the invoice contains no such separation — the entire $646.80 should be disallowed.

Similarly, Invoice 130699 is also marked "4 day Expedite." United claims the full transcript fee without identifying what portion, if any, represents a premium above standard rates. The burden is on United to demonstrate that the amount claimed reflects the ordinary cost of the transcript, not an inflated expedited rate. Absent that showing, the Court should either disallow

**PLAINTIFF YINGSING TIEN aka ANGEL TIEN'S OBJECTIONS TO BILL OF COSTS**

the Vol. II transcript fee or order United to provide a standard-rate comparison so the expedite premium can be identified and excluded.

### 3. United Cannot Recover for Transcripts of Depositions Taken By Plaintiff Without Demonstrating That Those Transcripts Were Necessarily Obtained "For Any Purpose" in the Case

United claims transcripts for five depositions taken by Plaintiff: Talia Espinoza ($1,262.80), Elizabeth Jacobsen ($807.70), Carlos Rivera Torres ($721.60), Robert Krabbe as PMK ($395.00), and Mary Merritt ($646.80, addressed above). For each of these, the Parks Declaration states only that the witness was "a witness Plaintiff deposed in the action." Parks Decl. ¶ 4(a)–(i). That is the entirety of United's justification.

Local Rule 54-3(c)(1) allows "the cost of an original and one copy" of a deposition. When a party claims the cost of a transcript of a deposition taken by its opponent, it must show that obtaining that transcript served a legitimate purpose in its own litigation of the case — not merely that the deposition occurred. United has made no such showing. It has not identified any motion, brief, or filing in which these transcripts were cited or relied upon by United. It has not explained "any purpose" by which it needed a separate copy of depositions its opponent took. A blanket assertion that a witness was deposed by the other side does not establish that purchasing a duplicate copy of that deposition was a necessary litigation cost.

This is particularly true for the Torres ($721.60) transcript. This deposition was taken by Plaintiff, and this witness is not cited in the Court's summary judgment ruling. *See* Dkt. No. 108. United has offered no basis for the Court to find this transcript was anything other than a precautionary copy obtained for United's convenience.

**PLAINTIFF YINGSING TIEN aka ANGEL TIEN'S OBJECTIONS TO BILL OF COSTS**

## V.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny United Airlines' Bill of Costs in its entirety. In the alternative, Plaintiff requests that the Court disallow or substantially reduce the non-compensable filing fee, the service of process charges permeated with rush premiums and administrative add-ons, and the duplicative video and expedited transcript fees identified in Section IV.

Dated: March 3, 2026                                        **REISNER & KING LLP**

By:     */s/ Adam Reisner*
ADAM REISNER, ESQ.
TESSA KING, ESQ.
Attorneys for PLAINTIFF
YIHSING TIEN aka ANGELA TIEN

**PLAINTIFF YINGSING TIEN aka ANGEL TIEN'S OBJECTIONS TO BILL OF COSTS**