ADAM REISNER, ESQ., (State Bar No. 204351)
adam@reisnerlaw.com
TESSA KING, ESQ., (State Bar No. 251408)
tessa@reisnerlaw.com
**REISNER & KING LLP**
15303 Ventura Blvd., Suite 1260
Sherman Oaks, California 91403
Phone:  (818) 981-0901
Fax:   (818) 981-0902
Attorneys for Plaintiff
**YIHSING TIEN aka ANGELA TIEN**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| YIHSING TIEN aka ANGELA TIEN,<br><br>     Plaintiff,<br><br>  vs.<br><br>UNITED AIRLINES, INC., a California Corporation; Talia Espinoza, an individual; and DOES 1 THOUGH 100, inclusive,<br><br>     Defendants. | Case No.: 4:23-cv-02622-JSW<br><br>**DECLARATION OF TESSA KING, ESQ. IN SUPPORT OF PLAINTIFF'S OBJECTIONS TO COSTS UNDER LOCAL RULE 54-2**<br><br>**[Filed Concurrently with Plaintiff's Objections to Costs Under Local Rule 54-2; Declaration of Plaintiff Angela Tien.; Request for Judicial Notice]**<br><br>**Courtroom: 5, 2nd Floor**<br>**Hon. Jeffrey S. White** |

1

**DECLARATION OF TESSA KING, ESQ. IN SUPPORT OF PLAINTIFF'S OBJECTIONS TO COSTS UNDER LOCAL RULE 54-2**

## <u>DECLARATION OF TESSA KING, ESQ.</u>

I, Tessa King, Esq., declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and am a partner at Reisner & King LLP, attorneys of record for Plaintiff Yihsing (Angela) Tien ("Plaintiff") in the above-captioned action. If called as a witness, I could and would testify competently to the matters set forth herein, which are based upon my personal knowledge. I submit this declaration in support of Plaintiff's Objections to Costs Under Local Rule 54-2.

2. On February 2, 2026, judgment was entered in favor of Defendant United Airlines, Inc. Defendant thereafter filed a Bill of Costs on February 17, 2026, seeking $21,926.34 in costs, including $439.52 in filing and docket fees, $9,015.25 in service of process fees, and $12,471.57 in deposition transcript costs.

3. Pursuant to Civil Local Rules 1-5(n) and 54-2(b), on February 25, 2026, I sent an e-mail to Garrett C. Parks, Esq., counsel for Defendant United Airlines, Inc. requesting that the parties schedule a call for us to meet and confer on the costs objection that Plaintiff intended to file by or before March 3, 2026. That afternoon, Mr. Parks responded to my e-mail and stated that he was available at 4 PM on February 25, 2026, or 2 PM or 4 PM on February 26, 2026. I responded to his e-mail and stated that I would be available at 4 PM on February 25, 2026

**DECLARATION OF TESSA KING, ESQ. IN SUPPORT OF PLAINTIFF'S OBJECTIONS TO COSTS UNDER LOCAL RULE 54-2**

and I called Mr. Parks at that time to meet and confer. A true and correct copy of the e-mail correspondence regarding scheduling our meet and confer call is attached hereto as **Exhibit A**.

4.   During our meet and confer call, I informed Mr. Parks that Defendant was not entitled to any costs under prevailing and prevalent legal authority. This included under the Fair Employment and Housing Act's ("FEHA") statute, Cal. Gov. Code Sec. 12965 and the 9th Circuit's ruling in Green v. Mercy Housing, Inc., 991 F.3d 1056 (2021). In Green, the 9th Circuit Court of Appeals held that a Plaintiff bringing a suit under FEHA should not be assessed fees or costs unless the court determines that Plaintiff's claim is frivolous, unreasonable, or groundless. Here, Plaintiff's suit was not frivolous, unreasonable, or groundless. An action is not unreasonable or groundless simply because plaintiff ultimately lost: "Even when the law or the facts appear questionable or unfavorable at the outset, a plaintiff may have an entirely reasonable ground for bringing the suit." Christiansburg Garment Co. v. EEOC 434 US 412, 421, (1978); Attorney Fees, Cal. Prac. Guide Employment Litigation Ch. 17-H.

5.   I also informed Mr. Parks, as identified in my initial meet and confer email, that Defendant was also not entitled to costs including but not limited to (1) because of the substantial public importance of the case, (2) the chilling effect on future similar actions; (3) the Plaintiff's limited resources, (4) the economic disparity

3

**DECLARATION OF TESSA KING, ESQ. IN SUPPORT OF PLAINTIFF'S OBJECTIONS TO COSTS UNDER LOCAL RULE 54-2**

between the parties; and (5) the costs not being recoverable and/or excessive. I informed Mr. Parks that Defendant was requesting excessive/not recoverable costs including of excessive *21* document subpoenas served to third parties as they were not reasonably necessary to conduct the litigation.

