ADAM REISNER, ESQ., (State Bar No. 204351)
TESSA KING, ESQ., (State Bar No. 251408)
**REISNER & KING LLP**
15303 Ventura Blvd., Suite 1260
Sherman Oaks, California 91403
Phone:       (818) 981-0901
Fax:   (818) 981-0902
Attorneys for Plaintiff
**YIHSING TIEN aka ANGELA TIEN**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| YIHSING TIEN aka ANGELA TIEN,<br><br>       Plaintiff,<br><br>    vs.<br><br>UNITED AIRLINES, INC., a California Corporation; Talia Espinoza, an individual; and DOES 1 THOUGH 100, inclusive,<br><br>       Defendants. | Case No.: 4:23-cv-02622-JSW<br><br>**DECLARATION OF PLAINTIFF YIHSING TIEN aka ANGELA TIEN IN SUPPORT OF PLAINTIFF'S OBJECTIONS TO COSTS UNDER LOCAL RULE 54-2**<br><br>**[Filed Concurrently with Plaintiff's Objections to Costs Under Local Rule 54-2; Declaration of Tessa King, Esq.; Request for Judicial Notice]**<br><br>**Courtroom: 5, 2nd Floor**<br>**Hon. Jeffrey S. White** |

1

**DECLARATION OF PLAINTIFF YIHSING TIEN aka ANGELA TIEN IN SUPPORT OF PLAINTIFF'S OBJECTIONS TO COSTS UNDER LOCAL RULE 54-2**

## DECLARATION OF YIHSING (ANGELA) TIEN

I, Yihsing (Angela) Tien, declare as follows:

1. I am the Plaintiff in the above-captioned action. I am 51 years old and reside in Daly City, California. If called as a witness, I could and would testify competently to the matters set forth herein as they are based upon my personal knowledge. I make this Declaration in support of Plaintiff's Objections to Costs Under Local Rule 54-2.

2. I brought this action to vindicate my civil rights under the Fair Employment and Housing Act ("FEHA") and California Family Rights Act ("CFRA"). It is my understanding that the California Legislature enacted FEHA and CFRA in recognition of the fundamental public policy against employment discrimination based on race, national origin, disability, medical leave, and other protected characteristics. That policy depends upon individual employees like me being willing and able to come forward to enforce their rights. I understood when I filed this lawsuit that I was exercising rights the law deems to be of the highest public importance — rights that exist not only for my own benefit, but for the benefit of all employees who face discrimination in the workplace. Imposing a costs award of this magnitude on an unemployed plaintiff of limited means would have a serious chilling effect on civil rights enforcement, punishing individuals like me for exercising the very rights the California Legislature has declared paramount.

2

**DECLARATION OF PLAINTIFF YIHSING TIEN aka ANGELA TIEN IN SUPPORT OF PLAINTIFF'S OBJECTIONS TO COSTS UNDER LOCAL RULE 54-2**

3.  I am currently unemployed and have no income from employment. Since the conclusion of this litigation, I have had no salary, wages, or other regular source of income.

4.  I own a studio condominium in Daly City, California. Although the property may appear on paper to have been purchased in cash — because my mortgage is through a bank in Taiwan rather than a United States lender — I still owe in excess of $200,000 to that bank. My monthly mortgage payment fluctuates between approximately $1,700 and $2,000 per month due to currency exchange rate and interest rate fluctuations.

5.  In addition to my mortgage, I pay a monthly homeowners association fee of $466.16. My annual property tax is approximately $4,200. My combined monthly expenses for electricity, car insurance, cellular telephone service, and internet total approximately $250. I am presently facing an estimated $1,500 in repair costs arising from a water leak that caused damage to the ceiling of my neighbor's unit below.

6.  My only vehicle is a 2017 Honda Civic with approximately 25,737 miles. While it remains operational, it has cosmetic damage to the front bumper and deep scuffs on the rear body panel. It is my sole means of transportation and carries no meaningful resale value above any outstanding obligations.

7.  I have no other regular source of financial support. I am not married, and I receive no financial support from any other person or entity. In October of last year,

3

**DECLARATION OF PLAINTIFF YIHSING TIEN aka ANGELA TIEN IN SUPPORT OF PLAINTIFF'S OBJECTIONS TO COSTS UNDER LOCAL RULE 54-2**

I earned $500 as a day trader through a proprietary trading firm. However, I also incurred approximately $700 in related expenses, including evaluation account fees and account activation fees charged by prop firms, as well as ongoing platform subscription costs for TradingView and Tradovate. I have performed well only in paper trading; my instructor has explained that this is common because live trading involves levels of stress and pressure that only a small number of traders ever manage consistently. I cannot represent to this Court that day trading will provide reliable income in any foreseeable timeframe sufficient to satisfy a costs award of this size.

