UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

YIHSING TIEN AKA ANGELA TIEN,

Plaintiff,

v.

UNITED AIRLINES, INC.,

Defendant.

Case No. 23-cv-02622-JSW

**ORDER GRANTING MOTION FOR REVIEW OF TAXATION OF COSTS**

Re: Dkt. No. 115

This matter comes before the Court upon consideration of the motion for review of taxation of costs filed by Plaintiff.  The Court has considered the parties' papers, relevant legal authority, and the record in this case and HEREBY GRANTS Plaintiff's motion.

**BACKGROUND**

On February 2, 2026, the Court granted, in part, Defendant's motion for summary judgment.  On February 17, 2026, Defendant filed its bill of costs and claimed costs in the amount of $21,926.34.  Plaintiff filed a timely objection and argued the Clerk should not impose any costs.  She also objected to $37.52 for filing fees and $9,015.25 for service of process.  On March 10, 2026, the Clerk sustained Plaintiff's specific objections and taxed costs in the amount of $12,516.47.  Plaintiff now asks the Court to exercise its discretion and decline to impose the remaining costs.  The Court will address additional facts as necessary in the analysis.

**ANALYSIS**

Federal Rule of Civil Procedure 54(d)(1) provides that "costs - other than attorneys' fees - should be allowed to the prevailing party."  Accordingly, "Rule 54(d) creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003) (citing *Stanley*

*v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999)).  The Court "need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *Id.* at 945.  The Court may refuse to award costs to a prevailing party on several recognized grounds, including, but not limited to, the losing party's limited financial resources, the importance and complexity of the issues, the merit of the plaintiff's case, even if the plaintiff loses, and the chilling effect on future civil rights litigants of imposing high costs. *See id*. (internal citations omitted).

Plaintiff attests she is unemployed and has no salary or other regular source of income or financial support.  (Dkt. No. 112-2, Declaration of Yihsing Tien, ¶¶ 3, 7.)  Defendant does not dispute Plaintiff's financial means are limited.  It argues the equities are only one factor to consider.  Although Plaintiff did not prevail, the Court did not accept Defendant's preemption arguments wholeheartedly, even on summary judgment.  Accordingly, due to Plaintiff's limited means, the issues raised in the litigation reflecting the public interest, and the potential of chilling important civil rights litigation, the Court GRANTS Plaintiff's motion for review of taxation of costs. *See, e.g., Stanley*, 178 F.3d at 1079-80.

**IT IS SO ORDERED**.

Dated: April 22, 2026

_____
JEFFREY S. WHITE
United States District Judge