6. After our phone call, I sent a follow up e-mail to Mr. Parks. A true and correct copy of my e-mail to Mr. Parks regarding our meet and confer telephone conversation is attached hereto as **Exhibit B**. Mr. Parks responded by claiming that Defendant's 21 subpoenas were needed because Plaintiff had put her medical condition at issue, yet did not specifically describe how each subpoena, including the employment subpoenas and records Defendant charged for, were reasonably necessary to conduct the litigation, nor did Mr. Parks address the overbreadth of the subpoenas in terms of time or scope.

7. Today, on March 3, 2026, in the afternoon when Plaintiff's Objections to the Costs memorandum  is due, and after Plaintiff had to spend her time and resources in finalizing her Objections to the Cost bill, Defendant offered to lower its costs to $5,000.00. It is unclear what terms, if any, that Defendant's last minute offer is contingent upon before the deadline for Plaintiff to file her Objections to the Costs.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

4

**DECLARATION OF TESSA KING, ESQ. IN SUPPORT OF PLAINTIFF'S OBJECTIONS TO COSTS UNDER LOCAL RULE 54-2**

Executed on March 3, 2026, 2026, at Sherman Oaks, California.


By:    */s/ Tessa King, Esq.*
TESSA KING, ESQ.
Attorneys for PLAINTIFF

5

**DECLARATION OF TESSA KING, ESQ. IN SUPPORT OF PLAINTIFF'S OBJECTIONS TO COSTS UNDER LOCAL RULE 54-2**

# EXHIBIT A

## Tessa King

| | |
|---|---|
| **From:** | Tessa King <tessa@reisnerlaw.com> on behalf of Tessa King |
| **Sent:** | Wednesday, February 25, 2026 1:32 PM |
| **To:** | Parks, Garrett C.; Gehrke, Michele Haydel; re@eaklaw.com; Ellis, Karen; Shafer, Ashley E. |
| **Cc:** | Adam Reisner; Kenzo Capilitan; Lorina Jasso |
| **Subject:** | RE: Tien v. United Airlines: Meet and Confer on Costs |

Thank you, Garrett. I can call you at 4 today. Please provide the best number to reach you at.

**From:** Parks, Garrett C. <GParks@reedsmith.com>
**Sent:** Wednesday, February 25, 2026 1:20 PM
**To:** Tessa King <tessa@reisnerlaw.com>; Gehrke, Michele Haydel <MGehrke@reedsmith.com>; re@eaklaw.com; Ellis, Karen <KEllis@ReedSmith.com>; Shafer, Ashley E. <AShafer@reedsmith.com>
**Cc:** Adam email <adam@reisnerlaw.com>; Kenzo <kenzo@reisnerlaw.com>; Lorina <lorina@reisnerlaw.com>
**Subject:** RE: Tien v. United Airlines: Meet and Confer on Costs

Hi Tessa,

I'm available at 4pm PST today, 2pm PST tomorrow, or 4pm PST tomorrow.

Thanks,
Garrett

**Garrett Parks**
**Reed Smith**

**reedsmith.com**

**From:** Tessa King <tessa@reisnerlaw.com>
**Sent:** Wednesday, February 25, 2026 10:34 AM
**To:** Parks, Garrett C. <GParks@reedsmith.com>; Gehrke, Michele Haydel <MGehrke@reedsmith.com>; re@eaklaw.com; Ellis, Karen <KEllis@ReedSmith.com>; Shafer, Ashley E. <AShafer@reedsmith.com>
**Cc:** Adam email <adam@reisnerlaw.com>; Kenzo <kenzo@reisnerlaw.com>; Lorina <lorina@reisnerlaw.com>
**Subject:** Tien v. United Airlines: Meet and Confer on Costs

External E-Mail - FROM Tessa King <tessa@reisnerlaw.com>

Dear Counsel,

Pursuant to local rule 1-5(o), please provide a time today or tomorrow for a call for us to meet and confer on the costs memorandum Defendant filed. The reasons for denying Costs to Defendant includes but is not limited to: (1) This is a FEHA case; (2) the substantial public importance of the case; (3) the closeness and difficulty of the issues in the case; (4) the chilling effect on future similar actions; (5) the plaintiff's limited financial resources; (6) the economic disparity between the parties; and (7) costs not recoverable and/or excessive.

Thank you,

Tessa

1

Tessa King **|** Attorney
## REISNER & KING LLP
Sherman Oaks Galleria
15303 Ventura Blvd. Suite 1260
Sherman Oaks, CA  91403
*tessa@reisnerlaw.com* **|** *www.reisnerking.com*
Phone: (818) 981-0901  **|**  Fax: (818) 981-0902

***PRIVILEGED & CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATIONS AND WORK PRODUCT -*** *This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, or have been inadvertently and erroneously referenced in the address line, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately and delete all copies of the message*

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

RSUSv12021

# EXHIBIT B

**Tessa King**

| | |
|---|---|
| **From:** | Tessa King <tessa@reisnerlaw.com> on behalf of Tessa King |
| **Sent:** | Wednesday, February 25, 2026 5:24 PM |
| **To:** | Parks, Garrett C.; Gehrke, Michele Haydel; re@eaklaw.com; Ellis, Karen; Shafer, Ashley E. |
| **Cc:** | Adam Reisner; Kenzo Capilitan; Lorina Jasso |
| **Subject:** | RE: Tien v. United Airlines: Meet and Confer on Costs |

Hi Garrett,

As I discussed with you over the phone, Defendant is not entitled to any costs-meaning zero under prevailing and prevalent case law. This includes under FEHA Cal. <u>Gov. Code</u> Sec. 12965, the Supreme Court's ruling in <u>Christianburg</u>, and the 9th Circuit's ruling in <u>Green v. Mercy Housing, Inc.,</u> 991 F.3d 1056 (2021).