8. My investment portfolio generated $2,991.02 in dividend income last year, largely from a single long-term holding that has become my primary financial lifeline. Most of my remaining portfolio positions have experienced significant losses, including a long-term cryptocurrency account that sustained substantial declines. My financial situation has been further strained by family obligations abroad. Last year, both of my elderly parents — aged 83 and 81 — were hospitalized separately for serious medical conditions. My mother's distress has been compounded by watching her cousin's apartment fall into foreclosure due to monthly medical expenses ranging from $1,300 to $3,000. To ease their suffering and ensure they would not lose their home, I sold a portion of my long-term stock holdings and sent them sufficient funds to cover at least one year of necessities and

**DECLARATION OF PLAINTIFF YIHSING TIEN aka ANGELA TIEN IN SUPPORT OF PLAINTIFF'S OBJECTIONS TO COSTS UNDER LOCAL RULE 54-2**

potential medical emergencies. I continue to pay their mortgage, so they do not face the fear of foreclosure.

9. In 2025, my only employment income came from a subsequent position I obtained with American Airlines. Attached hereto as **Exhibit A** is a true and correct copy of my 2025 W-2 from American Airlines, reflecting total wages of $5,500. That figure represents the entire period of my employment with American Airlines. I have not been employed since. In total, my 2025 realized income from all sources was approximately $9,000. I am operating at a deficit, not from a position of financial strength.

10. If I am ordered to liquidate my investment holdings to pay a bill of costs immediately, I will be deprived of the only source of income currently sustaining my daily life. I am not financially able to absorb a costs award of $21,926.34 without serious and potentially devastating consequences to my financial stability.

11.  I have no person, business, or organization that owes me money, and I have no other assets of significance.

///

**DECLARATION OF PLAINTIFF YIHSING TIEN aka ANGELA TIEN IN SUPPORT OF PLAINTIFF'S OBJECTIONS TO COSTS UNDER LOCAL RULE 54-2**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ____March 3____, 2026, at ____Daly City____, California.

DocuSigned by:

Y. Lig

A3251D854DD9483...

**Yihsing (Angela) Tien**
Plaintiff

**DECLARATION OF PLAINTIFF YIHSING TIEN aka ANGELA TIEN IN SUPPORT OF PLAINTIFF'S OBJECTIONS TO COSTS UNDER LOCAL RULE 54-2**

Docusign Envelope ID: 51662297-EB76-47E8-8A58-9F9DCF013653

# EXHIBIT A

## 2025 W-2 and EARNINGS SUMMARY

This summary section is included with your W-2 to help describe this portion in more detail. The reverse side includes general information that you may also find helpful. The following reflects your final pay stub, plus any adjustments made by your employer.

| | | | |
|---|---|---|---|
| GROSS PAY | 5,511.91 | SOCIAL SECURITY TAX WITHHELD BOX 04 OF W-2 | 341.06 |
| FED. INCOME TAX WITHHELD BOX 02 OF W-2 | 523.65 | MEDICARE TAX WITHHELD BOX 06 OF W-2 | 79.76 |
| STATE INCOME TAX BOX 17 OF W-2 | 101.06 | SUI/SDI BOX 14 OF W-2 | 0.00 |
| LOCAL INCOME TAX BOX 19 OF W-2 | 0.00 | | |

To change your employee W-4 profile information file a new W-4 with your payroll department

Social Security Number:

YIHSING  TIEN

© 2025 ADP, Inc.    Fold and Detach Here    PAGE 1 OF 1

---

**Employee Reference Copy**

**W-2** Wage and Tax Statement **2025**
Copy C for employee's records.    OMB No. 1545-0029

| d Control number | Dept. | Corp. | Employer use only |
|---|---|---|---|
| 0000180046  V05 | | BG95 | E S 93160 |

c Employer's name, address, and ZIP code
AMERICAN AIRLINES INC
4000 E SKY HARBOR BLVD
PHX-RWE-PAY
PHOENIX, AZ 85034

e/f Employee's name, address, and ZIP code
YIHSING  TIEN

| b Employer's FED ID number | a Employee's SSA number |
|---|---|
| 13-1502798 | |
| 1 Wages, tips, other comp. 5351.47 | 2 Federal income tax withheld 523.65 |
| 3 Social security wages 5500.96 | 4 Social security tax withheld 341.06 |
| 5 Medicare wages and tips 5500.96 | 6 Medicare tax withheld 79.76 |
| 7 Social security tips | 8 Allocated tips |
| 9 | 10 Dependent care benefits |
| 11 Nonqualified plans | 12a See instructions for box 12   C   3.46 |
| 14 Other   61.50  UNION DUES | 12b D  149.49 |
| | 12c L  871.36 |
| | 12d DD  76.91 |
| | 13 Stat. emp. | Ret. plan X | 3rd party sick pay |
| 15 State  CA   Employer's state ID no. 016-0027   9 | 16 State wages, tips, etc. 5351.47 |
| 17 State income tax 101.06 | 18 Local wages, tips, etc. |
| 19 Local income tax | 20 Locality name |