Defendant is not entitled to any costs because this is a FEHA action that was not frivolous, unreasonable, or groundless. If you have any case law to the contrary, please provide. I also went through other factors with you listed in my prior email as to why no costs can be awarded.

Unfortunately, although you stated you were available for our call today at 4, when I called you, you did not have Defendant's Bill of Costs or any papers in front of you and stated you would need to look at the papers to answer some questions, such as whether any expedited fees were charged. You also stated you did not have a pen or any way to write down the cases I spoke to you over the phone about. I told you I would wait on the phone until you were able to retrieve a writing utensil, but you declined.

As also discussed, Defendant's costs are excessive, including the 21 subpoenas that Defendant issued in this matter. These subpoenas were not reasonably necessary to conduct the litigation. Please provide why Defendant believes each of the 21 subpoenas were reasonable and necessary including as the scope was overly broad.

As also discussed with you, if your client has some other offer on costs, please let me know and of course, I will take it to the client.

Thank you,

Tessa

**From:** Parks, Garrett C. <<u>GParks@reedsmith.com</u>>
**Sent:** Wednesday, February 25, 2026 4:40 PM
**To:** Tessa King <<u>tessa@reisnerlaw.com</u>>; Gehrke, Michele Haydel <<u>MGehrke@reedsmith.com</u>>; <u>re@eaklaw.com</u>; Ellis, Karen <KEllis@ReedSmith.com>; Shafer, Ashley E. <<u>AShafer@reedsmith.com</u>>
**Cc:** Adam email <<u>adam@reisnerlaw.com</u>>; Kenzo <<u>kenzo@reisnerlaw.com</u>>; Lorina <<u>lorina@reisnerlaw.com</u>>
**Subject:** RE: Tien v. United Airlines: Meet and Confer on Costs

Thank you for the call, Tessa. If you'd like our client to consider your arguments to support a $0 offer to compromise on the cost bill, please send us the authority you intend to rely on so that we may discuss it to our client. The sooner the better, so that we can meaningfully explore resolving this without unnecessary, wasteful motion practice.

1

I'm also back at my home office now and have a pen and can write down notes and such on the information and authority you send over.

Happy to continue making myself available when you request a call as well.

Garrett

**Garrett Parks**
**Reed Smith**

**reedsmith.com**

---

**From:** Parks, Garrett C.
**Sent:** Wednesday, February 25, 2026 2:20 PM
**To:** Tessa King <tessa@reisnerlaw.com>; Gehrke, Michele Haydel <MGehrke@reedsmith.com>; re@eaklaw.com; Ellis, Karen <KEllis@ReedSmith.com>; Shafer, Ashley E. <AShafer@reedsmith.com>
**Cc:** Adam email <adam@reisnerlaw.com>; Kenzo <kenzo@reisnerlaw.com>; Lorina <lorina@reisnerlaw.com>
**Subject:** RE: Tien v. United Airlines: Meet and Confer on Costs

Hi Tessa,

I'm available at 4pm PST today, 2pm PST tomorrow, or 4pm PST tomorrow.

Thanks,
Garrett

**Garrett Parks**
**Reed Smith**

**reedsmith.com**

---

**From:** Tessa King <tessa@reisnerlaw.com>
**Sent:** Wednesday, February 25, 2026 10:34 AM
**To:** Parks, Garrett C. <GParks@reedsmith.com>; Gehrke, Michele Haydel <MGehrke@reedsmith.com>; re@eaklaw.com; Ellis, Karen <KEllis@ReedSmith.com>; Shafer, Ashley E. <AShafer@reedsmith.com>
**Cc:** Adam email <adam@reisnerlaw.com>; Kenzo <kenzo@reisnerlaw.com>; Lorina <lorina@reisnerlaw.com>
**Subject:** Tien v. United Airlines: Meet and Confer on Costs

External E-Mail - FROM Tessa King <tessa@reisnerlaw.com>

Dear Counsel,

Pursuant to local rule 1-5(o), please provide a time today or tomorrow for a call for us to meet and confer on the costs memorandum Defendant filed. The reasons for denying Costs to Defendant includes but is not limited to: (1) This is a FEHA case; (2) the substantial public importance of the case; (3) the closeness and difficulty of the issues in the case; (4) the chilling effect on future similar actions; (5) the plaintiff's limited financial resources; (6) the economic disparity between the parties; and (7) costs not recoverable and/or excessive.

Thank you,

Tessa